FILED

2004 SEP 20 A 9: 56

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO

_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG, Plaintiffs, v. NIBCO, INC., an Indiana Corporation, Defendant. | CIV- F-99-6443 AWI SMS<br><br>ORDER ON DEFENDANT'S MOTION TO REINSTATE STAY |

On September 17, 2002, this Court filed an Order granting a partial stay of proceedings until resolution of an interlocutory appeal by Defendant. See September 17, 2002, Order Granting Partial Stay (attached hereto as Appendix A). On April 13, 2004, the Ninth Circuit issued an opinion that affirmed the action of the Magistrate Court and this Court. See Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004).

Prior to the Ninth Circuit's opinion, Defendant submitted regular status reports to this Court. On May 18, 2004, Defendant submitted a status report informing this Court that Defendant had filed a motion for hearing or rehearing en banc with the Ninth Circuit. However, before the Court received notice of the motion for hearing or rehearing en banc, it issued an order on May 18, 2004, lifting the stay and requiring the parties to report to the Magistrate Judge in

order to set a new scheduling order. In light of Defendant's motion for hearing or rehearing en banc, the Magistrate Judge did not issue a new scheduling order and suggested that a motion to reinstate the partial stay be filed. August 4, 2004, Declaration of Sara Hedgpeth-Harris at ¶ 3.

A motion for hearing or rehearing en banc prevents mandate from issuing. See Fed. R. App. Pro. 41(d)(1). In light of the motion for hearing or rehearing en banc, the Ninth Circuit may issue a new opinion to replace the current opinion of Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004). This Court's September 17, 2002, Partial Stay Order stayed certain proceedings until resolution of the interlocutory appeal. See Appendix A at 4. The Ninth Circuit has not resolved the interlocutory appeal and the order lifting stay was premature. Because the interlocutory appeal has not been resolved by the Ninth Circuit, the reasoning behind the initial order granting partial stay is still applicable and Plaintiffs have not made a strong showing that reinstating the stay would produce irreparable injury.[1] See Appendix A; CMAX v. Hall, 300 F.2d 265, 268-69 (9th Cir. 1962). Because the initial stay, by its own terms, should not have been lifted, reinstatement of the partial stay is appropriate. See Appendix A; CMAX v. Hall, 300 F.2d at 268-69.

Accordingly, it is HEREBY ORDERED that Defendant's Motion to Reinstate the September 17, 2002, Order Granting Partial Stay is GRANTED.

DATED: 9-20-04

ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs cite several cases for the proposition that delay creates a rebuttable presumption of harm. However, those cases do not discuss the reinstatement of a stay pending the resolution of an interlocutory appeal. Rather, they are discussing either the defense of laches, see Jackson v. Axton, 25 F.3d 884, 886-89 (9th Cir. 1994); Boone v. Mechanical Specialities, 609 F.2d 956, 958 (9th Cir. 1979), dismissal for lack of prosecution, see Pearson v. Dennison, 353 F.2d 24, 27-28 (9th Cir. 1965), or the imposition of sanctions for violations of local rules, see Zambrano v. City of Tucson, 885 F.2d 1473, 1475-77 (9th Cir. 1989). Additionally, this is not a situation as in Landis v. North American Co., 299 U.S. 248 (1936). Landis involved one district court in the District of Columbia staying proceedings in its case until the United States Supreme Court issued an opinion in a different case that was then pending in a New York district court. See id. at 250-53. The facts of Landis are not those of this case.

2

**APPENDIX A**

FILED

2002 SEP 17 P 2: 27

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
        DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, et al., | CV F 99-6443 AWI SMS |
| Plaintiffs, | ORDER GRANTING MOTION FOR PARTIAL STAY |
| v. | |
| NIBCO, INC., et al., | |
| Defendants. | |

This is an employment discrimination action. On June 18, 2001, the Magistrate Judge entered an Order Granting Plaintiff's Motion for Protective Order. Defendant filed a motion for reconsideration of the Magistrate Judge's order, which the court denied in an order entered December 21, 2001. Defendant moved for an order amending the order of December 21, 2001, to state that the order involved a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. Defendant also moved the court to certify the amended order for interlocutory appeal pursuant to 28 U.S.C. section 1292(b). In an order entered May 2, 2002, the court certified the order of December 21, 2001, for interlocutory appeal. On August 6, 2002, the United States Court of Appeals for the Ninth Circuit granted Defendant's petition for interlocutory appeal.

Defendant now moves for a partial stay of this action pending resolution of the

interlocutory appeal. Specifically, Defendant seeks a stay of the deadline for dispositive motions, the pretrial conference and the trial. Defendant requests that the court order the parties to proceed with expert disclosure and discovery, was well as non-dispositive motions, relating to issues beyond the scope of the appeal. Additionally, Defendant requests that the court order the parties to proceed with settlement discussions, including a settlement conference to be held pending appeal, and preferably within thirty days of initial expert designation.

The court finds that it has authority to issue the stay requested by Defendants based on Rule 8(a), Federal Rules of Appellate Procedure, which provides in part that a party must ordinarily move first in the district court for "a stay of the judgment or order of a district court pending appeal." In CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962), the Ninth Circuit explained as follows:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. See Landis v. North American Co., 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153.
> Where the district court, upon a consideration of such factors, grants a stay, such action may be tested in this court by way of mandamus. See Chronicle Publishing Co. v. National Broadcasting Co., 9 Cir., 294 F.2d 744. But mandamus is a drastic remedy to which resort should be had only in extraordinary cases. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290. The granting of such a writ is discretionary with this court, and such relief will not be accorded when to do so would work a substantial hardship on the affected parties. United States v. Carter, 9 Cir., 270 F.2d 521, 524. Even where hardship will not result from the granting of a writ, this will not be done except upon a strong showing that the district court has abused its discretion. Chronicle Publishing Co. v. National Broadcasting Co., 294 F.2d at 747.

In weighing the competing interests of the parties for the purposes of the present motion, the court finds that the risk of possible damage which may result from the granting a

2

the requested stay is minimal. While Plaintiffs contention that the stay would result in irreparable injury to them based on the delay in the trial, many methods exist for preserving the witnesses' testimony. Further, the court finds that Defendant will suffer some economic hardship if the stay is denied and the case proceeds, only to have the Ninth Circuit reverse this court's prior order on interlocutory appeal. The court does not however, find this hardship alone to be determinative. In the order granting Defendant's request for certification for interlocutory appeal, this court held as follows:

> In In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) the Court of Appeals for the Ninth Circuit held that the certification requirements of the statute are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."
> "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. The court finds that in the present case, the court's order of December 21, 2001, addresses the issue of to what extent Defendants can determine each Plaintiff's potential remedies in this case through the discovery process. The outcome of this issue affects the remedies to which Plaintiffs may be entitled should they prevail. The court finds, therefore, that the resolution of the issue could materially affect the outcome of this litigation.
> The court further finds that there is substantial ground for a difference of opinion in this case. Specifically, there is no Ninth Circuit authority addressing the issue of whether the Immigration Reform and Control Act ("IRCA") prohibits defendants from inquiring into the legality of plaintiffs' working in the United States through the civil discovery process and whether the IRAC prohibits Defendants from applying the after-acquired evidence doctrine to determine Plaintiffs' legal remedies.
> Finally, the court finds that an immediate appeal of the court's order of December 21, 2001, will speed the final resolution of this lawsuit. The resolution of the issues in dispute will determine Plaintiffs' ability to recover on their claims for front pay and reinstatement, one of their primary claims in this action. Thus, resolution of the issues will greatly facilitate the efficient handling of this case. Further, Defendants estimate that the trial in this case will last three to four months, and anticipate appealing the court's Order of December 21, 2001, after final judgment, if necessary. In the event that the Court of Appeals reverses this court's decision, discovery will have to be reopened and a significant amount of time and resources will have been wasted in trying the case. Finally, Defendants' suggest that appellate resolution of the extent that they can inquire about Plaintiffs' alleged damages could encourage a settlement.

It is the factors listed in language quoted above, particularly that in the last paragraph, that the court finds determinative on the present motion for a stay. That is, the court finds that in light of the facts that the appeal concerns a controlling issue of law and that resolution of that

3

issue will greatly facilitate the efficient handing of this case as explained above, the stay requested by Defendant is warranted.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The deadline for the filing of dispositive motions is STAYED pending further order of this court.

2) The currently scheduled pretrial conference is STAYED pending further order of this court.

3) The currently scheduled trial is STAYED pending further order of this court.

4) The parties shall immediately confer regarding a date and then contact the chambers of Magistrate Judge Sandra M. Snyder to arrange a scheduling conference to set new dates for limited expert designation, expert discovery and non-dispositive motions, with the exception of experts and expert discovery pertaining to damages and subject to reopening, redesignation and/or supplemental designation upon resolution of the appeal. The parties shall also discuss with Magistrate Judge Snyder their willingness to have a settlement conference and, if possible, set a date for such a conference.

5) Defendant shall file and serve on opposing counsel a status report in regard to the interlocutory appeal thirty (30) days after the date of service of this order and every thirty days thereafter.

6) Immediately after the resolution of the interlocutory appeal, the parties shall contact opposing counsel and arrange for a scheduling conference before Magistrate Judge Snyder as expeditiously as possible. The dates for any further discovery, dispositive motions and trial shall then be set, each at the earliest possible date.

DATED: 9-17-02

ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

4

```
                  United States District Court
                           for the
                  Eastern District of California
                       September 20, 2004


                  * * CERTIFICATE OF SERVICE * *

                                       1:99-cv-06443


    Rivera

       v.

    Nibco Inc
```

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on September 20, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
                        AWI SMS
        Brad Yamauchi
        Minami Lew and Tamaki
        360 Post Street
        Eighth Floor
        San Francisco, CA   94108-4903

        Marielena Hincapie
        National Immigration Law Center
        405 14th Street
        Suite 1400
        Oakland, CA   94612-2707

        Joannie Chang
        Asian Law Caucus
        939 Market Street
        Suite 201
        San Francisco, CA   94103

        William J Smith
        Law Offices of William J Smith
        2350 West Shaw Avenue
        Suite 132
        Fresno, CA   93711

        Christopher Vincent Ho
        Employment Law Center
```

Legal Aid Society of San Francisco
600 Harrison Street
Suite 120
San Francisco, CA  94107

Howard Alan Sagaser
Sagaser Hansen Franson and Jamison
P O Box 1632
2445 Capitol Street
2nd Floor
Fresno, CA  93721

Howard Alan Sagaser
Sagaser Franson and Jones
PO Box 1632
2445 Capitol Street
Second Floor
Fresno, CA  93717-1632

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk