Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY --
    EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 1850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG, <br><br> Plaintiffs, <br><br> v. <br><br> NIBCO, INC., an Indiana corporation, <br><br> Defendant. | No. CIV F-99-6443 OWW SMS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 21 SEEKING TO PROHIBIT STATISTICAL EVIDENCE THAT MAY INCLUDE INDIVIDUALS NOT AUTHORIZED TO WORK IN THE UNITED STATES** <br><br> Date:  September 19, 2008 <br> Time:  12:00 p.m. <br> Ctrm:  3 <br><br> [Hon. Oliver W. Wanger] <br><br> Trial Date:  October 7, 2008 |

**INTRODUCTION**

Plaintiffs challenge defendant's employment practices, including its Z test, and seek to show at trial that the selection device imposed an unlawful disparate impact on the basis of national origin under California's Fair Employment and Housing Act (FEHA) and Title VII.  Despite the Ninth Circuit's ruling in *Rivera v. NIBCO, Inc.*, and this Court's extant protective order, defendant NIBCO requests that this Court require plaintiffs to disclose their immigration status before their expert may present statistical evidence of disparate impact based on national origin.  (*See* Defendant's Motion *in Limine* No. 21, at 5 ("The Plaintiffs have failed to produce evidence from the Social Security Administration that they were all eligible to work at the recent time…. As such, Plaintiffs' statistical evidence should be prohibited…. At a very minimum, Plaintiffs statistical evidence should be prohibited unless there is a foundation that each person in the comparison group was entitled to work in the United States, and thus qualified to be in the group.").  The Ninth Circuit has already ruled that plaintiffs' immigration status has no bearing on the determination whether Defendant engaged in national origin discrimination.  Because that ruling is the law of the case, this Court should reject Defendant's renewed attempt to require Plaintiffs to disclose this irrelevant information.

**ARGUMENT**

Defendant asserts that the statistical evidence proffered by Plaintiffs' expert William Lepowsky should be prohibited because his data may include individuals who were not qualified to work in the United States.  Defendant alternatively argues that the statistical evidence should only be allowed if Plaintiffs first establish a foundation that each person in the comparison group was authorized to work in the United States.

Through its motion, Defendant seeks to relitigate an issue that has already been decided in this case.  In *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), the Ninth Circuit upheld a protective order prohibiting NIBCO from inquiring into the Plaintiffs' immigration status and eligibility for employment.  The Court expressly held that whether Plaintiffs were authorized to work was "not relevant to determining whether [NIBCO] has violated Title VII."  364 F.3d at 1069.

The determination that Plaintiffs' immigration status is irrelevant to Defendant's liability for national origin discrimination is the "law of the case" and cannot be reconsidered unless one of three

"exceptional circumstances" exists: (1) substantially different evidence is raised on subsequent trial; (2) a subsequent contrary view of the law is decided by the controlling authority; or (3) a decision is clearly erroneous and would work a manifest injustice. *Kimball v. Callahan,* 590 F.2d 768 (9th Cir. 1979). None of those circumstances exist here.

Defendant itself acknowledges in the Joint Pre-Trial Conference Statement of August 4, 2008 that "Plaintiffs successfully moved for a protective order which precluded NIBCO from questioning them about [immigration] matters, among others." *See* Joint Pre-Trial Conference Statement of August 4, 2008 at 106. Defendant's Motion in Limine attempts to circumvent the extant protective order.

NIBCO disingenuously argues that because Plaintiffs have agreed that individuals who were not entitled to work will not seek back pay, these same individuals should also be excluded from "statistics for determining whether to find a disparate impact." Def.'s Motion in Limine No. 21 at p. 6. To the contrary, as the Ninth Circuit held, even assuming immigration status affects the remedies available to Plaintiffs, it is simply not relevant to the determination whether Defendant engaged in national origin discrimination. *Id.* at 1072. In fact, the bifurcation procedure adopted by this Court expressly prevents the jury from considering Plaintiffs' immigration status, even during the damages phase of the trial. *See* Order on Plaintiffs' Motion to Bifurcate Backpay, Mar. 31, 2006, at 11. Under this procedure, if the jury finds liability during the first phase of trial, "[t]he jury will determine backpay amounts for each Plaintiff, taking into account the entire range of variables presented at trial that might affect that amount, *except immigration status*." *Id.* (emphasis added). The Court will then conduct an *in camera* review of Plaintiffs' immigration documents and make any backpay reductions accordingly. *Id.* at 10-12.

## CONCLUSION

The Ninth Circuit has already ruled that Plaintiffs' immigration status is irrelevant to the determination whether Defendant discriminated against Plaintiffs on the basis of national origin. Thus, this Court should reject Defendant's motion to prohibit statistical evidence that may include individuals not authorized to work in the United States.

| | |
|---|---|
| Dated:  September 8, 2008 | Respectfully submitted, |

Christopher Ho
Christina N. Chung
Carole Vigne
The LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER

William J. Smith
Shelley G. Bryant
W.J. SMITH & ASSOCIATES

Marielena Hincapié
NATIONAL IMMIGRATION LAW CENTER


By:     /s/  Christopher Ho
       CHRISTOPHER HO

Attorneys for Plaintiffs