| | |
|---|---|
| 1 | Howard A. Sagaser #072492 |
| 2 | Michael S. Helsley #199103 |
|   | **SAGASER, JONES & HELSLEY** |
| 3 | 2445 Capitol Street, 2nd Floor |
|   | Post Office Box 1632 |
| 4 | Fresno, California  93717-1632 |
|   | Telephone:  (559) 233-4800 |
| 5 | Facsimile: (559) 233-9330 |
| 6 | William C. Hahesy, #105743 |
| 7 | **LAW OFFICES OF WILLIAM C. HAHESY** |
|   | 225 W. Shaw Avenue, Suite 105 |
| 8 | Fresno, CA  93704 |
|   | Telephone (559) 579-1230 |
| 9 | Facsimile (559) 579-1231 |
|   | Email: bill@hahesylaw.com |
| 10 | |
| 11 | Attorneys for Defendant Nibco, Inc. |

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG, | Case No. CIV F-99 6443 OWW SMS |
| | **ORDER RE DEFENDANT NIBCO, INC.'S MOTIONS IN LIMINE** |
| | Trial Date:   October 8, 2008 |
| | Time:        8:30 a.m. |
| | Courtroom:   3 |
| | Judge:       Hon. Oliver W. Wanger |
| Plaintiffs, | |
| v. | |
| NIBCO, INC., an Indiana corporation, | |
| Defendant. | |

The hearing on the Motions in Limine (MIL) by defendant Nibco, Inc. came on regularly for hearing on September 26, 2008 and October 3, 2008; the parties appeared through

G:\docs\ATimken\Orders To Be Signed\99cv6443.d.mil.doc     1

[PROPOSED] ORDER RE DEFENDANT NIBCO, INC.'S MOTIONS IN LIMINE

PDF created with pdfFactory trial version www.pdffactory.com

counsel; the Court, having considered written briefing and oral argument, hereby orders as follows:

1. <u>MIL No. 1</u>: Denied

2. <u>MIL No. 2</u>: Granted. As to a specific opinion that the impact of using the Z-test to decide layoff orders requires Nibco to prove business necessity, that is a matter of instruction of law for the Court. Dr. Bowerman cannot express that opinion because that is not within her area of expertise.

3. <u>MIL No. 3</u>: Granted. The Court finds that there is so great a risk of prejudice and confusion that the opinion that pre-validation was a requirement, whether it be called a best management practice, that somehow that diminishes the credibility and the quality of the test will not be permitted to be given. The Court will permit the parties to discuss the issue of validation, but not that a failure to validate before administration somehow is either a breach of the standard of care or is employer misconduct or somehow violates the law and is to be essentially the basis for an inference that the test is bad or that there is anything else about the test that would be unlawful. Plaintiffs can only ask if test was validated before given.

4. <u>MIL No. 4</u>: Granted in part. Dr. Bowerman cannot testify that if the policy clearly called for layoff order by least skilled to most skilled, the Z-test would still not have been an appropriate mechanism for determining order because the test was not proven in advance to be accurate.

5. <u>MIL No. 5</u>: Granted and denied in part. In terms of lesser discriminatory alternatives, Dr. Bowerman is limited to the test, not alternatives to the layoffs. Also no opinions related to anybody's intent.

6. <u>MIL No. 6</u>: Covered by MIL No. 22 (1).

7. <u>MIL No. 7</u>: Withdrawn.

8. <u>MIL No. 8</u>: Granted. The term "cheat sheets" will not be used. The study material will be referred to as study guides or training material.

///

///

PDF created with pdfFactory trial version www.pdffactory.com

9. <u>MIL No. 9</u>: Granted and denied in part. Dr. Gonzalez cannot testify as to the performance of the jobs or how the job is done or performed, particularly as to safety or efficiency.

10. <u>MIL No. 10</u>: Granted in part. No reference to requirement that Z-tests must be validated before administration. Remainder withdrawn.

11. <u>MIL No. 11</u>: Denied.

12. <u>MIL No. 12</u>: Granted in part. Dr. Gonzalez cannot testify that no factual basis for Nibco's business decisions that Nibco developed and administered the tests based on negative stereotypes, that Nibco had no basis for expecting that plaintiffs possessed or could acquire sufficient English proficiency to pass the Z-level tests, that Nibco's business decisions were motivated by negative stereotypes, and she can opine only in her capacity as a linguist about cost-effective measures to the Z-tests but cannot use the word "accommodating."

13. <u>MIL No. 13</u> (with subparts):

1. & 2. Granted. The plaintiffs cannot make comments that Nibco is a multi-national corporation. Nibco, Inc. will be referred to as Nibco, Inc.

3. Denied subject to foundation.

4. Denied.

5. Denied. The plaintiffs may refer to a certificate of service that includes their time at a predecessor of Nibco, but they must advise the Court in advance and it must state that it only relates to length of service, even including service with a prior company. Jury to be instructed that certificates do not evaluate an employee's performance, abilities or any other employee qualities

6. Denied without prejudice. However, plaintiffs cannot argue or make any statement or reference to Mr. Douglas Kieper as being a racist or biased or any language bias by Doug Kieper unless they have some evidence to support that claim.

7. Denied without prejudice. However, plaintiffs cannot argue or make any statement or reference to Mr. Douglas Kieper as being a racist or biased or any language bias by Doug Kieper unless they have some evidence to support that claim.

PDF created with pdfFactory trial version www.pdffactory.com

8. Granted. The term "cheat sheets" will not be used. The study material will be referred to as study guides or training material.

9. Denied in part. The plaintiffs are limited to testify that the ESL classes were made available not during work time, and the plaintiffs can state that they were not able to take advantage of it because they had other family opportunities or other responsibilities.

10. Granted in part and denied in part: subject to foundation.

11. Granted. The Court ruled that there will be no locality prejudice applied in this case. The plaintiffs can bring up that this was Nibco's first experience in micro-irrigation.

12. Granted. Neither side will mention that at the time of these plaintiffs being hired employees were not required to be proficient in reading, writing and speaking English.

13. Granted.

14. Granted, except that the plaintiffs will be able to make reference to an excerpt from a redacted exhibit that supposedly refers to Sara Rivera's good performance.

15. Granted. No reference to newspaper articles.

16. Granted. No reference to the notes.

17. Granted in part and denied in part: subject to foundation.

18. Denied. The plaintiffs may refer to a certificate of service that includes their time at a predecessor of Nibco, but they must advise the Court in advance and it must state that it only relates to length of service, even including service with a prior company. Jury to be instructed that certificates do not evaluate an employee's performance, abilities or any other employee qualities

19. Granted.

14. <u>MIL No. 14</u> (with subparts):

1. Granted in part. Earnest Harper to couch opinions in terms of ending of employment.

2. Withdrawn.

PDF created with pdfFactory trial version www.pdffactory.com

3. Withdrawn.

4. Withdrawn.

5. Granted in part.

6. Withdrawn.

7. Withdrawn.

8. Withdrawn.

9. Granted in part. No reference to arbitrary and punitive training format.

10. Granted in part. No reference that Z-tests were unfair to limited English employees.

11. Granted.

12. Granted.

13. Withdrawn.

14. Granted.

15. Granted.

16. Withdrawn.

17. Granted in part. No generalized reference to Nibco placing employees at risk of injury.

18. Granted.

19. Granted as to this opinion.

20. Denied.

21. Granted.

15. <u>MIL No. 15</u>: Granted as to liability phase. Deferred as to damages.

16. <u>MIL No. 16</u>: Granted as to liability phase. Deferred as to damages.

17. <u>MIL No. 17</u>: Granted and denied in part. Dr. Gonzalez is limited to non-cumulative opinions in the field of linguistics.

18. <u>MIL No. 18</u>: This motion is under submission.

19. <u>MIL No. 19</u>: Granted until the third phase.

20. <u>MIL No. 20</u>: Withdrawn.

PDF created with pdfFactory trial version www.pdffactory.com

21. <u>MIL No. 21</u>: The motion is under submission, except that at the hearing on October 3, 2008, the Court stated that it believes that the issue as to the Title VII claim appears covered by the Ninth Circuit decision in *Rivera v. Nibco* and that if so, the motion by defendant, as to that claim should be denied. The Court has requested further briefing on the FEHA claim.

22. <u>MIL No. 22</u> (with subparts):

    1. Granted. No one can argue the 80% rule or introduce evidence concerning the 80% rule.

    2. Withdrawn. Covered by prior rulings.

    3. Withdrawn. Covered by prior rulings.

    4. Withdrawn. Covered by prior rulings.

    5. Withdrawn. Covered by prior rulings.

    6. Withdrawn. Covered by prior rulings.

    7. Withdrawn with reservation of right to object at trial.

    8. Withdrawn.

    9. Denied.

23. <u>MIL No. 23</u> (with subparts):

    1. Granted.

    2. Granted.

    3. Granted.

    4. Granted.

    5. Granted.

    6. Granted.

    7. Granted.

    8. Granted.

DATED: October 7, 2008                    /s/ OLIVER W. WANGER
                                                  Hon. Oliver W. Wanger
                                                  United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com