1   CHRISTOPHER HO, SBC No. 129845
    CHRISTINA N. CHUNG SBC No. 194630
2   CAROL VIGNE, SBC No. 251829
    The LEGAL AID SOCIETY -
3   EMPLOYMENT LAW CENTER
    600 Harrison Street, Suite 120
4   San Francisco, CA  94107
    Telephone:  (415)864-8848
5   Facsimile:  (415)864-8199

6   WILLIAM J. SMITH #056116                    MARIELENA HINCAPIE, SBC No. 188199
    SHELLEY G. BRYANT #222925                   NATIONAL IMMIGRATION LAW
7   W. J. SMITH & ASSOCIATES                    CENTER
    2350 West Shaw Avenue, Suite 132            3435 Wilshire Blvd., Suite 1850
8   Fresno, California 93711                    Los Angeles, CA 90010
    (559) 432-0986 Telephone                    Telephone: (213)639-3900
9   (559) 432-4871 Facsimile                    Facsimile: (213)639-3911

10  **Attorneys for Plaintiffs**

11
                    **UNITED STATES DISTRICT COURT**
12
                **FOR THE EASTERN DISTRICT OF CALIFORNIA**
13

14  MARTHA RIVERA, MAO HER, ALICIA       )   **Case No. CIV-F-99 6443 OWW SMS**
    ALVAREZ, EVA ARRIOLA, PEUANG         )
15  BOUNNHONG, ROSA CEJA, CHHOM          )
    CHAN, BEE LEE, PAUL MARTINEZ,        )
16  MARIA MEDINA, MAI MEEMOUA,           )
    MARGARITA MENDOZA, BAO NHIA          )   **ORDER RE PLAINTIFFS' MOTIONS**
17  MOUA, ISIDRA MURILLO, MARIA          )   **IN LIMINE**
    NAVARRO, VATH RATTANATAY,            )
18  OFELIA RIVERA, SARA RIVERA, MARIA    )
    RODRIGUEZ, MARIA RUIZ, MARIA         )
19  VALDIVIA, SY VANG, YOUA XIONG, SEE   )   **Trial Date: October 7, 2008**
    YANG, and XHUE YANG,                 )
20                                       )
              Plaintiffs,                )
21                                       )
    vs.                                  )
22                                       )
    NIBCO, INC., an Indiana corporation, )
23                                       )
                                         )
24            Defendant.                 )
                                         )
25  _____     )

26  ////

27  ////

28

---

**PROPOSED ORDER RE PLAINTIFFS' MOTIONS IN LIMINE, Case No. CIV-F-99 6443 OWW SMS**        Page 1

1      The parties' Motions In Limine came on for hearing before this Court.  Counsel for parties

2  appeared and argued before this Court.  The Court, having read and considered the motions and all

3  papers and pleadings on file herein, and the oral argument of counsel, hereby Orders:

4                             **PLAINTIFF'S MOTIONS IN LIMINE**

5  1.    **Request Exclusion of Witnesses**.  *Granted in part.*  Witnesses are ordered not to discuss their

6         testimony with each other.  Counsel are authorized to discuss evidence with their witnesses,

7         but may not coach witnesses or attempt to influence their testimony.  Counsel will admonish

8         witnesses not to discuss the case with other witnesses, although they may discuss with counsel.

9         This admonition may be orally or in writing.  *Denied in part.*  General counsel for NIBCO is

10        permitted to be in the courtroom as a trial assistant or representative.

11  2.    **Introduction of Duplicate Documents**.  *Granted.*  There was no opposition to this motion

12         and it is granted in accordance with provisions of the Federal Rules of Evidence 1003 and

13         applies to all parties in the case.

14  3.    **NIBCO should be required to produce executed witness statements to Plaintiff before**

15         **witnesses testify or are cross-examined.**  *Granted with qualification.*  This motion is granted

16         with the qualification that if either side expects to use a previously unmarked exhibit with a

17         witness, they must provide that document 48 hours prior to the witness taking the stand under

18         the court's standing trial preparation rule.  The court is to be notified if counsel anticipates any

19         evidentiary issues that will be raised by the document.

20  4.    **NIBCO should be precluded from admitting into evidence any documents that Plaintiff**

21         **requested that were not produced.**  *Granted with qualification.*  This motion is granted with

22         the qualification that if either side expects to use a previously unmarked exhibit with a witness,

23         they must provide that document 48 hours prior to the witness taking the stand under the

24         court's standing trial preparation rule.  The court is to be notified if counsel anticipates any

25         evidentiary issues that will be raised by the document.  All parties are precluded from

26         admitting into evidence any document that is not on the exhibit list.

27  5.    **NIBCO should be precluded from admitting self-serving writings claimed to have been**

28         **made during litigation into evidence without proper foundation.**  *Denied without*

1    *prejudice.*  Plaintiff may re-bring this motion when they are able to identify specific exhibits

2    as the principle is correct.

3    6.    **NIBCO should be precluded from presenting any pictures, films, displays to the jury**

4    **without first review from the Court and Plaintiffs' counsel with an opportunity for the**

5    **latter to object.**  *Denied without prejudice.*  Plaintiffs may re-bring this motion if it is

6    applicable to specific items of evidence.

7    7.    **NIBCO should be precluded from introducing any documents not redacted of sensitive**

8    **and irrelevant information.**  *Granted.*  This motion is granted with the understanding that

9    counsel are responsible for drawing attention to opposing counsel the need for redaction.  The

10   order is reciprocal.

11   8.    **NIBCO should be precluded from introducing evidence about Plaintiffs' characters.**

12   *Denied without prejudice.*  In denying this motion without prejudice, the court recognizes that

13   a person's character is going to have limited relevance and admissibility in the liability phase.

14   Plaintiff may re-bring this motion if it is applicable to specific evidence.

15   9.    **NIBCO and its witnesses should be precluded from making personal conclusions about**

16   **Plaintiffs' work habits not related to job performance.**  *Granted in part.*  Counsel is

17   ordered to admonish witnesses not to express improper personal opinions that lack foundation.

18    *Denied in part.*  Specific instances will be handled on a witness-by-witnesses basis and the

19   Federal Rules of Evidence are not suspended.

20   10.   **NIBCO should be precluded from presenting evidence that Plaintiff Maria Rivera**

21   **purportedly encouraged other employees not to take Z-tests.**  *Denied.*  The court finds this

22   evidence may be relevant if proper foundation is laid.  A limiting instruction may be needed

23   if a proper foundation is not laid to show it was heard by, relied on, or acted upon by other

24   employees.

25   11.   **NIBCO should be precluded from offering evidence of good character of any managers**

26   **or supervisors at NIBCO.**  *Granted in part.*  Subject to the express provisions of Federal

27   Rule of Evidence 608.  *Denied in part.*  The fact that someone has done a good job as

28   manager, e.g., is admissible.

---

**PROPOSED ORDER RE PLAINTIFFS' MOTIONS IN LIMINE, Case No. CIV-F-99 6443 OWW SMS**

////

2. **NIBCO should be precluded from mentioning/eliciting testimony concerning Doug Kieper's service as a U.S. Marine.** *Withdrawn by Plaintiff.*

13. **NIBCO should be precluded from presenting evidence regarding how employees felt when they heard languages other than English at the Fresno facility, including statements that they had no idea what was being said but felt it was negative.** *Limited ruling.* There is to be no direct appeal through witness testimony to language bias or prejudice. This will not limit or exclude testimony relevant to job criteria, job performance, testing related to ability to meet lawful requirements of workplace.

14. **NIBCO should be precluded from introducing evidence of Plaintiffs' prior discipline or alleged misconduct while working at NIBCO because it did not form the basis for the termination and would result in undue delay.** *Denied without prejudice.* The general subject is admissible. Counsel must redact the fact that Plaintiffs were being disciplined from the documents unless Plaintiffs put at issue whether or not they were performing their job satisfactorily.

15. **NIBCO should be precluded from introducing evidence concerning Plaintiffs' employment and/or termination if it is not contained in the personnel file in this action.** *Denied without prejudice.* The issue in this motion is already covered by the rule against undisclosed documents.

16. **NIBCO should be precluded from presenting evidence that former Plaintiff Xhue Yang represented in connection with employment at NIBCO that he received a high school diploma in 1984.** *Denied.* This motion was denied subject to the limitation that the jury will be given a limiting instruction that the only purpose that they consider his lack of high school diploma other than misrepresentation is for what effect it had on testing and opinion of testing; not to show he is a liar, or bad, etc., because he was not terminated on those grounds.

17. **NIBCO should be precluded from presenting evidence whether any Plaintiffs were terminated for cause from subsequent employment.** *Withdrawn by Plaintiff.*

18. **Court should admit evidence that NIBCO deviated from its own layoff policy in laying**

**off Plaintiffs.**  *Granted in part.*  Evidence of policies and their implementation is limited to ones that affect employment qualifications, retention, performance, termination, or otherwise the cessation of employment in this case.  *Denied in part.*  Parties are ordered not to introduce any evidence regarding any other policies that were not in effect in this case.

19.  **NIBCO should be precluded from introducing "Industrial Hygiene Audit" by Grauvogel & Associates & "Letter from Doug Bunting of Zee Service Co. To Chavez re: Workplace Safety Evaluation".**  *Denied without prejudice.*

20.  **NIBCO should be precluded from arguing or insinuating that judgments against employers will create an anti-business climate in Fresno.**  *Granted.*  This order is reciprocal in that Plaintiffs may not make 'send the message' arguments to the jury.

21.  **NIBCO should be precluded from commenting that Plaintiffs' counsel includes a legal advocacy organization.**  *Granted.*  There shall be no evidence regarding the character, background, or experience of any counsel.

22.  **NIBCO should be precluded from commenting that some of Plaintiffs' counsel are based outside of Fresno.**  *Granted.*  There shall be no appeal to locality bias.  This order is reciprocal in that Plaintiff may not refer to NIBCO as Northern Indiana Brass Co. to insinuate a locality bias.

23.  **NIBCO should be precluded from commenting that Plaintiffs' counsel may be awarded attorney's fees and costs should they prevail at trial.**  *Granted.*  The court will instruct the jury that they are not to include attorney's fees in any award.  However, there will be no other reference to the subject of attorneys fees in front of the jury except for that instruction.

24.  **NIBCO should be precluded from alluding, inquiring, making insinuations, or admitting evidence regarding Plaintiffs' past/present immigration status and/or eligibility for employment.**  *Pass.*  This motion in limine will be argued and decided at the same time as Defendant's Motion in Limine No. 22.

25.  **NIBCO should be precluded from disputing Plaintiffs' disparate impact claims were filed with the EEOC timely.**  *Taken under submission.*

26.  **NIBCO should be precluded from disputing Plaintiffs' disparate impact claims were**

1   **filed with the DFEH timely.**  *Taken under submission.*

2   27.   **NIBCO should be precluded from arguing Plaintiffs' educational backgrounds were**

3   **responsible for the disparate impact of Z-tests.**  *Denied.*  Defendant is permitted to offer

4   non-pre-textual legitimate reason for setting workplace performance standards and testing for

5   them.

6   28.   **NIBCO should be precluded from advancing theories about Plaintiffs' level of English**

7   **to argue that Plaintiffs do not have valid disparate impact claim on national origin**

8   **grounds.**  *Denied.*  This evidence is admissible but with limiting instruction: This evidence

9   is to be considered only for the purpose of measuring the accuracy and validity and the

10   reliability of the expert's opinions about the discriminatory impact of the test.

11   29.   **NIBCO should be precluded from arguing that there was no discrimination because**

12   **there were Hispanics and Asians that passed the Z-tests.**  *Withdrawn by Plaintiff.*

13   30.   **NIBCO should be precluded from contending that because other employees were**

14   **eventually laid off, there was no discrimination.**  *Granted.*  This order does not preclude the

15   introduction of evidence about other layoffs and the purpose of those layoffs.

16   31.   **NIBCO should be precluded from presenting evidence whether Plaintiffs made attempt**

17   **to pass Z-tests, whether disparity would exist if effort to pass, whether results of Z-tests**

18   **were impacted by failure to study/lack of effort**.  *Denied.*  Defendant will be allowed to

19   show that if there is any evidence, direct or circumstantial, that one or more plaintiffs didn't

20   try on the test, then was that, in effect, factored in to and considered by the expert in evaluating

21   the reliability of the test results.  See Court's Order on Plaintiff's Motion in Limine No. 10.

22   32.   **NIBCO should be precluded from arguing as a defense to Plaintiffs' adverse impact**

23   **claim in liability phase, that it had no intent to discriminate against Plaintiffs.**  *Granted*.

24

25   33.   **NIBCO should be precluded from presenting lay opinion testimony on the inadequacy,**

26   **inefficacy, or insufficiency of the safety procedures at the Fresno plant.** *Granted in part.*

27   There are to be no broad or ultimate opinions on safety issues given by employees.  Rather

28   their testimony must be specific to safety issues within their knowledge, experience and

1    practice.

2    34.   **NIBCO should be precluded from contending Z-tests were job-related without**

3          **explaining or adhering to the legal definition of "job related".** *Granted.*  No legal

4          conclusions will be allowed, but the use of the term job-related is permitted when there's a

5          foundation and it describes the actual practice, custom, convention of the way the work place

6          worked and the activities that people performed.

7    **35.**  **NIBCO's lay witnesses should be precluded from contending that less discriminatory**

8          **alternatives to the Z-Test were either too burdensome, did not exist, or did not meet**

9          **NIBCO's business needs.**  *Denied without prejudice* and subject to the condition that the

10         foundation of personal knowledge and experience, and actual factual circumstances to support

11         the answers are established by the lay witness.

12   36.   **NIBCO's lay witnesses should be precluded from describing, characterizing, or**

13         **commenting on the Z-Tests as a "neutral" employment practice, and from using any**

14         **other description or characterization with similar effect.** *Denied without prejudice* subject

15         to the foundation of personal knowledge, background, experience and training with the

16         employment practices.

17   37.   **NIBCO's lay witnesses should be precluded from describing, characterizing, or**

18         **commenting on the Z-Tests as a "neutral" employment practice, and from using any**

19         **other description or characterization with similar effect.** *Withdrawn by Plaintiff*

20   38.   **NIBCO's lay witnesses should be precluded from opining on whether the contents of the**

21         **Z-Tests were "job-related."** *Denied without prejudice.*  Defendant has the burden to show

22         business necessity that the tests are helpful and legitimate business function.  And if the

23         plaintiffs want to show reasonable alternatives that were more cost effective, that would be for

24         the plaintiffs to show.

25   39.   **NIBCO should be precluded from deviating from the burden-shifting scheme of**

26         **disparate impact.** *Denied without prejudice* with the understanding that Fresno operations

27         and its financial abilities, as long as the defendants introduce that as an issue, are admissible

28         on both sides.

---

1    40.    **NIBCO may not mention Plaintiffs' receipt of workers' compensation, unemployment insurance, or retirement benefits, or other types of collateral sources of income after their termination.** *Granted without prejudice.* No collateral source evidence will be allowed in the first phase of the trial.

41.    **NIBCO should be precluded from arguing that no back pay is warranted since Plaintiffs would have eventually been laid off anyway.** *Denied without prejudice* to the extent it seeks to prevent NIBCO from arguing that backpay is unwarranted. However, it does not limit or prevent the proof as to any individual employee.

42.    **NIBCO should be precluded from suggesting that losing a job is a fact of life and not deserving of emotional distress.** *Denied without prejudice.* This is an individual employee-by-employee circumstance. As a principle law, counsel cannot argue that losing a job is a fact of life, but whatever the individual circumstances of the employee, what the circumstances of the workplace are, etc., is fair game.

43.    **NIBCO may not inquire into or introduce evidence purporting to concern Plaintiffs' source of emotional distress to the extent doing so would violate their right to privacy.** *Denied without prejudice.* Individual circumstances will be decided on an individual basis.

44.    **NIBCO should be precluded from contending that it should not be punished because it already lost so much money.** *Denied without prejudice.* Plaintiffs may re-bring the motion during the punitive damages phase.

45.    **NIBCO's lay witnesses may not contend that it was expensive or too costly to translate job related materials into languages other than English at the Fresno facility because NIBCO has not offered any admissible evidence to support this claim.** *Denied without prejudice.* The court will require the foundation for any expert's testimony be there in the form of admissible evidence.

46.    **NIBCO's lay witnesses may not contend that it was expensive or too costly to acquire material safety data sheets in Spanish or other languages other than English for the Fresno facility.** *Denied without prejudice* subject to the defendant providing a foundation for this information for the expert.

1   **47.    NIBCO may not contend that it was expensive and costly to provide job training in**

2   **languages other than English.** *Denied without prejudice* subject to the defendant providing

3   a foundation.

4   **48.    NIBCO may not contend that Plaintiffs could not be effectively trained in their job duties**

5   **through hands-on demonstration or bilingual co-worker interpretation, because NIBCO**

6   **has not offered any admissible evidence to support this claim.** *Denied without prejudice*

7   subject to the defendant providing a foundation.

8   ////

9

10   **49.    NIBCO may not contend that it was inefficient for co-workers to interpret for each**

11   **other.** *Denied without prejudice* subject to the defendant providing a foundation.

12   **50.    NIBCO may not contend that it was expensive or too costly for NIBCO to use outside**

13   **interpreters at the Fresno facility.** *Denied without prejudice* subject to foundation being laid

14   and the evidence actually being introduced.

15   **51.    NIBCO may not contend that co-workers at the Fresno facility were not able to**

16   **accurately interpret for each other.** *Denied without prejudice* subject to foundation being

17   laid and the evidence actually being introduced.

18   **52.    NIBCO may not contend that at the Fresno facility, co-workers were used extensively to**

19   **interpret.** *Denied without prejudice* subject to foundation being laid and the evidence actually

20   being introduced.

21   **53.    NIBCO may not contend that plaintiffs had difficulty communicating with quality**

22   **control personnel.** *Denied without prejudice* subject to foundation being laid and the

23   evidence actually being introduced.

24   **54.    NIBCO may not contend that plaintiffs' job duties typically required them to engage in**

25   **constant, frequent or extensive verbal communication.** *Denied without prejudice* subject

26   to defendant laying a proper foundation and the evidence being introduced.

27   **55.    Lay witnesses of NIBCO may not contend that Vietnamese was in fact spoken at the**

28   **Fresno facility.** *Denied without prejudice* subject to defendant laying a proper foundation and

1   the evidence being introduced.

2   **56.**   **NIBCO may not contend that dialectical differences between the White and Green**

3   **Hmong dialects meant that employees of the Fresno facility who spoke one Hmong**

4   **dialect could not communicate with those who spoke the other or that interpreters for**

5   **both dialects were required.**  *Denied without prejudice* subject to defendant laying a proper

6   foundation and the evidence being introduced.

7   **57.**   **NIBCO may not contend that job related documents and forms were not properly filled**

8   **out by plaintiffs or other employees who were demoted or were incorrectly filled out due**

9   **to their limited language proficiency because there's no evidence.**  *Denied without*

10   *prejudice* subject to defendant laying a proper foundation and the evidence being introduced.

11   **58.**   **NIBCO may not contend that the forms plaintiffs filled out as part of the job duties were**

12   **not simple in nature involving the entry of simple numeric information.**  *Denied without*

13   *prejudice* subject to an evidentiary foundation that such evidence exists and is admissible.

14   **59.**   **NIBCO may not contend that vis-a-vis other employees of the Fresno facility, plaintiffs**

15   **or other employees demoted to P-level had a higher rate of errors in filling out their**

16   **timecards or had a higher rate of such errors due to their limited English proficiency.**

17   *Denied without prejudice.*  Whatever the experience was will be provided by those with

18   personal knowledge upon an adequate foundation.

19   **60.**   **NIBCO may not contend that Plaintiffs or other employees who were demoted to P-level**

20   **could not perform their jobs duties, or could not perform their jobs due to their limited**

21   **English proficiency, because NIBCO has not offered any admissible evidence to support**

22   **this claim.**  *Denied without prejudice* subject to an evidentiary foundation.

23   **61.**   **NIBCO may not contend that plaintiffs or other employees who were demoted to P-level**

24   **could not perform their job duties or could not perform their jobs due to their limited**

25   **English proficiency.**  *Denied without prejudice* subject to an evidentiary foundation.

26   **62.**   **NIBCO may not contend that English proficiency was necessary in order for plaintiffs**

27   **or other employees who were demoted to P-level to perform their job duties.**  *Denied*

28   *without prejudice* subject to the proper evidentiary foundation.

63.    **NIBCO may not contend plaintiffs or other employees who were demoted to P-level were not able to perform job duties as utility players or floaters who could not function.** *Denied without prejudice* subject to an evidentiary foundation.

64.    **NIBCO's lay witnesses may not argue that English proficiency was necessary in order to operate as utility players or floaters.** *Denied without prejudice* subject to an evidentiary foundation.

65.    **NIBCO may not contend that the job duties of plaintiffs at the Fresno facility actually or typically involved reading or writing in English.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

66.    **NIBCO may not contend that plaintiffs had to read a product quality plan in order to perform their jobs or could not perform their jobs if they did not read a product quality plan.** *Denied without prejudice* subject to a foundation.

67.    **NIBCO may not contend that plaintiffs were not capable of understanding or using a product quality plan due to their limited English proficiency.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

68.    **NIBCO may not contend that vis-a-vis other employees of the Fresno facility, plaintiffs or other employees who were demoted to P-level were less productive or efficient in their jobs due to limited English proficiency.** *Denied without prejudice* subject to the proper evidentiary foundation.

69.    **NIBCO's lay witnesses may not contend that compared to other employees, plaintiffs or other employees who were demoted to P-level were involved in more accidents or injuries at the Fresno facility or were involved in more accidents or injuries due to their limited English proficiency.** *Denied without prejudice* subject to an appropriate evidentiary foundation.

70.    **NIBCO's lay witnesses may not contend that in 1996, the Fresno facility had the second highest injury rate out of 14 facilities and the seventh highest injury severity rate because NIBCO has not offered admissible evidence.** *Denied without prejudice* subject to evidentiary foundation.

71.     **NIBCO may not contend that plaintiffs or other employees who were demoted to P-level committed more production errors or committed more production errors due to their level of limited English proficiency.** *Denied without prejudice* subject to an appropriate evidentiary foundation.

72.     **NIBCO may not contend that plaintiffs or employees who could not read written work instructions and product specifications in English were more likely to make a product that was incorrect or out of specification.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

73.     **NIBCO's lay witnesses may not contend that rather than read the work order, associates with limited English skills would think they remembered the part, their memories would be wrong, and they would pull the incorrect part from the shelf.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

74.     **NIBCO may not contend that inaccurate interpretation by co-workers at the Fresno facility caused product parts to be assembled incorrectly.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

75.     **NIBCO's lay witnesses may not contend that associates who were not proficient in the English language could not always identify the materials or follow molding instructions as a result product was molded incorrectly.** *Denied without prejudice* subject to the appropriate evidentiary foundation.

76.     **NIBCO may not contend that it was more expensive to fix production errors at the Fresno facility if plaintiffs could not communicate in English with maintenance personnel.** *Denied without prejudice* subject to an appropriate evidentiary foundation.

77.     **NIBCO's lay witnesses may not contend that the employees remaining at the Fresno facility after plaintiffs were laid off could read.** *Denied without prejudice* subject to an appropriate evidentiary foundation.

78.     **NIBCO may not contend that customer complaints regarding product quality or timeliness of delivery were attributable to the plaintiffs, other employees were demoted to P-level with limited English proficiency.** *Denied without prejudice* subject to the

1    appropriate evidentiary foundation.

2  **79.**    **NIBCO may not contend that any product returns or financial losses that the company**

3    **suffered were attributable to plaintiffs, other employees demoted to P-level or limited**

4    **English proficiency.** *Granted in part*.  It will be up to the defendant to provide the specific

5    evidence that links or ties any plaintiff to defective products.  *Denied in part*.  Defendant can

6    show generalized evidence of product defects or product specification reports for the work

7    place as a whole, but cannot argue plaintiffs are responsible for all of this without specifically

8    tying them to it.

9  **80.**    **NIBCO may not contend that its machines or equipment at the Fresno facility were**

10    **damaged by Plaintiffs or other employees who were demoted to P-level or were damaged**

11    **due to their limited English proficiency.**  *Denied without prejudice* subject to foundation.

12  **81.**    **NIBCO's lay witnesses may not contend that it planned to utilize high tech equipment**

13    **and machines at the Fresno facility.**  *Denied without prejudice* subject to Defendant laying

14    a specific foundation that this was a viable plan, not just illusory or wish list, but a planned

15    modernization of the plant.

16  **82.**    **NIBCO may not argue that Plaintiffs or other employees who were demoted to P-level**

17    **were not able to operate new machines and equipment that NIBCO wanted to utilize**

18    **because NIBCO has not offered any admissible evidence to support this claim.** *Denied*

19    *without prejudice* subject to Defendant laying a proper foundation that these new machines

20    and equipment actually were not only just considered, but that they were either installed or in

21    preparation of being installed.

22  **83.**    **NIBCO may not contend that plaintiffs were not capable of using or could not be trained**

23    **on the IQ computer system because some English words may have appeared on screens.**

24    *Denied without prejudice* subject to the proper foundation and showing of relevance.

25  **84.**    **NIBCO's lay witnesses may not contend that the IQ computer system was ever fully**

26    **operational in any department when plaintiffs were laid off.**  *Denied without prejudice*

27    subject to the appropriate evidentiary foundation.

28  **85.**    **NIBCO may not contend that information entered into the IQ system was not simple in**

1    **nature or the same or similar to information plaintiffs were already entering manually**

2    **into forms.**  *Denied without prejudice* subject to Defendant laying a proper evidentiary

3    foundation.

4    **86.**   **NIBCO may not contend that different philosophies, procedures and requirements for**

5    **employees existed between NIBCO and Wade facility.**  *Denied without prejudice* subject

6    to Defendant laying a proper evidentiary foundation.  Counsel should instruct their witnesses

7    to only answer questions based on their personal knowledge.  Counsel should refrain from

8    asking questions that ask for something outside the witness' personal knowledge.

9    **87.**   **NIBCO may not contend that it was not in a financial position to hire additional**

10   **supervisors at the Fresno facility.**  *Denied without prejudice* subject to Defendant laying a

11   proper evidentiary foundation.

12   **88.**   **NIBCO may not argue that it encountered "substantial difficulty hiring technically**

13   **skilled employees for the Fresno facility" because NIBCO has not offered any admissible**

14   **evidence to support this claim.**  *Withdrawn by Plaintiff.*

15   **89.**   **NIBCO may not present evidence of Wade's financial condition after NIBCO sold the**

16   **facility back to Wade because NIBCO has not offered evidence.**  *Granted conditionally* -

17   Granted on the condition that if the plaintiffs open the door by arguing that before and after

18   operations with different owners show that the plaintiffs were not the problem or the issue,

19   then this evidence will be fairly put in issue.  Otherwise, it's irrelevant.

20   **90.**   **All NIBCO experts who fail to comply with the requirements of Federal Rule of**

21   **Evidence 702, 703, and 705 should not be allowed to give expert testimony.**  *Withdrawn*

22   *by Plaintiffs.*

23   **91.**   **NIBCO expert Rick Sarkisian should be precluded from testifying since he has never**

24   **met, tested, or examined or interviewed plaintiffs.**  *Denied without prejudice.*

25   **92.**   **NIBCO experts should be precluded from offering any opinion on the ultimate issues in**

26   **this case.**  *Withdrawn by Plaintiffs.*

27   **93.**   **NIBCO should be precluded from arguing that plaintiffs' experts' use of data in their**

28   **statistical analysis that falls outside the limitations period is inappropriate.**  *Granted.*

---

**PROPOSED ORDER RE PLAINTIFFS' MOTIONS IN LIMINE, Case No. CIV-F-99 6443 OWW SMS**                    Page 14

1   **94.   NIBCO should be precluded from arguing that plaintiffs' experts inappropriately**

2   **aggregated data.** *Denied*. Covered by ruling on Plaintiff's Motion in Limine No. 93.

3   95.   **NIBCO should be precluded from arguing that Plaintiffs' experts' statistical analysis is**

4   **invalid due to the small sample sizes involved.** *Denied without prejudice.*

5   96.   **Legal issues not subject to jury consideration should be removed so as not to confuse the**

6   **jury.** *Withdrawn by Plaintiffs.*

7   97.   **NIBCO should be precluded from making reference to plaintiffs or claims that are no**

8   **longer part of this litigation.** *Denied* because the motion is overbroad.

9   98.   **NIBCO should be precluded from asserting or otherwise alluding to unplead defenses.**

10   *Granted.*

11   ////

12   ////

13   ////

14   ////

15   Dated: October 7, 2008

16                                   Christopher Ho
                                    Christina N. Chung
17                                   Carole Vigne
                                    The LEGAL AID SOCIETY -
18                                     EMPLOYMENT LAW CENTER

19                                   William J. Smith
                                    Shelley G. Bryant
20                                   Amanda B. Newell
                                    W. J. SMITH & ASSOCIATES
21
                                    Marielena Hincapié
22                                   NATIONAL IMMIGRATION LAW CENTER

23

24                          _____/s/_____
                           WILLIAM J. SMITH, Attorneys for Plaintiffs
25   _____

26

27
     IT IS SO ORDERED.
28

---

**PROPOSED ORDER RE PLAINTIFFS' MOTIONS IN LIMINE, Case No. CIV-F-99 6443 OWW SMS**

1  **Dated:**   __October 9, 2008__          _____/s/ Oliver W. Wanger_____
2                                            UNITED STATES DISTRICT JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28