1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8   MARTHA RIVERA, MAO HER, ALICIA      )    1:99-cv-6443 OWW SMS
    ALVAREZ, EVA ARRIOLA, PEUANG        )
9   BOUNNHONG, CHHOM CHAN, BEE LEE,     )    JURY INSTRUCTIONS
    PAULA MARTINEZ, MARIA MEDINA,       )
10  MAI MEEMUOA, MARGARITA MENDOZA,     )
    BAO NHIA MOUA, ISIDRA MURILLO,      )
11  MARIA NAVARRO, VATH RATTANATAY,     )
    OFELIA RIVERA, SARA RIVERA,         )
12  MARIA RODRIGUEZ, MARIA RUIZ,        )
    MARIA VALDIVIA, SY VANG, YOUA       )
13  XIONG, and SEE YANG,                )
                                        )
14              Plaintiffs,             )
                                        )
15       v.                             )
                                        )
16  NIBCO, INC., an Indiana             )
    corporation,                        )
17                                      )
                Defendant.              )
18                                      )
    _____ )
19

20

21       The following jury instructions were read to the jury in

22  open court.

23

24  DATED:  November 25, 2008.

25                              VICTORIA MINOR/CLERK

26

27                              By /s/ ALICE TIMKEN
                                     Alice Timken
28                                   Deputy Clerk

                                    1

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should learn – that is a matter entirely up to you.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 2**

**TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS**


    You should decide the case as to each plaintiff separately.
Unless otherwise stated, the instructions apply to all parties.

1

**JURY INSTRUCTION NO. 3**

2

**<u>NON-PERSON PARTY</u>**

3

4      Nibco, Inc. is a party to this lawsuit.  Defendant Nibco,

5   Inc. is entitled to the same fair and impartial treatment that

6   you would give to an individual.  You must decide this case with

7   the same fairness that you would use if you were deciding the

8   case between individuals.

9      When I use words like "person" or "he" or "she" in these

10   instructions to refer to a party, those instructions also apply

11   to Nibco, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

**JURY INSTRUCTION NO. 4**

2

**<u>WHAT IS EVIDENCE</u>**

3

4        The evidence you are to consider in deciding what the facts

5  are consists of:

6        1.    the sworn testimony of any witness.  Such testimony

7  includes testimony given here in court and in depositions that

8  have been read to you;

9        2.    the exhibits which are received into evidence;

10       3.    any facts to which the lawyers have agreed; and

11       4.    any facts of which I have taken judicial notice and so

12  advised you during the trial.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JURY INSTRUCTION NO. 5

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

**JURY INSTRUCTION NO. 6**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4

5      Evidence may be direct or circumstantial.  Direct evidence

6  is direct proof of a fact, such as testimony by a witness about

7  what that witness personally saw or heard or did.  Circumstantial

8  evidence is proof of one or more facts from which you could find

9  another fact.  You should consider both kinds of evidence.  The

10  law makes no distinction between the weight to be given to either

11  direct or circumstantial evidence.  It is for you to decide how

12  much weight to give to any evidence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 7

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 8**

**JURY TO BE GUIDED BY OFFICIAL ENGLISH**

**TRANSLATION/INTERPRETATION**


    Languages other than English were used during this trial.

    The evidence to be considered by you is only that provided
through the interpreters.  Although some of you may know a
language that is being used, it is important that all jurors
consider the same evidence.  Therefore, you must accept the
English interpretation.  You must disregard any different
meaning.

**JURY INSTRUCTION NO. 9**

**STIPULATED TESTIMONY**


The parties have entered into stipulations which have been read to you or are in writing.  You should consider the matters recited in these stipulations as true without further evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 10**

**JUDICIAL NOTICE**

The court has accepted as proved certain facts of which judicial notice has been taken.  Even though no other evidence has been introduced on these subjects, you must accept these facts as true.

11

**JURY INSTRUCTION NO. 11**

**<u>EXPERT OPINION</u>**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**JURY INSTRUCTION NO. 12**

2

<u>**CONFLICTING EXPERT TESTIMONY**</u>

3

4        If the expert witnesses disagree with one another, you

5   should weigh each opinion against the others.  You should examine

6   the reasons for each opinion and the facts or other matters that

7   each witness relied on.  You may also compare the experts'

8   qualifications.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

**JURY INSTRUCTION NO. 13**

2

**EXPERTS-QUESTIONS CONTAINING ASSUMED FACTS**

3

4          The law allows expert witnesses to be asked questions that

5    are based on assumed facts.  These are sometimes called

6    "hypothetical questions."

7          In determining the weight to give to the expert's opinion

8    that is based on the assumed facts, you should consider whether

9    the assumed facts are true.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1          JURY INSTRUCTION NO. 14

2         DEPOSITION IN LIEU OF LIVE TESTIMONY

3

4          A deposition is the sworn testimony of a witness taken

5   before trial.  The witness is placed under oath to tell the truth

6   and lawyers for each party may ask questions.  The questions and

7   answers are recorded.  When a person is unavailable to testify at

8   trial sometimes because they may now live outside the state, the

9   deposition of that person may be used at the trial.

10         You should consider deposition testimony, presented to you

11  in court in lieu of live testimony, insofar as possible, in the

12  same way as if the witness had been present to testify.

13         Do not place any significance on the behavior or tone of

14  voice of any person reading the questions or answers.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **JURY INSTRUCTION NO. 15**

2  **STATEMENTS OF A PARTY OPPONENT**

3

4     A party may offer into evidence any oral or written

5  statement made by an opposing party outside the courtroom.

6     When you evaluate evidence of such a statement, you may

7  consider these questions:

8     1.    Do you believe that the party actually made the

9  statement?  If you do not believe that the party made the

10  statement, you may not consider the statement at all.

11     2.    If you believe that the statement was made, do you

12  believe it was reported accurately?

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION NO. 16**

2    <u>**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**</u>

3

4        Certain charts and summaries not received in evidence have

5    been shown to you in order to help explain the contents of books,

6    records, documents, or other evidence in the case.  They are not

7    themselves evidence or proof of any facts.  If they do not

8    correctly reflect the facts or figures shown by the evidence in

9    the case, you should disregard these charts and summaries and

10   determine the facts from the underlying evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 17**

**CHARTS AND SUMMARIES IN EVIDENCE**

    Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1    **JURY INSTRUCTION NO. 18**

2    **<u>BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE</u>**

3

4        When a party has the burden of proof on any claim or defense

5    by a preponderance of the evidence, it means you must be

6    persuaded by the evidence that the claim or defense is more

7    probably true than not true.

8        You should base your decision on all of the evidence,

9    regardless of which party presented it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1      JURY INSTRUCTION NO. 19

2      **TITLE VII**

3      **DISPARATE IMPACT: NATIONAL ORIGIN DISCRIMINATION**

4

5      In this case plaintiffs claim that Nibco, by administering

6  the Z tests and laying them off, caused an adverse,

7  disproportionate impact on persons of Hispanic and Asian national

8  origins.  Plaintiffs contend that persons of Asian and Hispanic

9  national origin have been treated more harshly by Nibco.

10     To find a disparate impact, you do not need to consider

11  whether Nibco intended to discriminate against persons of Asian

12  and Hispanic national origins, you must focus on the consequences

13  or results of specific employment practices.

14     To establish their disparate impact claims, plaintiffs must

15  prove both of the following by a preponderance of the evidence.

16     First:  Nibco engaged in a specific employment practice or

17  practices that caused Nibco to lay off any plaintiff by reason of

18  any plaintiff's Asian or Hispanic national origin.

19     Second:  Nibco's administration of Z tests resulting in

20  plaintiffs' lay offs, had a significantly disproportionate

21  adverse impact on persons of Asian and/or Hispanic national

22  origins.

23     It is not enough for plaintiffs to prove that workers of

24  Asian and/or Hispanic national origin have suffered a disparate

25  impact.  Nor is it enough to allege that some generalized policy

26  is responsible for disparate impact.  Instead, plaintiffs must

27  prove that a specific employment practice or practices caused the

28  disproportionate adverse impact on persons of Asian and/or

20

1 | Hispanic national origins.

2 |     Nibco may, but is not required, to prove by a preponderance

3 | of the evidence, that the Z tests did not cause disparate impact

4 | by reason of plaintiffs' national origins.  If you find the Z

5 | tests caused disparate impact by reason of national origins,

6 | Nibco may prove by a preponderance of the evidence, the Z tests

7 | were job-related and consistent with business necessity.

1    JURY INSTRUCTION NO. 20

2    <u>TITLE VII</u>

3    <u>NIBCO'S JOB-RELATED AND BUSINESS NECESSITY DEFENSE</u>

4

5    Nibco contends that the giving of the Z test was job-related

6  and consistent with business necessity.  Nibco has the burden of

7  proving this defense by a preponderance of the evidence:  That

8  the Z tests were a business necessity by showing the tests were

9  job-related for the positions in question.

10    To determine that the Z tests were job-related, they must

11  actually measure knowledge, skill, or ability required for

12  performance of the job.

13    To make the determination that the Z tests were job-related,

14  the following three elements apply:

15    1.   Nibco must first specify the particular knowledge,

16  skill or ability, which the Z test was being used to identify and

17  measure.

18    2.   Nibco must then determine that the particular

19  knowledge, skill, or ability is an important element of work

20  behavior.

21    3.   Nibco must demonstrate by professionally acceptable

22  methods that the Z tests were predictive of, or significantly

23  correlated with, the element of work behavior identified.

24    The knowledge, skill, or ability which the Z tests

25  identified or measured must be an important element of work

26  behavior of the job and training program.  A specific knowledge,

27  skill or ability is an important element of job and training

28  program performance when a significant portion of the employee

22

1  time and energy on the job and in the training program, calls for
2  utilization of that knowledge, skill, or ability or when its
3  absence would significantly impair the employee's effectiveness
4  on the job and training program.

1          JURY INSTRUCTION NO. 21

2          LESS DISCRIMINATORY ALTERNATIVES

3

4          If you determine by a preponderance of the evidence that the

5   Z test is job-related and consistent with business necessity,

6   then plaintiffs must prove by a preponderance of the evidence

7   that Nibco did not adopt a suitable alternative to the Z test

8   that would have resulted in a lesser adverse impact on its Asian

9   and Hispanic employees.

10         Plaintiffs must prove all of the following:

11         1.    An alternative selection method was available;

12         2.    The alternative selection method would have been

13  equally effective;

14         3.    The alternative employment method would have resulted

15  in less disparity;

16         4.    Defendant refused to adopt that alternative selection

17  method.

24

1  **JURY INSTRUCTION NO. 22**

2  **PLAINTIFF'S FEHA CLAIM**

3

4       Plaintiffs claim that Nibco's Z test wrongfully

5  discriminated against them on the basis of their national origin

6  under state law, the Fair Employment and Housing Act (FEHA).  To

7  establish this claim, plaintiffs must prove each of the following

8  by a preponderance of the evidence:

9       1.    That plaintiffs were employed by defendant Nibco.  This

10  element is not disputed;

11       2.    That Nibco's Z tests had a disproportionate adverse

12  effect on plaintiffs by reason of their national origin;

13       3.    That plaintiffs were of the Asian and Hispanic national

14  origin.  This element is not disputed.

15       4.    That Nibco's Z test was a substantial factor in causing

16  harm to plaintiffs.

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 23

**FEHA CLAIM**

**DEFENSE OF BUSINESS NECESSITY/JOB RELATEDNESS**


Nibco claims that the Z test is lawful because it was necessary to its business.  To prove this defense, Nibco must establish both of the following by a preponderance of the evidence:

1.   That the purpose of the Z test was to operate the business safely and efficiently; and

2.   That the Z test substantially accomplished this business purpose.

1

**JURY INSTRUCTION NO. 24**

2

**FEHA CLAIM**

3

**PLAINTIFFS' REBUTTAL TO BUSINESS**

4

**NECESSITY/JOB RELATEDNESS DEFENSE**

5

6        If Nibco proves that the Z test was necessary to its

7    business, then the Z test is lawful unless the plaintiffs prove

8    both of the following by a preponderance of the evidence:

9        1.    That there was an alternative selection method that

10    would have accomplished the business purpose equally well; and

11        2.    That the alternative selection method would have had

12    less adverse impact on persons of Asian and Hispanic national

13    origin.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

1

**JURY INSTRUCTION NO. 25**

2

<u>**BUSINESS NECESSITY - PASSING SCORE ON TEST**</u>

3

4        The law does not require an employer to separately validate

5    the passing score on a test like the Z test.

6        You may consider whether the passing score on the Z test was

7    logical, reasonable, and consistent with Nibco's normal

8    expectations of acceptable performance within its work force.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 26**

**STATISTICALLY SIGNIFICANT DISPARITY -**

**RELIABILITY - CORRECT POPULATION FOR COMPARISON**


     Plaintiffs have the burden of identifying the correct
population for statistical comparison.  All of the employees in
the population being compared must be similarly situated.  The
correct population for analysis in the context of a reduction in
force does not include employees whose job positions were not at
risk of elimination in the event of a reduction in force.

29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 27**

**DISPARATE IMPACT - PROOF BY STATISTICAL EVIDENCE**


Adverse or disparate impact based on national origins may be established by use of statistical evidence.  Plaintiffs must offer statistical evidence of a kind and degree sufficient to show that the Z tests caused plaintiffs to be laid off by reason of their national origins.

1

**JURY INSTRUCTION NO. 28**

2

**GOOD FAITH EFFORT**

3

4      In evaluating the statistical evidence, you may consider

5   whether or not those who took the Z tests made a good faith

6   effort to pass those tests.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

1

**JURY INSTRUCTION NO. 29**

2

**AT-WILL DOCTRINE DOES NOT APPLY**

3

4      While an "at-will" employee may be terminated for no reason

5    at all, or even for an arbitrary or irrational reason, an

6    employer may not terminate an employee if it violates the law by

7    doing so.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**CALIFORNIA CONSTITUTION**


     The court read to you a portion of a section of the
California state constitution regarding the English language.
That provision does not supersede the constitutional right of
persons in this state to be free from discrimination in
employment because of their national origin.

33

1        **JURY INSTRUCTION NO. 31**

2                  **<u>CAUSATION</u>**

3

4        Plaintiff must prove that the Z tests were a cause of harm

5    or injury to them.  By cause is meant something that is a

6    substantial factor in bringing about harm or loss.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

**JURY INSTRUCTION NO. 32**

**DUTY TO DELIBERATE**


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

35

1

**JURY INSTRUCTION NO. 33**

2

**COMMUNICATION WITH COURT**

3

4        If it becomes necessary during your deliberations to
5    communicate with me, you may send a note through the law clerk,
6    signed by your presiding juror or by one or more members of the
7    jury.  No member of the jury should ever attempt to communicate
8    with me except by a signed writing; I will communicate with any
9    member of the jury on anything concerning the case only in
10   writing, or here in open court.  If you send out a question, I
11   will consult with the parties before answering it, which may take
12   some time.  You may continue your deliberations while waiting for
13   the answer to any question.  Remember that you are not to tell
14   anyone - including me - how the jury stands, numerically or
15   otherwise, until after you have reached a unanimous verdict or
16   have been discharged.  Do not disclose any vote count in any note
17   to the court.

18

19

20

21

22

23

24

25

26

27

28

36

1

**JURY INSTRUCTION NO. 34**

2

**RETURN OF VERDICT**

3

4      A verdict form has been prepared for you.  After you have

5  reached unanimous agreement on your verdicts, your presiding

6  juror will fill in the form that has been given to you, sign and

7  date it, and advise the law clerk that you are ready to return to

8  the courtroom.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37