1   Howard A. Sagaser #072492
    Michael S. Helsley #199103
2   **SAGASER, JONES & HELSLEY**
3   2445 Capitol Street, 2nd Floor
    Post Office Box 1632
4   Fresno, California  93717-1632
    Telephone:  (559) 233-4800
5   Facsimile: (559) 233-9330

6   William C. Hahesy, #105743
7   **LAW OFFICES OF WILLIAM C. HAHESY**
    225 W. Shaw Avenue, Suite 105
8   Fresno, CA  93704
    Telephone (559) 579-1230
9   Facsimile (559) 579-1231
    Email: bill@hahesylaw.com
10

11  Attorneys for Defendant Nibco, Inc.

12

# UNITED STATES DISTRICT COURT

13

## EASTERN DISTRICT OF CALIFORNIA

14

15  MARTHA RIVERA, MAO HER,
    ALICIA ALVAREZ, EVA ARRIOLA,
16  PEUANG BOUNNHONG, CHHOM
    CHAN, BEE LEE, PAULA
17  MARTINEZ, MARIA MEDINA, MAI
    MEEMOUA, MARGARITA
18  MENDOZA, BAO NHIA MOUA,
    ISIDRA MURILLO, MARIA
19  NAVARRO, VATH RATTANATAY,
    OFELIA RIVERA, SARA RIVERA,
20  MARIA RODRIGUEZ, MARIA RUIZ,
    MARIA VALDIVIA, SY VANG,
21  YOUA XIONG, and SEE YANG,

22          Plaintiffs,

23      v.

24  NIBCO, INC., an Indiana corporation,

25          Defendant.

Case No. CIV F-99 6443 OWW SMS

**DEFENDANT NIBCO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COST BILL**

Trial Date:    October 8, 2008
Time:          8:30 a.m.
Courtroom:     3

Judge:         Hon. Oliver W. Wanger

26  ///

27  ///

28  ///

# I.

## INTRODUCTION

This action proceeded to jury trial beginning October 8, 2008.  On November 26, 2008 the jury entered its unanimous verdict in favor of Nibco, Inc. against each plaintiff.  Judgment dated December 1, 2008 and filed December 2, 2008 was subsequently entered in this matter.

Defendant Nibco, Inc. submits this Memorandum of Points and Authorities in support of its Cost Bill.

# II.

## COSTS CLAIMED BY DEFENDANT

### A.    DEPOSITIONS OF WITNESSES TESTIFYING AT TRIAL

The list of witnesses who testified at the trial and the deposition costs associated with those witnesses are set forth in the accompanying Declaration of William C. Hahesy.  Those witnesses are:  Gloria Watson, Dr. Peter Scontrino, Anita Escamilla, William Lepowsky, Chhom Chan, Mai Youa Xiong, Martha Rivera, Connie Williams, Karen Bowerman, Liduvina Maria Robledo, Mark Rein, Maria Ruiz, Doug Kieper, Sara Rivera, Bao Nhia Moua, Paula Martinez, Dr. Roseann Gonzalez, Margarita Mendoza, Maria Rodriguez, Peaung Bounnhong, Maria Navarro, Bee Lee, Vath Rattanatay, Alicia Alvarez, Mai Mee Moua, Earnest Harper, See Yang, Eva Arriola, Maria Medina, Gerald Barrett, Isidra Murillo, Mao Her, Steve Brunnengraeber, Ken Moreno, Greg Ceballos.  Costs of deposition transcripts are covered under 28 U.S.C. § 1920(2).  Those costs may properly be recoverable.

### B.    VIDEOTAPED DEPOSITIONS

In addition, certain of the depositions were videotaped.  Those depositions are as follows: Martha Rivera, Connie Williams, Doug Kieper, Ofelia Rivera, Maria Navarro, Vath Rattanatay, Sy Vang, Isidra Murillo, Mao Her, Bao Nhia Moua, Youa Xiong, Paula Martinez, Bee Lee and Peuang Bounnhong.  Defendant Nibco, Inc. seeks to recover both the stenographic transcript and the videotape recording of those depositions.  Some courts have permitted the recovery of both of those items. (*Davis v. Puritan-Bennett Corp.*, 923 F.Supp. 179, 180 (D. KS. 1996).)

C.    **DEPOSITIONS USED IN CONNECTION WITH MOTIONS FOR SUMMARY JUDGMENT**

The following additional witnesses were deposed and their testimony was used in connection with the motions for summary judgment filed by the parties in this case: Eliseo Avitia, Regina Bezold, Ruben Burnias, Michael Farrell, Gary Ledbetter, Henry Medina, Paul Penerian, James Polian, Daniel Schueler, David Smith, Craig Vilhauer, Jay Finkelman, Margaret Franchi, Dennis Parker, Darcey Voyles.

These depositions were necessarily obtained for use in this case, and in fact were used. (28 U.S.C. § 1920(2); *Javetz v. Board of Control, Grand Valley State Univ.*, 164 F.R.D. 447, 448 (W.D. Mich. 1996) [Necessity of deposition is determined at the time of its taking and the fact that the deposition is not used at trial is not controlling]; *Kaimowitz v. Howard*, 547 F.Supp. 1345, 1353 (E.D. Mich. 1982) [Deposition used in connection with successful motion for summary judgment].)

All these depositions were actually noticed by the plaintiffs, except for Regina Bezold. A number of these individuals were potential witnesses at trial. Their testimony was certainly used in connection with the opposition or making of the motions for summary judgment and thus were reasonably necessary for this case.

D.    **OTHER DEPOSITIONS TAKEN IN THE COURSE OF THIS CASE**

The following additional depositions were also taken in this case: Malcolm Cohen, James Drexinger, Francisco Gomez, Joseph Gross, Todd Loomis, Roger Moitoso, Joseph Penbera, Michael Ranieri, Rachel Rodriguez, Craig Roth, Rick Sarkissian, Phil Wyatt, Xhue Yang.

Malcolm Cohen and Rick Sarkisian, Defendant's experts, were depositions noticed by the plaintiffs. Joseph Penbera and Francisco Gomez were damage experts designated by the plaintiffs. Xhue Yang was a plaintiff at the time his deposition was taken. The taking of all these depositions was necessarily obtained for use in this case. The taking or defending of these depositions and the costs incurred in connection therewith were reasonably necessary for purposes of this case. (28 U.S.C. § 1920(2)). Michael Ranieri was a witness deposed by the plaintiffs. The other witnesses listed in this section of the Memorandum of Points and

1   Authorities were deposed by the defendants. Although the witnesses did not actually testify at
2   trial, at the time of the depositions these witnesses were individuals who may have had
3   knowledge related to issues in the case. The issues included product problems and customer
4   complaints and other issues within the plant. The fact that the depositions may not have been
5   used at trial or the witnesses may not have testified at trial is not determinative. (*Javetz v.*
6   *Board of Control, Grand Valley State Univ.*, 164 F.R.D. 447, 448 (W.D. Mich. 1996)).

7       **E.**    **DAILY TRIAL TRANSCRIPTS**

8       Defendant Nibco, Inc. received rough daily transcripts from the court reporter relating
9   to the trial. These daily transcripts were used during the course of the case, including for
10  preparation of further proceedings in the case. A number of the daily transcripts were actually
11  used in the closing argument provided by defendant Nibco, Inc. In addition, a number of these
12  trial transcripts were used in connection with the Rule 50 Motion submitted by defendant
13  Nibco, Inc. While prior court approval was not obtained for recoverability of these costs,
14  Defendant Nibco, Inc. believes that these costs should be recoverable in that the transcripts
15  proved invaluable to counsel and the Court in this case. (See *Weeks v. Samsung Heavy*
16  *Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Manildra Milling Corp. v. Ogilvie*
17  *Mills, Inc.*, 76 F.3d 1178, 1180-1181; 1184 (Fed. Cir. 1996) [Stating in general that the daily
18  trial transcripts should not be awarded absent court approval prior to trial but stating that
19  District Court may award if the case is complex and the transcripts proved invaluable to both
20  Court and counsel.] The trial was lengthy and the daily transcripts helped prepare and support
21  motions made during the course of the case and also the presentation of the closing arguments.

22      The cost for the daily transcripts is $12,787.40.

23      **F.**    **TRAVEL AND LODGING EXPENSES FOR WITNESS JOHN HALL**

24      One of the witnesses in this case traveled from out-of-state to testify at trial. This
25  witness was John Hall, a former employee of Defendant Nibco, Inc. who testified at the trial in
26  this case. The Court has the authority to reimburse as costs the reasonable travel and lodging
27  expenses for John Hall. (28 U.S.C. §§1821, 1920-23; *Majeske v. City of Chicago*, 213 F.3d
28  816, 825 (7th Cir. 2000)). John Hall's reasonable travel and lodging expenses are $2,881.94, as

set forth more particularly on Exhibit K to the Bill of Costs.

G.    **WITNESS FEES FOR WITNESSES SERVED BUT NOT CALLED AT TRIAL**

The following additional witnesses were served with subpoenas for attendance at trial, but not actually called at trial:

| Witness | Witness Fee |
|---|---|
| Henry Medina | 91.04 |
| Doug Deffenbach | 69.00 |
| Mai Moua | 69.00 |
| Hortencia Rodriguez | 69.00 |
| Fermin Gasca | 69.00 |
| Albert Diaz | 69.00 |
| Dustin Cabral | 69.00 |
| Miguel Alvarez | 69.00 |
| Griselda Lopez | 69.00 |
| Paul Bergen | 69.00 |
| Jose Ruiz | 69.00 |
| Ryland Williams | 69.00 |
| Doug Bunting | 69.00 |
| Craig Vilhauer | 69.00 |
| Rosa Ceja | 69.00 |
| Rachel Rodriguez | 69.00 |
| Connie Williams | 150.08 |
| Mark Rein | 69.00 |
| Darcey Voyles | 69.00 |
| Long Thao | 69.00 |
| Chao Her | 69.00 |
| Jim Polian | 69.00 |
| Visal Long | 69.00 |
| Margaret Franchi | 69.00 |
| Michael Farrell | 69.00 |
| Robert Alvarez | 69.00 |
| Marcus Avalos | 69.00 |
| Kirsten Burrows | 69.00 |
| Aaron DeOcio | 69.00 |
| Eusebio Gamez | 69.00 |
| Mike Ranieri | 69.00 |
| Gustavo Rivera | 69.00 |
| Josue Alvarez | 69.00 |
| Regina Staiger Bezold | 69.00 |
| Southone Bounphonh | 69.00 |
| Chi Minh Dao | 69.00 |

| Witness | Witness Fee |
|---|---|
| Rita Garcia | 69.00 |
| Stan Hawkins | 69.00 |
| Jose Villa | 69.00 |
| Kathy Westerman | 69.00 |
| Custodian of Records, Zee Medical | 69.00 |
| Anthony Malt | 69.00 |
| Violet Valdez | 69.00 |
| Anita Escamilla | 69.00 |
| Dean James | 69.00 |

**TOTAL:**                    **$ 3,208.12**

These witnesses were served but did not actually testify at trial. Some courts require that the witness actually appear and testify. (See *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995) (expert witness.) Other courts have allowed witness fees even if the witness does not testify on the theory that the statute compensates readiness to testify. (*Haroco v. American National Bank & Trust Co. of* Chicago, 38 F.3d 1429, 1442 (7th. Cir. 1994). The fact that these witnesses were not ultimately called at trial is not dispositive. They were ready for trial in the event their testimony was needed. Defendant seeks recovery of those costs to the extent permitted by the Court.

**H.    FEES FOR EXEMPLIFICATION AND COPYING OF PAPERS NECESSARY TO OBTAIN FOR USE IN THE CASE**

Defendant Nibco, Inc. incurred certain charges related to the copying of exhibits designated on its exhibit list. Those costs are reflected in Exhibit H attached to the Bill of Costs. (28 U.S.C. § 1920(4); *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988).)

The Court ordered that various copy sets be made of the trial exhibits. One set was made for the plaintiffs, one set was made for the Court, one set was made for the witnesses and one set was available for and actually used by the defendant. The sets were provided to plaintiffs, the Court and were available for use by the witness. These sets were reasonably necessary defense of the case and to comply with the Court's order. Additional copies of

1   exhibits were also made during trial for use in the presentation of the case.

2

3   DATED:  December 5, 2008                    By: _____

4                                                   William C. Hahesy,
                                                    Attorney for Defendant
5                                                   Nibco, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NIBCO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COST BILL

**PROOF OF SERVICE**

My business address is 225 W. Shaw Avenue, Suite 105, Fresno, California 93704.   I am employed in Fresno County, California.  I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **DEFENDANT NIBCO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COST BILL** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED

X   (BY MAIL)    I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

____   (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

____   (BY ELECTRONIC MAIL)   I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated.

____   (BY FACSIMILE)    I caused the above-referenced document to be delivered by facsimile to the facsimile number(s) of the addressee(s).

____   (BY OVERNIGHT COURIER)   I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

EXECUTED on December 5, 2008, at Fresno, California.

____   (STATE)        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X   (FEDERAL)    I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

*Cheryl Dunkle*
Cheryl Dunkle

1

2  Christopher Ho, Esq.
   Willie N. Nguyen, Esq.
3  **The Legal Aid Society -**
   **Employment Law Center**
4  600 Harrison Street, Suite 120
   San Francisco, California  94107
5

6  William J. Smith, Esq.
   Tina R. Griffin, Esq.
7  **W.J. Smith & Associates**
   2350 West Shaw Avenue, Suite 132
8  Fresno, California  93711

9
   Marielena Hincapie, Esq.
10 **National Immigration Law Center**
   3435 Wilshire Boulevard, Suite 1850
11 Los Angeles, California  90010

12

13 Howard A. Sagaser, Esq.
   **Sagaser, Jones & Helsley**
14 2445 Capitol Street, 2nd Floor
   Fresno, CA  93721
15

16

17

18

19

20

21

22

23

24

25

26

27

28