Howard A. Sagaser #072492
Michael S. Helsley #199103
SAGASER, JONES & HELSLEY
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California 93717-1632
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

William C. Hahesy, #105743
LAW OFFICES OF WILLIAM C. HAHESY
225 W. Shaw Avenue, Suite 105
Fresno, CA 93704
Telephone (559) 579-1230
Facsimile (559) 579-1231
Email: bill@hahesylaw.com

Attorneys for Defendant Nibco, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG,<br><br>Plaintiffs,<br><br>v.<br><br>NIBCO, INC., an Indiana corporation,<br><br>Defendant. | Case No. CIV F-99 6443 OWW SMS<br><br>**DECLARATION OF WILLIAM C. HAHESY IN SUPPORT OF COST BILL**<br><br>Trial Date: October 8, 2008<br>Time: 8:30 a.m.<br>Courtroom: 3<br><br>Judge: Hon. Oliver W. Wanger |

///

///

///

Y:\Nibco\Pldg\WCH Decl re Cost Bill.doc         1

I, WILLIAM C. HAHESY, declare:

1.  I am an attorney duly admitted to practice law before all the courts of the State of California and the United States District Court, Eastern District of California and I am one of the attorneys of record for defendant Nibco, Inc.

2.  I am submitting this Declaration in support of the Cost Bill submitted by defendant Nibco, Inc.

3.  I am a duly authorized attorney for Nibco, Inc. To the best of my knowledge, the items set forth in the Cost Bill are correct and believe them to have been necessarily incurred in this case.

**DEPOSITIONS OF WITNESSES TESTIFYING AT TRIAL**

The list of witnesses who testified at the trial is set forth herein:

Gloria Watson, Dr. Peter Scontrino, Anita Escamilla, William Lepowsky, Chhom Chan, Mai Youa Xiong, Martha Rivera, Connie Williams, Karen Bowerman, Liduvina Maria Robledo, Mark Rein, Maria Ruiz, Doug Kieper, Sara Rivera, Bao Nhia Moua, Paula Martinez, Dr. Roseann Gonzalez, Margarita Mendoza, Maria Rodriguez, Peaung Bounnhong, Maria Navarro, Bee Lee, Vath Rattanatay, Alicia Alvarez, Mai Mee Moua, Earnest Harper, See Yang, Eva Arriola, Maria Medina, Gerald Barrett, Isidra Murillo, Mao Her, Steve Brunnengraeber, Ken Moreno, Greg Ceballos.

I am informed and believe that true copies of the deposition bills are attached as Exhibit "A" to the Bill of Costs.

**DEPOSITIONS USED IN CONNECTION WITH MOTIONS FOR SUMMARY JUDGMENT**

The following additional witnesses were deposed and I believe their testimony was used in connection with the motions for summary judgment filed by the parties in this case:

Eliseo Avitia, Regina Bezold, Ruben Burnias, Michael Farrell, Gary Ledbetter, Henry Medina, Paul Penerian, James Polian, Daniel Schueler, David Smith, Craig Vilhauer, Jay Finkelman, Margaret Franchi, Dennis Parker, Darcey Voyles.

This list omits the individuals who actually testified at trial.

I am informed and believe that true copies of the deposition bills are attached as Exhibit "B" to the Bill of Costs.

### OTHER DEPOSITIONS TAKEN IN THE COURSE OF THIS CASE

The following additional depositions were also taken in this case:

Malcolm Cohen, James Drexinger, Francisco Gomez, Joseph Gross, Todd Loomis, Roger Moitoso, Joseph Penbera, Michael Ranieri, Rachel Rodriguez, Craig Roth, Rick Sarkisian, Phil Wyatt, Xhue Yang.

I am informed and believe that true copies of the deposition bills are attached as Exhibit "C" to the Bill of Costs.

Malcolm Cohen and Rick Sarkisian, Defendant's experts, were depositions noticed by the plaintiffs. Joseph Penbera and Francisco Gomez were damage experts designated by the plaintiffs. Xhue Yang was a plaintiff at the time his deposition was taken. The taking of all these depositions was necessarily obtained for use in this case. The taking or defending of these depositions and the costs incurred in connection therewith were reasonably necessary for purposes of this case. (28 U.S.C. § 1920(2)). Michael Ranieri was a witness deposed by the plaintiffs. The other witnesses listed in this section of the Memorandum of Points and Authorities were deposed by the defendants. Although the witnesses did not actually testify at trial, at the time of the depositions these witnesses were individuals who may have had knowledge related to issues in the case. The issues included product problems and customer complaints and other issues within the plant. The fact that the depositions may not have been used at trial or the witnesses may not have testified at trial is not determinative.

### VIDEOTAPE RECORDINGS OF DEPOSITIONS

The following depositions were videotaped in this case: Martha Rivera, Connie Hitt Williams, Doug Kieper, Ofelia Rivera, Maria Navarro, Vath Rattanatay, Ofelia Rivera, Sy Vang, Isidra Murillo, Mao Her, Bao Nhia Moua, Ofelia Rivera, Youa Xiong, Paula Martinez, and Bee Lee. I am informed and believe that supporting documents are attached as Exhibit "D" to the Bill of Costs.

///

## DAILY TRIAL TRANSCRIPTS

Defendant Nibco, Inc. received rough daily transcripts from the court reporter relating to the trial. These daily transcripts were used during the course of the case, including for preparation of further proceedings in the case. A number of the daily transcripts were actually used in the closing argument presented by defendant Nibco, Inc. In addition, a number of these trial transcripts were used in connection with the Rule 50 Motion submitted by defendant Nibco, Inc. While prior court approval was not obtained for recoverability of these costs, I believe that these costs should be recoverable in that the transcripts proved invaluable in this case. The trial was lengthy and complex and the daily transcripts helped prepare and support motions made during the course of the case and also the presentation of the closing argument.

The cost for the daily transcripts is $12,727.40. Attached to the Bill of Costs as Exhibit "G" is an itemization of those transcripts.

## TRAVEL AND LODGING EXPENSES FOR JOHN HALL

One of the witnesses in this case traveled from out-of-state to testify at trial. This witness was John Hall, a former employee of Defendant Nibco, Inc.

I am informed and believe that John Hall's reasonable travel and lodging expenses are $2,881.94 and are more fully set forth in Exhibit "I" to the Bill of Costs.

## WITNESS FEES FOR WITNESSES SERVED BUT NOT CALLED AT TRIAL

I am informed and believe that the following additional witnesses were served with subpoenas for attendance at trial, but not actually called at trial and were issued checks in the amount stated as a witness fee:

| Witness | Witness Fee |
| --- | --- |
| Henry Medina | 91.04 |
| Doug Deffenbach | 69.00 |
| Mai Moua | 69.00 |
| Hortencia Rodriguez | 69.00 |
| Fermin Gasca | 69.00 |
| Albert Diaz | 69.00 |
| Dustin Cabral | 69.00 |
| Miguel Alvarez | 69.00 |
| Griselda Lopez | 69.00 |

| Witness | Witness Fee |
|---|---|
| Paul Bergen | 69.00 |
| Jose Ruiz | 69.00 |
| Ryland Williams | 69.00 |
| Doug Bunting | 69.00 |
| Craig Vilhauer | 69.00 |
| Rosa Ceja | 69.00 |
| Rachel Rodriguez | 69.00 |
| Connie Williams | 150.08 |
| Mark Rein | 69.00 |
| Darcey Voyles | 69.00 |
| Long Thao | 69.00 |
| Chao Her | 69.00 |
| Jim Polian | 69.00 |
| Visal Long | 69.00 |
| Margaret Franchi | 69.00 |
| Michael Farrell | 69.00 |
| Robert Alvarez | 69.00 |
| Marcus Avalos | 69.00 |
| Kirsten Burrows | 69.00 |
| Aaron DeOcio | 69.00 |
| Eusebio Gamez | 69.00 |
| Mike Ranieri | 69.00 |
| Gustavo Rivera | 69.00 |
| Josue Alvarez | 69.00 |
| Regina Staiger Bezold | 69.00 |
| Southone Bounphonh | 69.00 |
| Chi Minh Dao | 69.00 |
| Rita Garcia | 69.00 |
| Stan Hawkins | 69.00 |
| Jose Villa | 69.00 |
| Kathy Westerman | 69.00 |
| Custodian of Records, Zee Medical | 69.00 |
| Anthony Malt | 69.00 |
| Violet Valdez | 69.00 |
| Anita Escamilla | 69.00 |
| Dean James | 69.00 |

**TOTAL:**     $ 3,208.12

### FEES FOR EXEMPLIFICATION AND COPYING OF PAPERS NECESSARY TO OBTAIN FOR USE IN THE CASE

The Court ordered that various copy sets be made of the exhibits. One set was made for the plaintiffs. One set was made for the Court. One set was made for the witnesses and

one set was available then for use by the defendant. The sets were provided to plaintiffs, the Court and were available for use by the witness. In addition, the set was used by the defendant during the course of the case. These sets were reasonably necessary for defendant Nibco, Inc.'s case and to comply with the Court's order. Additional copies of exhibits were also made during trial for use in the presentation of the case.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this Declaration is executed on December 5, 2008 at Fresno, California.

_____
William C. Hahesy,
Attorney for Defendant
Nibco, Inc.

Y:\Nibco\Pldg\WCH Decl re Cost Bill.doc      6

DECLARATION OF WILLIAM C. HAHESY IN SUPPORT OF COST BILL

## PROOF OF SERVICE

My business address is 225 W. Shaw Avenue, Suite 105, Fresno, California 93704. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **DECLARATION OF WILLIAM C. HAHESY IN SUPPORT OF COST BILL** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED

__X__   (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

_____   (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

_____   (BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated.

_____   (BY FACSIMILE) I caused the above-referenced document to be delivered by facsimile to the facsimile number(s) of the addressee(s).

_____   (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

EXECUTED on December 5, 2008, at Fresno, California.

_____   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__   (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

*Cheryl Dunkle*
Cheryl Dunkle

```
 1  Christopher Ho, Esq.
 2  Willie N. Nguyen, Esq.
    **The Legal Aid Society -
 3  Employment Law Center**
    600 Harrison Street, Suite 120
 4  San Francisco, California  94107
 5
    William J. Smith, Esq.
 6  Tina R. Griffin, Esq.
 7  **W.J. Smith & Associates**
    2350 West Shaw Avenue, Suite 132
 8  Fresno, California  93711
 9
    Marielena Hincapie, Esq.
10  **National Immigration Law Center**
11  3435 Wilshire Boulevard, Suite 1850
    Los Angeles, California  90010
12
13  Howard A. Sagaser, Esq.
    **Sagaser, Jones & Helsley**
14  2445 Capitol Street, 2nd Floor
    Fresno, CA  93721
15
16
17
...
28
```