# EXHIBIT A
Declaration of Carole Vigne

**REVISED EXHIBIT A**

***Rivera, et al. v. Nibco, Inc., et al.,***
No. CIV F-99-6443 AWI SMS

**(Summaries of Amounts Reflected on Records Produced In Response to
Defendants' Production Request No. 42 and Information Responsive to Defendant's
Interrogatory No. 147, April 12, 2001, *updated September 2008*)**

<u>Notes</u>:

\* Date(s) not specified.
\*\* Amount incorporated into next listed YTD figure.

| Plaintiff | Employer | Dates | Hr. Rate | Amount |
|---|---|---|---|---|
| | | | | |
| **Alvarez, Alicia (AA)** | *Varsity Contractors* | 5/2/99 – 5/16/99 | 6.00; 5.75 | 132.25 |
| | *Pacific Choice Brands* 4667 E. Date Fresno, California 93725 559-237-5583 | 5/3/99 | 6.00 | 48.00 |
| | *Zacky Farms* 2020 S. East Avenue, Fresno, CA 93721 P.O. Box 12556, Fresno, CA 93778 559-486-2310 | 6/12/99 (2 days) | 6.00 | 59.88 |
| | *Pleasant Mattress* 2743 E. Shaw Ave, Suite 120 Fresno, CA 93710-8205 559-294-6663 | 6/13/99 – 8/25/99 | 5.75 | 2352.92 |
| | *Central Valley Resources (CVR)* 1379 E. San Bruno # H Fresno, CA 93710 | 8/99 – 12/99 | 8.15 | 5008.63 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 | 1/01 – 9/7/01 | 8.15; 8.40 | 13244.63 |
| | *Pleasant Mattress* | 11/02 – 12/02 | 6.75 | 1674.74 |
| | *Pleasant Mattress* | 1/03 – 3/5/03 | 6.75 | 2351.73 |
| | *Childcare* | 3/03 to 12/03 | $120/week | Approx. 6240/year |

| | | | | |
|---|---|---|---|---|
| | *Childcare* | 1/04-12/04 | | Approx. 5000/year |
| | *Childcare* | 1/05-12/05 | | Approx 5000/year |
| | *Target* | 8/05-12/05 | 7.50 | 2375.00 |
| | *Childcare* | 1/06-12/06 | | Approx 5000/year |
| | *Target* | 1/06-12/06 | 7.50; 7.70 | 9368.90 |
| | *Childcare* | 1/07-12/07 | | Approx 5000/year |
| | *Target* | 1/07-12/07 | 8.60 | 9313.32 |
| | *Childcare* | 1/08-present | | Approx 5000/year |
| | *Target* | 1/08-present | 8.90 | 6042.64 YTD |
| | | | | |
| **Bounnhong, Peuang** | *Agricultural Field Work* Fresno, CA | 1999 | | Approx. 3000.00 |
| | *Field Work* | 2000 | | Approx. 5000.00 |
| | *Field Work* | 2001 | | Approx. 8000.00 |
| | *Field Work* | 2002 | | Approx. 6000.00 |
| | *Field Work* | 2003 | | Approx. 2000.00 |
| | *Field Work* | 2004 | | Approx. 4000.00 |
| | Field Work | 2005 | | |
| | Field Work | 2006 | | |
| | Field Work | 2007 | | |
| | Field Work | 2008 | | |
| | | | | |
| **Lee, Bee (BL)** | *Hoff Farms* Fresno, CA | | | |
| | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 8/8/99 – 12/26/99 | 7.10 | 5,921.70 |
| | *CVR* | 1/1/00 – 11/03/00 | 7.10; 7.35 | 4545.26 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01—9/01 | 7.35 | 11208.29 |
| | *Rain Creek Bakery* Fresno, CA | 9/01 – 1/02 | 6.25 | 3978.14 |
| | *Table Mountain Casino* P.O. Box 445 Friant, CA 93626 559-822-2485 | 1/10/02 – 12/02 | 7.00; 7.50 | 15, 123.23 |
| | *Table Mountain Casino* | 1/03 – 12/03 | 7.50; 8.00 | 18155.55 |
| | *Table Mountain Casino* | 1/04 - 12/04 | 8.00; 8.20 | 18287.20 |

|  | *Table Mountain Casino* | 1/05 to 12/05 | 8.20; 8.45 | 19670.60 |
|---|---|---|---|---|
|  | *Table Mountain Casino* | 1/06 – 12/06 | 8.70 | 19416.20 |
|  | *Table Mountain Casino* | 1/07 – 12/07 | 8:70; 9.13; 9.40 | 24161.13 |
|  | *Table Mountain Casino* | 1/1/08 & 1/4/08 | 9.40 | Approx. 130.00 |
|  | *Mainstay Business Solutions* 605 Coolidge Dr. 2nd Floor Folsom, CA 95630 *(at Jain Irrigation)* | 2/4/08 – Present | 8.00 | Approx. 9500.00 |
|  |  |  |  |  |
| **Moua, Bao Nhia (BNM)** | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 3/9/00 – 9/3/00 | 6.65 | 6555.57 YTD |
|  | *CVR* | 1/26/01 – 9/01/01 | 6.65 | 1276.80 |
|  | *CVR* | 5/02 – 10/02 | 6.90; 7.40 | 5752.40 |
|  | *Table Mountain Casino* P.O. Box 445 Friant, CA 93626 559-822-2485 | 10/02 – 12/02 | 7.00 | 3518.55 |
|  | *Table Mountain Casino* | 1/03 – 12/03 | 7.00; 7.25 | 15, 846.00 |
|  | *Table Mountain Casino* | 1/04 – 12/04 | 7.25; 7.61 | 16,324.94 |
|  | *Table Mountain Casino* | 1/05 – 12/05 | 7.61 7.84 | 17993.26 |
|  | *Table Mountain Casino* | 1/06 – 12/06 | 8.07 | 18810.58 |
|  | *Table Mountain Casino* | 1/07 – 12/07 | 9.40 | 24605.63 |
|  | *Table Mountain Casino* | 1/08 – present | 9.87 | 15188.00 YTD |
|  |  |  |  |  |
| **Chan, Chhom (CC)** | *Buckner* Fresno, CA | 1998 | 5.75 | Approx. 143.75 |
|  | *Donut Shop* Madera, CA | 1999 |  | Approx. 1000.00 |

| | | | | |
|---|---|---|---|---|
| | *CVR*<br>1379 E. San Bruno # H Fresno, CA 93710 | * -- 7/25/99 | 5.75 | 1,288.01 |
| | *Wade*<br>1379 E. San Bruno # H Fresno, CA 93710<br>1-800-695-7171 or 559-485-7171 | *--11/3/00 | 7.65 | 13,066.35 |
| | *Wade* | 1/01 – 12/01 | 7.65; 8.00 | 15658.32 |
| | *Wade* | 1/02 – 12/02 | 8.00; 8.35 | 15995.61 |
| | *Wade* | 1/03 – 12/03 | 8.35 | 15770.77 |
| | *Aquarius Brands Inc.*<br>2851 E. Florence Ave. Fresno, CA 93721<br>1-800-695-7171 or 559-485-7171 | 1/04 – 12/04 | 8.35; 11.01 | 16599.10 |
| | *Aquarius Brands Inc.* | 2005 | 11.01 | 1000.00 |
| | Self-employed Carrier | 09/05-9/06 | | Approx. 2400 |
| | *Versatile Legal Support*<br>287 S. Robertson Blvd., Ste 102 Beverly Hills, CA 90211 | 1/2006 – 12/2006 | | 29442.32 |
| | *Versatile Legal Support* | 1/2007-2/12/2007 | | 7943.00 |
| | *Volt Management Corp.*<br>P.O. Box 13500 Orange, CA 92857 | 6/11/2007 – 9/23/07 | 8.15 | 6358.37 |
| | *Jain Irrigation Inc.*<br>P.O. Box 3760 Ontario, CA 91761 | 9/23/2007 – 12/31/2007 | 8.50<br>9.00 | 2007: approx. 5340.95 |
| | *Jain Irrigation* | 1/08-present | 9.00; 9.45 | 18,025 YTD |
| | | | | |
| **Arriola, Eva (EA)** | *Manusum* (raisin packaging house) Fresno, CA | 9/1/98 – 12/98 | 5.75 | |
| | *Lorena Restaurant*<br>435 W Belmont Ave Fresno, CA | 12/30/98-1/5/99 | 5.75 | 391.00 |

| | | | | |
|---|---|---|---|---|
| | *Lorena Restaurant* | * [85 hours] | 5.50 | 456.50 |
| | *Lorena Restaurant* | * [73 hours] | 5.75 | 419.75 |
| | *Lorena Restaurant* | * [69 hours] | 5.75 | 396.75 |
| | *Lorena Restaurant* | * [71 hours] | 5.75 | 408.25 |
| | *Lorena Restaurant* | * [63 hours] | 5.75 | 362.25 |
| | *CVR* Fresno, CA 93710 | 9/1/99 – 12/26/99 | 7.00 | 4,804.77 |
| | *CVR* | 1/1/00 – 1/27/00 | 7.00 | 913.50 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01 – 12/01 | 8.00 | 14,913.80 |
| | *Wade* | 1/02 – 12/02 | 8.00; 8.50; 9.00 | 18,779.29 YTD |
| | *Wade* | 1/03 – 12/03 | 9.00 | 18,773.48 |
| | *Aquarius 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171* | 2004 | 7.75 | 600.19 |
| | *Specialty Branded Products* Belmont & Browley Fresno, CA 559-444-0165 | 2004 | 6.75 | 1227.19 |
| | *Complete Labor Service, Inc.* | 7/04 – 9/04 | Piecework | 1692.00 |
| | *Agricultural Field Work* for Sanger | 8/04 – 10/04 | $150-200/week | |
| | *J's Construction Cleaning* 168 Karen St. Clovis, CA | 9/04 – 10/04 | | 934.88 |
| | *Placement Pros/Vedior* 110 W. Shaw St. Clovis, CA 559-439-1100 | 10/04 – 12/04 | 7.00 | 1662.13 |
| | *Placement Pros/Vedior* | 1/05 – 4/05 | 7.00 | 3126.39 |
| | | | | |

| | | | | |
|---|---|---|---|---|
| **Moua Lee, Mai Mee(MEE)** | *Fresno Unified School District (USD)* 2309 Tulare St. Fresno, CA 93721-2287 559-457-3733 | 10/28/98 – 12/31/98 Part-time | 6.00 | 721.34 |
| | *Fresno USD* | 1/1/99 – 6/13/99 Part-time | 6.00 | 2,561.90 |
| | *Opportunities Plus* 5654 E Westover Ave #104 *Fresno, CA 93727 559-291-7587* | 6/14/99 – 7/31/99 | 7.00 | 679.00 |
| | *Opportunities Plus* | 7/16/99 – 8/18/99 | 7.00 | 1,141.00 |
| | *IHSS* (for Recipient 2) | 1/99 to 2005 | | 4097.24 |
| | *In-Home Supportive Services (IHSS)* | *-7/26/99 | | 3820.90 |
| | *Fresno USD* | 1/1/00 – 12/31/00 | 8.28 | 8237.95 |
| | *IHSS* | 7/1/00 – 12/15/00 | | 2235.63 |
| | *Fresno USD* | 1/01 – 12/01 Part-time | | 8438.43 |
| | *IHSS* | *-1/25/01 | | 232.88 |
| | *IHSS* | 1/01 – 12/01 | | |
| | *Fresno USD* | 1/02 – 12/02 Part-time | | To be supplemented |
| | *Fresno USD* | 1/03 – 12/03 Part-time | | To be supplemented |
| | *Fresno USD* | 1/04 – 12/04 Part-time | | To be supplemented |
| | *IHSS* (for Recipient 1) | 4/04 – 7/04 | | |
| | *Fresno USD* | 2005 | | 12079.19 |
| | *Thao Soua* P.O. Box 700 Rancho Cordova, CA | 2005 | | 8025.50 |
| | *Fresno USD* | 2006 | | 9162.00 |
| | *Fresno County* | 2006 | | 5068.00 |
| | *Thao Soua* | 2006 | | 10214.92 |
| | *Fresno USD* | 1/07-6/07 | | |
| | *Wal-Mart* 207 S. Memorial Dr. Tulsa, OK 74122 | 2/08 – Present | 8.50 | |
| | | | | |
| **Her, Mao (MH)** | *IHSS* | 1998 – 1/19/01 | 5.75 | 7778.07 |

| | | | | |
|---|---|---|---|---|
| | *Zacky Farms* 2020 S. East Avenue, Fresno, CA 93721 P.O. Box 12556, Fresno, CA 93778 559-486-2310 | 8/7/98 – 8/15/98 | 5.75 | 210.62 |
| | *Harris Ranch Beef* P.O. Box 220 Selma, CA 93662 800-742-1955 | 2/99 – 4/20/99 | To be supplemented | 2,238.36 |
| | *Holcomb Products, Inc.* 14396 Hwy. 41 Madera, CA 93638 | 4/29/99 – 12/22/99 | 7.00 | 9,123.75 |
| | *Holcomb Products* | 1/1/00 – 12/29/00 | 7.50 | 15,194. |
| | *Holcomb Products* | 1/01 – 12/01 | 7.50; 7.80 | 13963.95 |
| | *Holcomb Products* | 1/02 – 12/02 | 7.80; 8.19 | 15157.55 |
| | *Holcomb Products* | 1/03 – 12/03 | 8.19; 8.61 | 17743.91 |
| | *Holcomb Products* | 1/04 to 12/04 | 8.61; 9.04 | 18761.99 |
| | *BeautiControl, Inc.* 2121 Midway Road Carrollton, TX 75006 1-800-BEAUTI-1 (232-8841) | 1/19/04 to ? | Commission | 4358.56 |
| | *Xango* Texas | 5/04-11/04 | Commission Sales | 258.00 YTD |
| | Fresno County, Care Provider | 1/05 – 12/05 | | 12,932.00 |
| | *Holcomb Products* | 1/05 – 12/05 | 9.00; 9.40 | 12740.46 |
| | *World Class (Formerly Holcomb Products)* | 1/06 – 5/06 | Approx. 9.50 | 8637.41 |
| | *Pacific Tent* 7295 N. Palm Bluffs Fresno, CA 93711 | 5/06 – 12/06 | Approx. 9.50 | 9855.59 |
| | *Foster Farm* | few days in 2006 | | 179.92 |
| | Fresno County, Care Provider | Part of 2006 | | 6284.49 |

| | | | | |
|---|---|---|---|---|
| | *Pacific Tent* | 1/07 – 2/07 | Approx. 9.50 | 1849.66 |
| | *Snow Flake* 2893 Larkin Ave. Clovis, CA 93612 | 2/07 – 12/07 | Approx. 9.50 | 15657.64 |
| | *Snow Flake* | 1/08 – Present | Approx. 9.50 | 13140.33 YTD |
| | Fresno County, Care Provider | 1/08 – Present | | 12027.77 YTD |
| | | | | |
| **Mendoza, Margarita (MME)** | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 7/12/99 – 12/12/99 | 5.75 | 5,178.08 |
| | *CVR* | 1/1/00 – 6/25/00 | 6.55 | 6,713.10 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 7/8/00 – 12/00 | 7.05 | 4,612.00 |
| | *Wade* | 1/01 – 12/01 | 7.05; 7.35 | 14003.31 |
| | *Wade* | 1/02 - 12/02 | 7.35; 7.50 | 12849.39 |
| | *Wade* | 1/03 – 8/03 | 7.50 | 10357.63 |
| | *Select Personnel Services* 191 W. Shaw Suite 205 Fresno, CA 93704 559-222-1000 | 2/04 – 9/04 | 7.50 | 8636.26 |
| | | | | |
| **Navarro, Maria (MN)** | *Pacific Choice Brands* 4667 E. Date Fresno, California 93725 559-237-5583 | 5/3/99 – 7/25/99 | 6.00 | 2289.00 |
| | *Pacific Choice Brands* | 8/9/99 – 8/22/99 | 6.00 | 768.00 |
| | *Wawona Packaging Company* 100 W. Alluvial Clovis, CA 93611 559-299-2901 800-669-2966 | 8/11/99 (2 days) | 5.75 | 141.60 |
| | | 7/8/00 | 7.35 | ** |
| | | 11/3/00 | 7.35 | 4,932.24 |

| | | | | |
|---|---|---|---|---|
| | *CVR*<br>1379 E. San Bruno # H Fresno, CA 93710 | 7/18/99 | 5.75 | 92.00 |
| | *CVR* | 8/1/99 – 12/12/99 | 5.75; 6.70; 7.10 | 4,796.09 |
| | *CVR* | 1/23/00 – 6/25/00 | 7.10 | 6,536.26 |
| | *Wade*<br>2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01 – 12/01 | 7.35; 7.75 | 5787.10 |
| | *Producers Dried Fruits* | 9/01 – 10/01 | 6.25 | 695.31 |
| | *Wade* | 1/02 – 12/02 | 7.75 | 16142.08 |
| | *Wade* | 1/03 – 12/03 | 7.75 | |
| | *Wade* | 1/04 – 4/19/04 | | 2158.13 |
| | *RemedyTemp, Inc.*<br>101 Enterprise Aliso Viejo, CA 92656 | 2005 | | 280.00 |
| | *Jet Plastica Industries, Inc.*<br>1100 Schwab Road Hatfield, PA 19440 | 2/7/05 – 12/05 | 7.00<br>7.75 | 10986.80 |
| | *Jet Plastica* | 1/06 – 12/06 | 7.75 | 14247.39 |
| | *Jet Plastica* | 1/07 – 12/07 | 7.75 | 14809.84 |
| | *Jet Plastica* | 1/08 – 3/08 | 7.75 | Approx. 3,600.00 |
| | *Kinder Care* | 8/19/08 – present | 8.75 | 259.73 YTD |
| | | | | |
| **Rodriguez, Maria (MR)** | *A.J. Quist Dairy* | 6/19/99 | 5.90 | 846.65 |
| | *CVR*<br>1379 E. San Bruno # H Fresno, CA 93710 | 6/4/99 – 9/8/99 | 5.75 | ** |
| | *CVR* | 9/8/99 – 12/28/99 | 6.80 | 4,875.39 |
| | *CVR* | 1/1/00 – 1/09/00 | 6.80 | 272.00 |
| | *Wade*<br>2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01 – 12/21/01 | 7.50 | 14040.01 |

| | *Wade* | 1/01/02 - 12/21/02 | 7.50; 8.00 | 14556.66 |
|---|---|---|---|---|
| | *Wade* | 1/4/03 – 2/04 | 8.00 | 18096.15 |
| | In home childcare for relative | 4/04 – 12/04 | $100/week | |
| | In home childcare for relative | 1/05 – 12/05 | $100-$150/week | |
| | Childcare for relative | 1/06-12-06 | $150/week | |
| | Childcare for relative | 1/07-12/07 | $150/week | Approx. 5,000 per year |
| | Childcare for relative | 1/08 – present | $150/week | |
| | House cleaning | Occasionally | 150/week | |
| | | | | |
| **Rivera, Martha (MRI)** | *Pacific Choice Brands* 4667 E. Date Fresno, California 93725 559-237-5583 | 5/3/99 – 5/30/99 | 6.00 | 639.00 |
| | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 6/4/99 – 8/8/99 | 5.75 | 1,936.83 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 | 1/01 – 9/01 | 11.00; 12.00 | 19765.24 |
| | *Wade* | 1/1/02 – 12/21/02 | 12.00; 12.50 | 29020.55 |
| | *Wade* | 1/01/03 - 10/03/03 | 12.50; 13.50 | 22341.22 |
| | *API* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/18/04 – 12/25/04 | 13.50 | 26840.43 |
| | *API* | 1/05 – 12/05 | 13.50 | 31,510.24 |
| | *API* | 1/06 – 10/06 | | 23,267 |
| | *Point Source Irrigation* 2550 S. East Ave., Ste. 120 Fresno, CA 93706 | 3/07 – 12/07 | | 31,039 |
| | *Point Source Irrigation* | 1/08-present | | 17,000 YTD |
| | | | | |

| | | | | |
|---|---|---|---|---|
| Ruiz, Maria (MRU) | *A.J. Quist Dairy* | 6/7/99 – 7/6/99 | 5.90 | 1,224.25 |
| | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 7/4/99 – 8/1/99 | 5.75 | 1,104.00 |
| | *Wawona Frozen Foods* 100 W. Alluvial Clovis, CA 93611 559-299-2901 800-669-2966 | 8/15/99 – 8/21/99 | 5.75 | 168.20 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 | 1/01 – 9/01 | 7.50 | 10357.20 |
| | *Select Personnel Services* 191 W. Shaw Ste. 205 Fresno, CA 93704 559-222-1000 | 4/02 – 6/02 | 6.75 | 181.41 |
| | *Hickory Farms, Inc.* Fresno, CA | 8/02 – 11/14/02 | 6.75 | 3185.16 |
| | *Jet Plastica Industries* Corporate Headquarters 1100 Schwab Road Hatfield, PA 19440 800-220-5381 | 1/03 – 12/20/03 | 6.75 | 16041.41 |
| | *Jet Plastica Industries* | 1/04 – 12/25/04 | 6.75; 7.25 | 16808.92 |
| | *Jet Plastica Industries* | 1/05 – 6/05 | 7.25 | 1569.20 |
| | *Housecleaning* | 06/05-12/05 | 50/day | |
| | *Housecleaning* | 1/06-2/06 | 50/day | |
| | *Childcare for family member* | 2/06-12/06 | | Approx. 3016.00 |
| | *Jain Irrigation* P.O. Box 3760 Ontario, CA 91761 | 12/07 – present | 8.50 | 7838.00 YTD |
| | | | | |
| Valdivia, Maria (MV) | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 8/1/99 – 12/26/99 | 6.80 | 5,596.55 |

| | | | |
|---|---|---|---|
| | *CVR* | 1/7/00 – 10/15/00 | 6.80; 7.50 | 11,221.38 |
| | *CVR* | 10/16/00 - 11/3/00 | 7.50 | 791.25 |
| | *Producers Dried Fruits* | 9/01 – 10/01 | 6.25 | 695.31 |
| | *Wade 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171* | 1/01 – 12/01 | 7.35; 7.75 | 5787.10 |
| | *Wade* | 1/02 – 12/02 | 7.75 | 16142.08 |
| | *Wade* | 1/03 – 12/03 | 8.00 | 15236.00 |
| | *Aquarius 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171* | 6/20/04 – 12/25/04 | 7.75 | 15706.86 |
| | *Aquarius* | 1/05-3/05 | 8.25 | Approx. 3520.00 (320/week) |
| | In home care giver | 08/05-12/05 | 9.50 | Approx. 2000.00 |
| | In home care giver | 01/06-12/06 | 9.65 | Approx.14011.80 |
| | In home care giver | 1/07-12/07 | 9.65 | 13079.00 |
| | In home care giver | 1/08 – present | 9.65 | 10423.00 YTD |
| | | | | |
| **Rivera, Ofelia (ORI)** | *Pacific Choice Brands* 4667 E. Date Fresno, California 93725 559-237-5583 | 5/3/99 – 5/16/99 | 5.75 | 245.83 |
| | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 6/4/99 – 8/8/99 | 5.75 | 1,824.20 |
| | *Wade 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171* | 1/01 – 12/01 | 6.95; 7.25 | 5490.38 |
| | *Wade* | 1/02 –12/02 | 7.25 | 14494.27 |
| | *Wade* | 1/03 – 12/06/03 | 7.50 | 12003.75 |

| | | | | |
|---|---|---|---|---|
| | *API*<br>2851 E.<br>Florence Ave.<br>Fresno, CA<br>93721<br>1-800-695-<br>7171 or 559-<br>485-7171 | 1/04 –12/04 | 7.50 | 13431.39 |
| | *API* | 1/05 | 7.50 | 5048.63 |
| | | | | |
| **Martinez,<br>Paula (PM)** | *CVR*<br>1379 E. San<br>Bruno # H<br>Fresno, CA<br>93710 | 7/25/99 –<br>8/15/99 | 5.75 | 583.63 |
| | *CVR* | 1/20/00 –<br>4/30/00 | 5.75;5.90;6.00 | 3,346.68 |
| | *Pacific Choice<br>Brands*<br>4667 E. Date<br>Fresno,<br>California<br>93725<br>559-237-5583 | 5/17/99 –<br>6/5/99 | 5.75 | 218.52 |
| | *Sani Kleen<br>Janitorial*<br>Fresno, CA | * -- 7/31/99 | | 864.60 |
| | *Reliant<br>Building<br>Products* | 8/10/98 –<br>10/18/98 | 6.00 | 1,552.50 |
| | *Wawona<br>Frozen Foods*<br>100 W.<br>Alluvial<br>Clovis, CA<br>93611<br>559-299-2901<br>800-669-2966 | 8/7/00 –<br>9/30/00 | 5.75 | 1895.38 |
| | | 11/1/00 –<br>11/30/00 | 5.75 | 1,061.31 |
| | *Sierra Palace<br>for Elderly*<br>607 E Sierra<br>Ave.<br>Fresno, CA<br>93710<br>559-435-6345 | 1/18/02 –<br>7/9/02 | 6.75 | 3083.06 |
| | *Foster Care* | 10/02-10/03 | 2010/month | Approx. 2400.00 |
| | *Bally's Total<br>Fitness* | 08/04-12/04 | 6.75 | 4075.64 |
| | *Foster Care* | 02/05 to<br>06/08 | | |
| | | | | |
| **Medina,<br>Maria<br>(MM)** | *Wade*<br>2851 E.<br>Florence Ave.<br>Fresno, CA<br>93721<br>1-800-695-<br>7171 or 559-<br>485-7171 | 1/00 –<br>9/8/01 | 10.60; 10.85 | 20792.00 |

| | Self-employed: food sales | 9/01 to present | Approx. $800-$1300/ month | |
|---|---|---|---|---|
| | Childcare | 2007 | | 1674.00 |
| | | | | |
| **Rivera, Sara (SRI)** | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 6/4/99 – 8/15/99 | 5.75 | 2,039.83 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01 – 12/01 | 8.00; 8.50 | 6555.80 |
| | *Wade* | 1/02 – 12/02 | 8.00; 8.65 | 20238.07 |
| | *Wade* | 1/03 – 12/03 | 9.00 | |
| | *Ridglass Shingle Mfg Co.* 3441 S. Willow Ave. Fresno, CA 93725 888-RIDGLASS | 3/4/04 – 11/3/04 | 7.25; 7.50; 7.75 | 10681.32 |
| | *Volt Management Group* placed at *Aquarius* | 1/3/05 – 4/1/05 | 9.00 | 1008.00 |
| | *Roth Staffing Companies, LP* City Blvd., Orange, CA 92068 | 4/05 – 12/05 | 6.75 | 2406.39 |
| | *Roth Staffing Companies, LP* | 1/06 – 12/06 | 8.00 | 13545.51 |
| | *Roth* | 1/07 – 4/07 | 8.00 | 322.98 |
| | *Point Source* | 4/07 – 12/07 | 8.00; 9.00 | 13305.00 |
| | *Point Source* | 1/08 – present | 10.00 | 13122.00 YTD |
| | | | | |
| **Vang, Sy (SV)** | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 10/3/99 – 12/26/99 | 6.95 | 3,180.74 |
| | *Morgan & Company, Inc.* 5132 N. Palm, Ste. 79 Fresno, Ca 93704 559-271-9944 | 2/00 – 9/26/00 | 5.75 | 2,300.00 |

Page 14

| | | | | |
|---|---|---|---|---|
| | *Wade*<br>2851 E.<br>Florence Ave.<br>Fresno, CA<br>93721<br>1-800-695-<br>7171 or 559-<br>985-7171 | 9/27/00-<br>12/18/01 | 7.20 | 14264.64 |
| | *Wade* | 1/02 –12/02 | 7.20; 7.50 | 14535.07 |
| | *Wade* | 1/03 – 8/03 | 7.50 | 10881.00 |
| | *Aquarius Brands, Inc.*<br>2851 E.<br>Florence Ave.<br>Fresno, CA<br>93721<br>1-800-695-<br>7171 or 559-<br>485-7171 | 2/04 – 11/04 | 7.50 | 11147.51 |
| | *Holiday Inn* | 3/18/05 –<br>4/05 | 6.00 | |
| | *Busseto* | 9/05-3/06 | 8.50 | |
| | McDonalds | 4/06 | | |
| | *Vedior North America, LLC Placement Pros*<br>60 Harvard<br>Mill Square<br>Wakefield,<br>MA 01880 | 2006 | | 4103.54 |
| | *Vedior North America, LLC Placement Pros* | 2007 | | 4250.44 |
| | *Volt Management Corp.*<br>P.O. Box<br>13500<br>Orange<br>County, CA<br>92857 | 2007 | | 127.23 |
| | *McDonald's Corp.*<br>2111<br>McDonald's<br>Drive<br>Oak Brook, IL<br>60523 | 2007 | | 5185.69 |
| | *Campbell Lodging Inc.*<br>1800 Imperial<br>Hwy Ste 120<br>Brea, CA<br>92821 | 2007 | | 1248.85 |
| | *Mainstay Business Solutions*<br>605 Coolidge | 12/07-1/08 | 8.00 | 292.96 |

| | | | | |
|---|---|---|---|---|
| | Dr. 2nd Floor Folsom, CA 95630 866-602-9592 | | | |
| | *Jain Irrigation, Inc.* P.O. Box 3760 Ontario, CA 91761 | 1/08-present | 8.50 | 8,500 Approx. YTD |
| | | | | |
| **Yang, See (SY)** | *Zacky Farms* 2020 S. East Avenue, Fresno, CA 93721 P.O. Box 12556, Fresno, CA 93778 559-486-2310 | 8/7/98 – 12/5/98 | 5.75 | 4,634.27 |
| | *Zacky Farms* | 1/2/99 – 3/6/99 | 5.75; 6.70; 7.06; 7.84; 8.04 | 11,446.58 |
| | *Aramark* | 1/2/00 – 7/28/00 | 8.04; 8.24 | 17,049.62 |
| | *Aramark* | 1/1/01 – 12/23/01 | 8.24 | 3393.85 |
| | IHSS | 1/01 –12/01 | 6.44 | 14972.21 |
| | IHSS (for Recipient 1) | 1/02 –12/02 | 6.74 | 15100.54 |
| | *Central Valley Child Services* 1911 N. Helm Ave. Fresno, CA 93727 559-456-1100 | 6/03 – 8/03 | | 353.00 |
| | *Central Valley Child Services* | 1/04-7/04 | | 1296.45 |
| | State of CA— County of Fresno Foster Care 1404 L Street, Fresno, CA 93721 559-453-6457 | 7/03 –12/03 | | 10173.78 |
| | State of CA— County of Fresno Foster Care | 2004 | | 2194.00 |
| | *Genesis Inc.* Fresno, CA | 2/04 –12/04 | | 21355.00 |
| | *Genesis Inc.* Fresno, CA | 1/05 – 12/05 | 3800/month | Approx. 45,600.00 |
| | *Genesis Inc.* | 2006 | 3800 | Approx. 4000.00 |
| | State of CA, County of Fresno | 2007 | | 15,371 |
| | *Genesis, Inc.* | 2008 | | Approx. 13800.00 |
| | State of CA, County of Fresno | 2008 | | Approx. 3000.00 |

| | | | | |
|---|---|---|---|---|
| **Rattanatay, Vath (VR)** | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 6/99 (for two weeks) | 5.75 | 276.00 |
| | *Agricultural Field Work* | 1999 | | Approx.  500.00 |
| | *Field Work* | 2000 | | Approx.  6500.00 |
| | *Field Work* | 2001 | | Approx.  8000.00 |
| | *Field Work* | 2002 | | Approx.  6000.00 |
| | *Field Work* | 2003 | | Approx.  3000.00 |
| | *Field Work* | 2004 | | Approx.  5000.00 |
| | *Field Work* | 2005 | | Approx.  6000.00 |
| | *Field Work* | 2006 | | Approx.  7950.00 |
| | *Field Work* | 2007 | | Approx.  7000.00 |
| | *Field Work* | 2008 | | Approx. 4000.00 YTD |
| | | | | |
| **Xiong, Mai Youa (YX)** | *California Industrial Services* | 8/22/98 – 9/3/99 | 5.75 | 4349.32 |
| | *CVR* 1379 E. San Bruno # H Fresno, CA 93710 | 9/22/99 – 12/12/99 | 6.70 | 4,306.49 |
| | *CVR* | 1/1/00 – 7/9/00 | 6.70 | 7,223.27 |
| | *Wade* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/01 – 12/01 | 7.35 | 13882.25 |
| | *Wade* | 1/02 –12/02 | 7.35; 7.70 | 15639.49 |
| | *Wade* | 1/03 –12/03 | 7.70 | 16452.81 |
| | *API* 2851 E. Florence Ave. Fresno, CA 93721 1-800-695-7171 or 559-485-7171 | 1/04 –12/04 | 7.55 | 14939.80 |
| | *API* | 1/05 – 3/30/05 | 7.55 | 1226.00 |
| | *Vedior North America, LLC Placement Pros* 60 Harvard Mill Square Wakefield, MA 01880 *(at Bursseto)* | 7/05-10/30/05 | 8.15 | 5634.22 |

|  | Kelly Agency (at Pana Pacific) | 10/31/05-12/31/05 | 7.00 | 1891.75 |
|---|---|---|---|---|
|  | Kelly Agency (at Pana Pacific) | 1/1/06-9/25/06 | 7.00 | 11,633.18 |
|  | Pana Pacific | 9/26/06-12/31/06 | 7.50 | 3925.88 |
|  | Pana Pacific | 1/1/07-5/4/07 | 7.50 | 5805.82 |
|  | Select Agency (at Pelco) | 5/15/07-12/31/07 | 8.75 | 13493.29 |
|  | Select Agency (at Pelco) | 1/1/08-present | 8.75 | 14301.15 YTD |
|  |  |  |  |  |

# EXHIBIT B
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
  EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF ALICIA ALVAREZ'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |
|     Plaintiffs, | |
|     v. | |
| NIBCO, INC., an Indiana corporation | |
|     Defendant. | |

**CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**    Defendant NIBCO, INC.

**RESPONDING PARTY:**    Plaintiff ALICIA ALVAREZ

## GENERAL OBJECTIONS

1.    Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.    Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.    Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.    Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.    Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF ALICIA ALVAREZ'S**                                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she regularly checked newspaper, radio, and television advertisements, completed computerized job searches at the Employment Development Department, and personally visited many potential employers.  Plaintiff also registered at various temporary employment agencies, and asked friends and acquaintances about potential job opportunities.  She created a new resume as part of her job search efforts.  Plaintiff has provided childcare for her grandchildren since 2003 and is paid on a bi-monthly basis for this care, in addition to her employment outside the home. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No.

PLAINTIFF ALICIA ALVAREZ'S                                              PAGE 4
FURTHER SUPPLEMENTAL RESPONSES
TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147

1    42. Plaintiff reserves the right to supplement any such response at trial, as appropriate. In addition,

2    plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which

3    lists plaintiff's employment subsequent to her termination from NIBCO and which contains

4    plaintiff's best current calculations of her post-termination income, as of the date of this response.

5         Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

6    such time as the merits of this case are decided.

7

8

9    Dated:    October 2, 2008                Christopher Ho
                                             Christina N. Chung
10                                           Carole Vigne
                                             The LEGAL AID SOCIETY –
11                                              EMPLOYMENT LAW CENTER

12                                           William J. Smith
13                                           Shelley G. Bryant
                                             W.J. SMITH & ASSOCIATES
14
                                             Marielena Hincapié
15                                           NATIONAL IMMIGRATION LAW CENTER

16

17                             By:    _____
18                                    CHRISTOPHER HO
                                      Attorney for Plaintiffs
19

20

21

22

23

24

25

26

27

28    **PLAINTIFF ALICIA ALVAREZ'S**                          **PAGE 5**
      **FURTHER SUPPLEMENTAL RESPONSES**
      **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## VERIFICATION

     I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October ___6___, 2008.


_____
ALICIA ALVAREZ

**PLAINTIFF ALICIA ALVAREZ'S**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**PAGE 6**

# EXHIBIT C
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
William N. Nguyen, SBC No. 215259
The LEGAL AID SOCIETY --
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Melvin M. Richtel, SBC No. 056036          Marielena Hincapié, SBC No. 188199
RICHTEL & SMITH                            NATIONAL IMMIGRATION LAW CENTER
2350 West Shaw Avenue, Suite 132           3435 Wilshire Blvd., Suite 2850
Fresno, California 93711                    Los Angeles, California 90010
Telephone:  (559) 432-0986                 Telephone:  (213) 639-3900
Facsimile:  (559) 432-4871                 Facsimile:  (213) 639-3911

Attorneys for Plaintiffs
(Additional counsel on next page)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>        Plaintiffs,<br><br>        v.<br><br>NIBCO, INC., an Indiana corporation<br><br>        Defendant. | No.  CIV F-99-6443 AWI SMS<br><br>**PLAINTIFF EVA ARRIOLA'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

Joannie C. Chang, SBC No. 187749
ASIAN LAW CAUCUS
939 Market Street, Suite 201
San Francisco, California 94103
Telephone:  (415) 896-1701
Facsimile:  (415) 896-1702


Lisa Duarte, SBC No. 169750
MINAMI, LEW & TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, California 94108
Telephone: (415) 788-9000
Facsimile: (415) 398-3887

**PLAINTIFF EVA ARRIOLA'S SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**                    **PAGE 2**

**PROPOUNDING PARTY:**     Defendant NIBCO, INC.

**RESPONDING PARTY:**     Plaintiff EVA ARRIOLA

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Discovery is ongoing, and plaintiff has not completed discovery of the complete investigation of the facts underlying this case.  Therefore, plaintiff reserves the right to alter, amend, supplement, or clarify any answer to these interrogatories without prejudice.  Plaintiff further reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, information that is not currently provided, but which, after further discovery, is nonetheless responsive and which supports plaintiff's position.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122: Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Supplemental Response to Interrogatory No. 122:** Plaintiff incorporates by reference the previous objections and responses to this interrogatory. Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto. In addition, plaintiff responds that matters comprised within this interrogatory will be addressed in the reports of plaintiffs' expert witnesses, which will be disclosed at a later date.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or will be set out in the forthcoming reports of plaintiffs' expert witnesses, plaintiff responds as follows: See Supplemental Response to Interrogatory No. 147.


**Interrogatory No. 123: Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Supplemental Response to Interrogatory No. 123:** Plaintiff incorporates by reference the previous objections and responses to this interrogatory. Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto. In addition, plaintiff responds that matters comprised within this interrogatory will be addressed in the reports of plaintiffs' expert witnesses, which will be disclosed at a later date.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or will be set out in the forthcoming reports of plaintiffs' expert witnesses, plaintiff responds as follows: See Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 147**:  Please **IDENTIFY** with precision every effort **YOU** have made to mitigate the harm **YOU** allege to have incurred giving rise to this action, including but not limited to **YOUR** attempts to secure employment and the employment **YOU** have secured since working for NIBCO, as well as **YOUR** earnings and benefits derived therefrom.

**Supplemental Response to Interrogatory No. 147**:  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory will be addressed in the reports of plaintiffs' expert witnesses, which will be disclosed at a later date.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or will be set out in the forthcoming reports of plaintiffs' expert witnesses, plaintiff responds as follows:  Investigation is ongoing, and plaintiff is in the process of reviewing available records and other information relating to the subject matter of this interrogatory.  With respect to her job search efforts after being terminated by NIBCO, however, plaintiff states as follows:  Plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she submitted applications at Select Personnel Services, a laundromat, a tortilla factory, a clothing manufacturer, a paper production facility, lunch trucks, and vegetable packaging facilities.  When plaintiff was out of work again in 2000, she again spent significant time looking for work.  She learned of job opportunities through "word of mouth" and by visiting potential employers.  Plaintiff applied to several companies, including hotels, restaurants, packing houses, laundromats, and agricultural companies.  In 2004, plaintiff again spent significant time looking for employment

1   by visiting several companies to ask for applications.  During this period, plaintiff applied to various

2   packing houses.  Plaintiff is currently employed at a house cleaning company.  With respect to her

3   earnings from employment subsequent to being terminated by NIBCO, plaintiff at this time states as

4   follows:  See documents produced by plaintiff in response to defendant's Production Request No. 42.

5   In addition, although investigation is ongoing, plaintiff refers defendant to the chart appended hereto

6   as Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO

7   and which contains plaintiff's best current calculations of her post-termination income.

8

9          Plaintiff will supplement her responses hereto once additional information becomes

10  available.

11

12

13

14  Dated:    April  7, 2005                    Christopher Ho
15                                              William N. Nguyen
16                                              The LEGAL AID SOCIETY -- EMPLOYMENT LAW
                                                    CENTER
17
18                                              William J. Smith
                                                Melvin M. Richtel
19                                              RICHTEL & SMITH

20                                              Joannie C. Chang
                                                ASIAN LAW CAUCUS
21
22                                              Lisa Duarte
                                                MINAMI, LEW & TAMAKI, LLP
23
24                     By:
25                                                     WILLIAM N. NGUYEN
26                                              Attorneys for Plaintiffs
27
28
    **PLAINTIFF EVA ARRIOLA'S SUPPLEMENTAL RESPONSES**                        **PAGE 6**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1

## VERIFICATION

2      I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses

3  thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the

4  contents thereof. I affirm that those responses are true and correct to the best of my knowledge,

5  except as to any responses provided on the basis of information and belief, and as to those responses

6  I affirm that I am informed and believe that they are true and correct to the best of my knowledge,

7  and that this verification was executed in Fresno, California on April ___3___ , 2005.

8

9
                    _Eva Arriola_____

10                          EVA ARRIOLA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF EVA ARRIOLA'S SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT D
Declaration of Carole Vigne

1  Christopher Ho, SBC No. 129845
2  Christina N. Chung, SBC No. 194630
   Carole Vigne, SBC No. 251829
3  The LEGAL AID SOCIETY -
      EMPLOYMENT LAW CENTER
4  600 Harrison St., Suite 120
   San Francisco, CA 94107-1387
5  Telephone:  (415) 864-8848
   Facsimile:  (415) 864-8199
6
7  William J. Smith, SBC No. 056116          Marielena Hincapié, SBC No. 188199
   Shelley G. Bryant, SBC No. 222925         NATIONAL IMMIGRATION LAW CENTER
8  W.J. SMITH & ASSOCIATES                   3435 Wilshire Blvd., Suite 2850
   2350 West Shaw Avenue, Suite 132          Los Angeles, California 90010
9  Fresno, California 93711                  Telephone:  (213) 639-3900
   Telephone:  (559) 432-0986                Facsimile:  (213) 639-3911
10 Facsimile:  (559) 432-4871
11
12
13              IN THE UNITED STATES DISTRICT COURT
14            FOR THE EASTERN DISTRICT OF CALIFORNIA
15
   MARTHA RIVERA, MAO HER, ALICIA      )   No.  CIV F-99-6443 OWW SMS
16 ALVAREZ, EVA ARRIOLA, PEUANG        )
   BOUNNHONG, CHHOM CHAN, BEE LEE,     )
17 PAULA MARTINEZ, MARIA MEDINA, MAI   )   **PLAINTIFF PEUANG BOUNNHONG'S**
   MEEMOUA, MARGARITA MENDOZA, BAO     )   **FURTHER SUPPLEMENTAL RESPONSES**
18 NHIA MOUA, ISIDRA MURILLO, MARIA    )   **TO DEFENDANT'S INTERROGATORIES,**
   NAVARRO, VATH RATTANATAY, OFELIA    )   **NOS. 122, 123 & 147**
19 RIVERA, SARA RIVERA, MARIA          )
   RODRIGUEZ, MARIA RUIZ, MARIA        )
20 VALDIVIA, SY VANG, YOUA XIONG, and  )
   SEE YANG                            )
21                                     )
         Plaintiffs,                   )
22                                     )
         v.                            )
23                                     )
   NIBCO, INC., an Indiana corporation )
24                                     )
         Defendant.                    )
25                                     )
                                       )
26                                     )
                                       )
27 ─────────────────────────────────── )
28
   **CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff PEUANG BOUNNHONG

## GENERAL OBJECTIONS

1.      Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.      Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.      Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.      Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.


**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF PEUANG BOUNNHONG'S**                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she would use job listings in the newspaper and also went in person to several grocery stores and a restaurant to inquire about job openings.  She has not been able to find regular employment since September 1998. However, she has been aiding her husband with agricultural work since 1999, although her deteriorating health has been an obstacle in recent years. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists

1    employment subsequent to her termination from NIBCO and which contains plaintiff's best current

2    calculations of her post-termination income, as of the date of this response.

3         Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4    such time as the merits of this case are decided.

5

6    Dated:     October 2, 2008                Christopher Ho
7                                             Christina N. Chung
                                              Carole Vigne
8                                             The LEGAL AID SOCIETY –
                                                 EMPLOYMENT LAW CENTER
9

10                                            William J. Smith
                                              Shelley G. Bryant
11                                            W.J. SMITH & ASSOCIATES

12                                            Marielena Hincapié
13                                            NATIONAL IMMIGRATION LAW CENTER

14

15   By:     _____
                                              CHRISTOPHER HO
16
                                              Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28   **PLAINTIFF PEUANG BOUNNHONG'S**                              **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Lao and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October 6 , 2008.


_Peuang Bounnhong_
PEUANG BOUNNHONG

**PLAINTIFF PEUANG BOUNNHONG**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**PAGE 6**

# EXHIBIT E
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>          Plaintiffs,<br><br>     v.<br><br>NIBCO, INC., an Indiana corporation<br><br>          Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF CHHOM CHAN'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff CHHOM CHAN

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

1

## INDIVIDUAL RESPONSES AND OBJECTIONS

2      Subject to the above general objections, and without waiving any of them, plaintiff further

3   responds and objects as follows:

4      **Interrogatory No. 122:  Please set forth the name of each employer, its address and**

5   **telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

6      **Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by

7   reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8   extensively questioned in her deposition concerning the information sought by this interrogatory,

9   and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10  within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which

11  have been disclosed.

12     Subject to the foregoing, and aside from those matters that have already been produced by

13  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14  follows: *See* Further Supplemental Response to Interrogatory No. 147.

15

16     **Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and**

17  **every fact which shows YOUR efforts to find employment since YOU were terminated by**

18  **NIBCO.**

19     **Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by

20  reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

21  extensively questioned in her deposition concerning the information sought by this interrogatory,

22  and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

23  within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

24  been disclosed.

25     Subject to the foregoing, and aside from those matters that have already been produced by

26  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

27  follows: *See* Further Supplemental Response to Interrogatory No. 147.

28  **PLAINTIFF CHHOM CHAN'S**                                                          **PAGE 3**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

Further **Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, plaintiff visited several potential employers most days, and regularly checked employment advertisements in the newspaper.  During a period of unemployment in 2005, plaintiff regularly looked for employment in newspapers, made phone calls to potential employers and visited potential employers in person. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination

**PLAINTIFF CHHOM CHAN'S**                                                          **PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1  from NIBCO and which contains plaintiff's best current calculations of her post-termination income,

2  as of the date of this response.

3       Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4  such time as the merits of this case are decided.

5

6  Dated:    October 2, 2008              Christopher Ho

7                                         Christina N. Chung
                                          Carole Vigne
8                                         The LEGAL AID SOCIETY –
                                             EMPLOYMENT LAW CENTER
9

10                                        William J. Smith
                                          Shelley G. Bryant
11                                        W.J. SMITH & ASSOCIATES

12                                        Marielena Hincapié
13                                        NATIONAL IMMIGRATION LAW CENTER

14

15                     By:     _____
                               CHRISTOPHER HO
16                             Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF CHHOM CHAN'S**                                    **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Khmer and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on December _19_ , 2008.

_____
CHHOM CHAN

**PLAINTIFF CHHOM CHAN'S**                    **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT F
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone: (559) 432-0986
Facsimile: (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG | No. CIV F-99-6443 OWW SMS **PLAINTIFF MAO HER'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |
| Plaintiffs, | |
| v. | |
| NIBCO, INC., an Indiana corporation | |
| Defendant. | |

**CASE NO. CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**      Defendant NIBCO, INC.

**RESPONDING PARTY:**      Plaintiff MAO HER

## GENERAL OBJECTIONS

1.    Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.    Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.    Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.    Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.    Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 122</u>:** Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 123</u>:** Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

1

2 **Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made**

3 **to mitigate the harm YOU allege to have incurred giving rise to this action, including but not**

4 **limited to YOUR attempts to secure employment and the employment YOU have secured since**

5 **working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

6 **Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by

7 reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8 extensively questioned in her deposition concerning the information sought by this interrogatory,

9 and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10 within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

11 been disclosed.

12 Subject to the foregoing, and aside from those matters that have already been produced by

13 plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14 follows:  With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a

15 significant amount of time looking for work after she was terminated by NIBCO.  Among other

16 things, plaintiff visited several potential employers, including Zacky Farms, Harris Ranch Beef

17 Company, and World Class Equine.  Plaintiff also sought employment by asking friends about

18 potential job openings, checked the Employment Development Department's computer database for

19 job vacancies, and listened to the radio for job announcements.  With respect to her earnings from

20 employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents

21 produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the

22 right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant

23 to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment

1    subsequent to her termination from NIBCO and which contains plaintiff's best current calculations

2    of her post-termination income, as of the date of this response.

3         Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4    such time as the merits of this case are decided.

5

6    Dated:    October 2, 2008                    Christopher Ho
7                                                Christina N. Chung
                                                 Carole Vigne
8                                                The LEGAL AID SOCIETY –
                                                     EMPLOYMENT LAW CENTER
9
10                                               William J. Smith
                                                 Shelley G. Bryant
11                                               W.J. SMITH & ASSOCIATES

12                                               Marielena Hincapié
13                                               NATIONAL IMMIGRATION LAW CENTER

14

15                                   By:    _____
16                                          CHRISTOPHER HO

                                            Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28   **PLAINTIFF MAO HER'S**                                        **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

1

2    I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses

3    thereto and this statement, explained to and/or translated for me in Hmong and I am aware of the

4    contents thereof.  I affirm that those responses are true and correct to the best of my knowledge,

5    except as to any responses provided on the basis of information and belief, and as to those responses I

6    affirm that I am informed and believe that they are true and correct to the best of my knowledge, and

7    that this verification was executed in Fresno, California on October_____ , 2008.

8

9

10                           _Mao Her_____
                               MAO HER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **PLAINTIFF MAO HER'S**                                                    **PAGE 6**
      **FURTHER SUPPLEMENTAL RESPONSES**
      **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT G
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG | No.  CIV F-99-6443 OWW SMS |
| | **PLAINTIFF BEE LEE'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |
|        Plaintiffs, | |
|        v. | |
| NIBCO, INC., an Indiana corporation | |
|        Defendant. | |

**CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff BEE LEE


## GENERAL OBJECTIONS

1.      Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.      Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.      Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.      Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**<u>INDIVIDUAL RESPONSES AND OBJECTIONS</u>**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**<u>Interrogatory No. 122</u>:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 122</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**<u>Interrogatory No. 123</u>:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 123</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF BEE LEE'S**                                                        **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO. Among other things, she visited many potential employers, including Select Personnel Services, CIS and Zacky Farms.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows: *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO and which contains plaintiff's best current calculations of her post-termination income, as of the date of this response.

1    Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

2    such time as the merits of this case are decided.

3

4    Dated:    October 2, 2008                    Christopher Ho
                                                  Christina N. Chung
5                                                 Carole Vigne
6                                                 The LEGAL AID SOCIETY –
                                                    EMPLOYMENT LAW CENTER
7
8                                                 William J. Smith
                                                  Shelley G. Bryant
9                                                 W.J. SMITH & ASSOCIATES

10                                                Marielena Hincapié
                                                  NATIONAL IMMIGRATION LAW CENTER
11

12                                  By:    _____
13                                         CHRISTOPHER HO

14                                         Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **PLAINTIFF BEE LEE'S**                                    **PAGE 5**
      **FURTHER SUPPLEMENTAL RESPONSES**
      **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## VERIFICATION

1

2    I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses

3    thereto and this statement, explained to and/or translated for me in Hmong and I am aware of the

4    contents thereof. I affirm that those responses are true and correct to the best of my knowledge,

5    except as to any responses provided on the basis of information and belief, and as to those responses I

6    affirm that I am informed and believe that they are true and correct to the best of my knowledge, and

7    that this verification was executed in Fresno, California on October_____ , 2008.

8

9

10    BEE LEE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **PLAINTIFF BEE LEE'S**                                          **PAGE 6**
      **FURTHER SUPPLEMENTAL RESPONSES**
      **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**