# EXHIBIT H
## Declaration of Carole Vigne

1  Christopher Ho, SBC No. 129845
2  Christina N. Chung, SBC No. 194630
   Carole Vigne, SBC No. 251829
3  The LEGAL AID SOCIETY -
      EMPLOYMENT LAW CENTER
4  600 Harrison St., Suite 120
   San Francisco, CA 94107-1387
5  Telephone:  (415) 864-8848
   Facsimile:  (415) 864-8199
6
7  William J. Smith, SBC No. 056116        Marielena Hincapié, SBC No. 188199
   Shelley G. Bryant, SBC No. 222925       NATIONAL IMMIGRATION LAW CENTER
8  W.J. SMITH & ASSOCIATES                 3435 Wilshire Blvd., Suite 2850
   2350 West Shaw Avenue, Suite 132        Los Angeles, California 90010
9  Fresno, California 93711                Telephone:  (213) 639-3900
   Telephone:  (559) 432-0986              Facsimile:  (213) 639-3911
10 Facsimile:  (559) 432-4871
11
12
13                 IN THE UNITED STATES DISTRICT COURT
14              FOR THE EASTERN DISTRICT OF CALIFORNIA
15
   MARTHA RIVERA, MAO HER, ALICIA          )   No.  CIV F-99-6443 OWW SMS
16 ALVAREZ, EVA ARRIOLA, PEUANG            )
   BOUNNHONG, CHHOM CHAN, BEE LEE,         )
17 PAULA MARTINEZ, MARIA MEDINA, MAI       )   **PLAINTIFF BAO NHIA MOUA'S FURTHER**
   MEEMOUA, MARGARITA MENDOZA, BAO         )   **SUPPLEMENTAL RESPONSES TO**
18 NHIA MOUA, ISIDRA MURILLO, MARIA        )   **DEFENDANT'S INTERROGATORIES, NOS.**
   NAVARRO, VATH RATTANATAY, OFELIA        )   **122, 123 & 147**
19 RIVERA, SARA RIVERA, MARIA              )
   RODRIGUEZ, MARIA RUIZ, MARIA            )
20 VALDIVIA, SY VANG, YOUA XIONG, and      )
   SEE YANG                               )
21                                         )
          Plaintiffs,                      )
22                                         )
          v.                               )
23                                         )
   NIBCO, INC., an Indiana corporation     )
24                                         )
          Defendant.                       )
25                                         )
                                           )
26                                         )
                                           )
27 _____ )
28
   **CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**       Defendant NIBCO, INC.

**RESPONDING PARTY:**       Plaintiff BAO NHIA MOUA

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**INDIVIDUAL RESPONSES AND OBJECTIONS**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF BAO NIA MOUA'S** **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she regularly asked friends about job openings, listened to the radio for job postings, and visited several factories and temporary employment agencies, locally and in Sacramento.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO and which contains plaintiff's best current calculations of her post-termination income, as of the date of this response.

Plaintiff reserves the right to further supplement her responses hereto as appropriate, until such time as the merits of this case are decided.

Dated:    October 2, 2008

Christopher Ho
Christina N. Chung
Carole Vigne
The LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER

William J. Smith
Shelley G. Bryant
W.J. SMITH & ASSOCIATES

Marielena Hincapié
NATIONAL IMMIGRATION LAW CENTER

By:    _Christopher Ho /pr_

CHRISTOPHER HO

Attorneys for Plaintiffs

## VERIFICATION

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Hmong and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October_____ , 2008.


*Bao N. Moua*
BAO NHIA MOUA


**PLAINTIFF BAO NHIA MOUA'S**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**PAGE 6**

# EXHIBIT I
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>          Plaintiffs,<br><br>     v.<br><br>NIBCO, INC., an Indiana corporation<br><br>          Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF MAI MEE MOUA LEE'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**    Defendant NIBCO, INC.

**RESPONDING PARTY:**    Plaintiff MAI MEE MOUA LEE

## GENERAL OBJECTIONS

1.    Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.    Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.    Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.    Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.    Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**INDIVIDUAL RESPONSES AND OBJECTIONS**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

PLAINTIFF MAI MEE MOUA LEE'S                                             **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, plaintiff sought employment through temporary agencies and through "word of mouth" by asking friends about job openings, attended job fairs, drove extensively every day in search of potential employers, and visited hospitals and schools to search for job postings.  In October 1998, plaintiff became employed by Fresno Unified School District.  In 2002 and 2003, she applied for special education teacher's aid positions at schools to increase her hours.  She was interviewed at three or four schools; however, she was not accepted for a position.  In 2003 plaintiff also applied to the Fresno County Economic Opportunities Commission for a teacher's aid position in the Head Start program.  Although she got an interview in 2004, she was not offered a teacher's aid position

with Head Start.  Plaintiff similarly spent time looking for employment in 2007 and 2008 until she was offered a position at her current place of employment. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO and which contains plaintiff's best current calculations of her post-termination income, as of the date of this response.

Plaintiff reserves the right to further supplement her responses hereto as appropriate, until such time as the merits of this case are decided.

Dated:    October 2, 2008                    Christopher Ho
                                            Christina N. Chung
                                            Carole Vigne
                                            The LEGAL AID SOCIETY –
                                                EMPLOYMENT LAW CENTER

                                            William J. Smith
                                            Shelley G. Bryant
                                            W.J. SMITH & ASSOCIATES

                                            Marielena Hincapié
                                            NATIONAL IMMIGRATION LAW CENTER

                            By:    _____
                                   CHRISTOPHER HO
                                   Attorney for Plaintiffs

**PLAINTIFF MAI MEE MOUA LEE'S**                                    **PAGE 5**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## VERIFICATION

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Hmong and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October_____, 2008.


_Mai Mee Moua Lee_
MAI MEE MOUA LEE

# EXHIBIT J
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG | No.  CIV F-99-6443 OWW SMS |
| | **PLAINTIFF PAULA MARTINEZ'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |
| Plaintiffs, | |
| v. | |
| NIBCO, INC., an Indiana corporation | |
| Defendant. | |

**PROPOUNDING PARTY:**      Defendant NIBCO, INC.

**RESPONDING PARTY:**      Plaintiff PAULA MARTINEZ

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial. Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action. The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

1

## INDIVIDUAL RESPONSES AND OBJECTIONS

2      Subject to the above general objections, and without waiving any of them, plaintiff further

3  responds and objects as follows:

4      **Interrogatory No. 122:  Please set forth the name of each employer, its address and**

5  **telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

6      **Further <u>Supplemental Response to Interrogatory No. 122</u>:**  Plaintiff incorporates by

7  reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8  extensively questioned in her deposition concerning the information sought by this interrogatory,

9  and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10  within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which

11  have been disclosed.

12      Subject to the foregoing, and aside from those matters that have already been produced by

13  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14  follows: *See* Further Supplemental Response to Interrogatory No. 147.

15

16      **Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and**

17  **every fact which shows YOUR efforts to find employment since YOU were terminated by**

18  **NIBCO.**

19      **Further <u>Supplemental Response to Interrogatory No. 123</u>:**  Plaintiff incorporates by

20  reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

21  extensively questioned in her deposition concerning the information sought by this interrogatory,

22  and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

23  within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

24  been disclosed.

25      Subject to the foregoing, and aside from those matters that have already been produced by

26  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

27  follows: *See* Further Supplemental Response to Interrogatory No. 147.

28  **PLAINTIFF PAULA MARTINEZ'S**                                          **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she used "word of mouth" contacts, job listings at the Employment Development Department, radio help wanted ads/job announcements, and personal inquiries at businesses to identify potential employers.  Plaintiff applied to care for more foster children, to the agency that places senior citizens, and to Marquez Brothers cheese company.  Among other places, she applied at a temporary employment agency and other potential employers whose names she cannot currently recall. Since 2004 she has been working as an in-home caretaker for her disabled husband. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No.

**PLAINTIFF PAULA MARTINEZ'S**                                                    **PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO and which contains plaintiff's best current calculations of her post-termination income, as of the date of this response.

Plaintiff reserves the right to further supplement her responses hereto as appropriate, until such time as the merits of this case are decided.

Dated:     October 2, 2008

Christopher Ho
Christina N. Chung
Carole Vigne
The LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER

William J. Smith
Shelley G. Bryant
W.J. SMITH & ASSOCIATES

Marielena Hincapié
NATIONAL IMMIGRATION LAW CENTER

By:     _____
CHRISTOPHER HO
Attorney for Plaintiffs

PLAINTIFF PAULA MARTINEZ'S
FURTHER SUPPLEMENTAL RESPONSES
TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147

PAGE 5

**VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October 4 , 2008.


PAULA MARTINEZ

**PLAINTIFF PAULA MARTINEZ'S**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**PAGE 6**

# EXHIBIT K
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>        Plaintiffs,<br><br>        v.<br><br>NIBCO, INC., an Indiana corporation<br><br>        Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF MARIA MEDINA'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**      Defendant NIBCO, INC.

**RESPONDING PARTY:**      Plaintiff MARIA MEDINA

### GENERAL OBJECTIONS

1.      Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.      Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.      Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.      Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 122</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.


**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 123</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF MARIA MEDINA'S**                                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: Plaintiff had knee surgery in October 1998, and was unable to work.  She returned to work at NIBCO in January 1999.  After plaintiff was laid off again in September 2001, she actively pursued employment opportunities with no success.  She and her husband created a business selling tacos to farm workers in 2001.  She continues to work at this business with her husband.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO and which contains plaintiff's best current calculations of her post-termination income, as of the date of this response.

**PLAINTIFF MARIA MEDINA'S                                                           PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1    Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

2  such time as the merits of this case are decided.

3

4  Dated:    October 2, 2008              Christopher Ho
                                          Christina N. Chung
5                                         Carole Vigne
                                          The LEGAL AID SOCIETY –
6                                            EMPLOYMENT LAW CENTER

7
                                          William J. Smith
8                                         Shelley G. Bryant
                                          W.J. SMITH & ASSOCIATES
9

10                                        Marielena Hincapié
                                          NATIONAL IMMIGRATION LAW CENTER
11

12                              By:    _Christopher Ho / ps_____
13                                        CHRISTOPHER HO
                                          Attorney for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF MARIA MEDINA'S**                                    **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October  6  , 2008.


MARIA MEDINA

**PLAINTIFF MARIA MEDINA'S
FURTHER SUPPLEMENTAL RESPONSES
TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT L
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
 EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA RIVERA, MAO HER, ALICIA
ALVAREZ, EVA ARRIOLA, PEUANG
BOUNNHONG, CHHOM CHAN, BEE LEE,
PAULA MARTINEZ, MARIA MEDINA, MAI
MEEMOUA, MARGARITA MENDOZA, BAO
NHIA MOUA, ISIDRA MURILLO, MARIA
NAVARRO, VATH RATTANATAY, OFELIA
RIVERA, SARA RIVERA, MARIA
RODRIGUEZ, MARIA RUIZ, MARIA
VALDIVIA, SY VANG, YOUA XIONG, and
SEE YANG

      Plaintiffs,

      v.

NIBCO, INC., an Indiana corporation

      Defendant.

No.  CIV F-99-6443 OWW SMS

**PLAINTIFF MARGARITA MENDOZA'S
FURTHER SUPPLEMENTAL RESPONSES
TO DEFENDANT'S INTERROGATORIES,
NOS. 122, 123 & 147**

**CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff MARGARITA MENDOZA

## GENERAL OBJECTIONS

1.      Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.      Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.      Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.      Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**<u>INDIVIDUAL RESPONSES AND OBJECTIONS</u>**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**<u>Interrogatory No. 122</u>:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 122</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**<u>Interrogatory No. 123</u>:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further <u>Supplemental Response to Interrogatory No. 123</u>:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF MARGARITA MENDOZA'S**                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she would use "word of mouth" contacts, job listings at the Employment Development Department, and personal inquiries at businesses to identify potential employers.  Among other places, she applied at several temporary employment agencies, tortillerías, and other potential employers.  Plaintiff has been retired since 2004. With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment

**PLAINTIFF MARGARITA MENDOZA'S**                                                    **PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1   subsequent to her termination from NIBCO and which contains plaintiff's best current calculations

2   of her post-termination income, as of the date of this response.

3       Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4   such time as the merits of this case are decided.

5

6   Dated:    October 2, 2008              Christopher Ho

7                                          Christina N. Chung
                                           Carole Vigne
8                                          The LEGAL AID SOCIETY –
                                               EMPLOYMENT LAW CENTER
9

10                                         William J. Smith
                                           Shelley G. Bryant
11                                         W.J. SMITH & ASSOCIATES

12                                         Marielena Hincapié
13                                         NATIONAL IMMIGRATION LAW CENTER

14

15                         By:   _Christopher Ho / pm_____

16                                 CHRISTOPHER HO
                                   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28   **PLAINTIFF MARGARITA MENDOZA'S**                          **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October __6__, 2008.


_Maggie Mendoza_
MARGARITA MENDOZA

**PLAINTIFF CHHOM CHAN'S**                    **PAGE 8**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT M
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>        Plaintiffs,<br><br>        v.<br><br>NIBCO, INC., an Indiana corporation<br><br>        Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF ISIDRA MURIILLO'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**     Defendant NIBCO, INC.

**RESPONDING PARTY:**     Plaintiff ISIDRA MURILLO

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**INDIVIDUAL RESPONSES AND OBJECTIONS**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF ISIDRA MURILLO'S**                                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: Plaintiff had intended to continue working at the Fresno facility until her retirement.  When she was terminated by NIBCO, plaintiff, who was then 66 years old, believed that she would not be able to find another job due to the lack of transportation options, and was hopeful that NIBCO would call her back to work.  When the Fresno facility was later reacquired by defendant Wade, plaintiff very much hoped to return to her former employment there, but was never recalled to work.  When she was not recalled to work at the Fresno facility, the lack of transportation options and other factors led her to decide that she would retire and cease her job search efforts.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows: *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition,

1   defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's

2   employment subsequent to her termination from NIBCO and which contains plaintiff's best current

3   calculations of her post-termination income, as of the date of this response.

4       Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

5   such time as the merits of this case are decided.

6

7

8   Dated:    October 2, 2008                Christopher Ho
                                             Christina N. Chung
9                                            Carole Vigne
                                             The LEGAL AID SOCIETY –
10                                              EMPLOYMENT LAW CENTER

11                                           William J. Smith
                                             Shelley G. Bryant
12                                           W.J. SMITH & ASSOCIATES

13                                           Marielena Hincapié
14                                           NATIONAL IMMIGRATION LAW CENTER

15

16                       By:    _____
17                                  CHRISTOPHER HO

18                              Attorney for Plaintiffs

19

20

21

22

23

24

25

26

27

28   **PLAINTIFF ISIDRA MURILLO'S**                                              **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof.  I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October 6. , 2008.



_Isidra Murillo._
ISIDRA MURILLO

**PLAINTIFF ISIDRA MURILLO'S**                                                    **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT N
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>          Plaintiffs,<br><br>          v.<br><br>NIBCO, INC., an Indiana corporation<br><br>          Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF MARIA NAVARRO'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**  Defendant NIBCO, INC.

**RESPONDING PARTY:**  Plaintiff MARIA NAVARRO

## GENERAL OBJECTIONS

1. Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3. Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4. Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5. Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.


**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF MARIA NAVARRO'S**                                                          **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

Further **Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she asked friends about job openings, and contacted several potential employers, including Wade, La Tapatía and La Missíon (tortillerías), Smurfitstone (factory), and several packing sheds in Del Rey, as well as several temporary agencies. During a brief period of unemployment in 2008, plaintiff sought work in a number of locations. She filled out employment applications at various locations including a chocolate factory, a fruit packing facility and a thrift store.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows: *See* documents produced by plaintiff in response to defendant's Production Request No. 42. Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition,

1  defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's

2  employment subsequent to her termination from NIBCO and which contains plaintiff's best current

3  calculations of her post-termination income, as of the date of this response.

4        Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

5  such time as the merits of this case are decided.

6

7

8  Dated:    October 2, 2008            Christopher Ho
                                        Christina N. Chung
9                                       Carole Vigne
                                        The LEGAL AID SOCIETY –
10                                        EMPLOYMENT LAW CENTER

11                                      William J. Smith
                                        Shelley G. Bryant
12                                      W.J. SMITH & ASSOCIATES

13                                      Marielena Hincapié
14                                      NATIONAL IMMIGRATION LAW CENTER

15

16        By:    _Christopher Ho p_____

17               CHRISTOPHER HO
                 Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF MARIA NAVARRO'S**                              **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof.  I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October ___6___, 2008.


_Maria Navarro_

MARIA NAVARRO

# EXHIBIT O
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>          Plaintiffs,<br><br>          v.<br><br>NIBCO, INC., an Indiana corporation<br><br>          Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF VATH RATTANATAY'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**     Defendant NIBCO, INC.

**RESPONDING PARTY:**     Plaintiff VATH RATTANATAY

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

1

## **INDIVIDUAL RESPONSES AND OBJECTIONS**

2      Subject to the above general objections, and without waiving any of them, plaintiff further

3   responds and objects as follows:

4      **Interrogatory No. 122:  Please set forth the name of each employer, its address and**

5   **telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

6      **Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by

7   reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8   extensively questioned in her deposition concerning the information sought by this interrogatory,

9   and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10  within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which

11  have been disclosed.

12      Subject to the foregoing, and aside from those matters that have already been produced by

13  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14  follows: *See* Further Supplemental Response to Interrogatory No. 147.

15

16      **Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and**

17  **every fact which shows YOUR efforts to find employment since YOU were terminated by**

18  **NIBCO.**

19      **Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by

20  reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

21  extensively questioned in her deposition concerning the information sought by this interrogatory,

22  and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

23  within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

24  been disclosed.

25      Subject to the foregoing, and aside from those matters that have already been produced by

26  plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

27  follows: *See* Further Supplemental Response to Interrogatory No. 147.

28  **PLAINTIFF VATH RATTANATAY'S**                                    **PAGE 3**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

Further **Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she would use "word of mouth" contacts and job announcements in the newspaper.    Plaintiff has looked at job listings at the EDD and attended job fairs.  Among other places, she applied at temporary employment agencies, fruit packing companies, and other potential employers whose names she cannot currently recall.  For the past several years, she has been helping her husband with agricultural fieldwork on their small farm.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows: *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the

**PLAINTIFF VATH RATTANATAY'S**                                                        **PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1   chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment

2   subsequent to her termination from NIBCO and which contains plaintiff's best current calculations

3   of her post-termination income, as of the date of this response.

4         Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

5   such time as the merits of this case are decided.

6

7

8   Dated:    October 2, 2008                    Christopher Ho
                                                 Christina N. Chung
9                                                Carole Vigne
                                                 The LEGAL AID SOCIETY –
10                                                   EMPLOYMENT LAW CENTER

11                                               William J. Smith
                                                 Shelley G. Bryant
12                                               W.J. SMITH & ASSOCIATES

13
                                                 Marielena Hincapié
14                                               NATIONAL IMMIGRATION LAW CENTER

15

16                            By:    _Christopher Ho/pr_____

17                                   CHRISTOPHER HO
                                     Attorney for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28   **PLAINTIFF VATH RATTANATAY'S**                                    **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## VERIFICATION

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Lao and I am aware of the contents thereof.  I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October _____6_____ , 2008.


_____
VATH RATTANATAY


**PLAINTIFF VATH RATTANATAY'S**                                         **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT P
Declaration of Carole Vigne

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG

       Plaintiffs,

       v.

NIBCO, INC., an Indiana corporation

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.  CIV F-99-6443 OWW SMS

**PLAINTIFF MARTHA RIVERA'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**PROPOUNDING PARTY:**     Defendant NIBCO, INC.

**RESPONDING PARTY:**     Plaintiff MARTHA RIVERA

## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

1    **INDIVIDUAL RESPONSES AND OBJECTIONS**

2        Subject to the above general objections, and without waiving any of them, plaintiff further

3    responds and objects as follows:

4        **Interrogatory No. 122:  Please set forth the name of each employer, its address and**

5    **telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

6        **Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by

7    reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8    extensively questioned in her deposition concerning the information sought by this interrogatory,

9    and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10   within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which

11   have been disclosed.

12       Subject to the foregoing, and aside from those matters that have already been produced by

13   plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14   follows: *See* Further Supplemental Response to Interrogatory No. 147.

15

16       **Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and**

17   **every fact which shows YOUR efforts to find employment since YOU were terminated by**

18   **NIBCO.**

19       **Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by

20   reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

21   extensively questioned in her deposition concerning the information sought by this interrogatory,

22   and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

23   within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

24   been disclosed.

25       Subject to the foregoing, and aside from those matters that have already been produced by

26   plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

27   follows: *See* Further Supplemental Response to Interrogatory No. 147.

28   **PLAINTIFF MARTHA RIVERA'S**                                    **PAGE** 3
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

Further **Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she regularly checked newspaper advertisements, listened to radio advertisements, checked Employment Development listings, applied at Foster Farms and Zacky Farms, and registered at Adecco and Select Personnel Services. During a brief period of unemployment in 2007 plaintiff searched for employment through an employment agency as well as through "word of mouth." With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which

PLAINTIFF MARTHA RIVERA'S                                                    PAGE 4
FURTHER SUPPLEMENTAL RESPONSES
TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147

1  lists plaintiff's employment subsequent to her termination from NIBCO and which contains

2  plaintiff's best current calculations of her post-termination income, as of the date of this response.

3        Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4  such time as the merits of this case are decided.

5

6
7  Dated:    October 2, 2008              Christopher Ho
                                          Christina N. Chung
8                                         Carole Vigne
                                          The LEGAL AID SOCIETY –
9                                            EMPLOYMENT LAW CENTER

10                                        William J. Smith
                                          Shelley G. Bryant
11                                        W.J. SMITH & ASSOCIATES

12                                        Marielena Hincapié
13                                        NATIONAL IMMIGRATION LAW CENTER

14
15                            By:    _____
                                          CHRISTOPHER HO
16                                        Attorney for Plaintiffs

17
18
19
20
21
22
23
24
25
26
27
28  **PLAINTIFF MARTHA RIVERA'S**                                        **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October 6 , 2008.


_Martha Rivera_

MARTHA RIVERA

**PLAINTIFF MARTHA RIVERA'S**                                                    **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT Q
## Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>            Plaintiffs,<br><br>            v.<br><br>NIBCO, INC., an Indiana corporation<br><br>            Defendant. | No.  CIV F-99-6443 OWW SMS<br><br>**PLAINTIFF OFELIA RIVERA'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff OFELIA RIVERA


## GENERAL OBJECTIONS

1.     Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.     Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.     Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.     Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.     Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

**INDIVIDUAL RESPONSES AND OBJECTIONS**

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.


**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF OFELIA RIVERA'S**                                        **PAGE** 3
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she would use "word of mouth" contacts; job listings at the Employment Development Department; and personal inquiries at businesses to identify potential employers.  Among other places, she applied at many temporary employment agencies including Select Personnel Services, Adecco, at various hotels and laundries, and with other potential employers whose names she cannot currently recall.  Plaintiff worked briefly at various plants, including Wade and Aquarius. She is currently retired.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as

**PLAINTIFF OFELIA RIVERA'S**                                                                                    **PAGE** 4
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1   appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental

2   Revised Exhibit A, which lists plaintiff's employment subsequent to her termination from NIBCO

3   and which contains plaintiff's best current calculations of her post-termination income, as of the date

4   of this response.

5           Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

6   such time as the merits of this case are decided.

7

8

9   Dated:     October 2, 2008                    Christopher Ho
                                                   Christina N. Chung
10                                                 Carole Vigne
                                                   The LEGAL AID SOCIETY –
11                                                    EMPLOYMENT LAW CENTER

12                                                 William J. Smith
13                                                 Shelley G. Bryant
                                                   W.J. SMITH & ASSOCIATES
14
                                                   Marielena Hincapié
15                                                 NATIONAL IMMIGRATION LAW CENTER

16

                              By:    _____
18                                   CHRISTOPHER HO
                                     Attorney for Plaintiffs
19

20

21

22

23

24

25

26

27

28   **PLAINTIFF OFELIA RIVERA'S**                                          **PAGE 5**
     **FURTHER SUPPLEMENTAL RESPONSES**
     **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## <u>VERIFICATION</u>

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October____G____, 2008.

_____
OFELIA RIVERA

**PLAINTIFF OFELIA RIVERA'S**                          **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT R
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
   EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA RIVERA, MAO HER, ALICIA
ALVAREZ, EVA ARRIOLA, PEUANG
BOUNNHONG, CHHOM CHAN, BEE LEE,
PAULA MARTINEZ, MARIA MEDINA, MAI
MEEMOUA, MARGARITA MENDOZA, BAO
NHIA MOUA, ISIDRA MURILLO, MARIA
NAVARRO, VATH RATTANATAY, OFELIA
RIVERA, SARA RIVERA, MARIA
RODRIGUEZ, MARIA RUIZ, MARIA
VALDIVIA, SY VANG, YOUA XIONG, and
SEE YANG

      Plaintiffs,

      v.

NIBCO, INC., an Indiana corporation

      Defendant.

  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )

No.  CIV F-99-6443 OWW SMS

**PLAINTIFF SARA RIVERA'S FURTHER
SUPPLEMENTAL RESPONSES TO
DEFENDANT'S INTERROGATORIES, NOS.
122, 123 & 147**

**CASE NO.  CIV F-99-6443 OWW SMS**

**PROPOUNDING PARTY:**        Defendant NIBCO, INC.

**RESPONDING PARTY:**        Plaintiff SARA RIVERA

## GENERAL OBJECTIONS

1.    Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.    Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.    Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.    Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.    Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

1

## INDIVIDUAL RESPONSES AND OBJECTIONS

2

Subject to the above general objections, and without waiving any of them, plaintiff further

3

responds and objects as follows:

4

**Interrogatory No. 122:  Please set forth the name of each employer, its address and**

5

**telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

6

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by

7

reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

8

extensively questioned in her deposition concerning the information sought by this interrogatory,

9

and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

10

within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which

11

have been disclosed.

12

Subject to the foregoing, and aside from those matters that have already been produced by

13

plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

14

follows: *See* Further Supplemental Response to Interrogatory No. 147.

15

16

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and**

17

**every fact which shows YOUR efforts to find employment since YOU were terminated by**

18

**NIBCO.**

19

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by

20

reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was

21

extensively questioned in her deposition concerning the information sought by this interrogatory,

22

and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised

23

within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have

24

been disclosed.

25

Subject to the foregoing, and aside from those matters that have already been produced by

26

plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as

27

follows: *See* Further Supplemental Response to Interrogatory No. 147.

28

**PLAINTIFF SARA RIVERA'S**                                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

**Further Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO. She would learn of job opportunities through "word of mouth" from friends and through advertisements in the newspapers, on the radio, and on television.  Among other things, she applied at temporary employment agencies such as Select Personnel Services, at businesses such as Pacific Choice, and at other potential employers whose names she cannot currently recall.  With respect to her earnings from employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant to the chart appended hereto as Supplemental Revised Exhibit A, which lists

**PLAINTIFF SARA RIVERA'S**                                                                 **PAGE 4**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

1  employment subsequent to her termination from NIBCO and which contains plaintiff's best current

2  calculations of her post-termination income, as of the date of this response.

3      Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

4  such time as the merits of this case are decided.

5

6  Dated:    October 2, 2008                    Christopher Ho

7                                              Christina N. Chung
                                               Carole Vigne

8                                              The LEGAL AID SOCIETY –
                                                 EMPLOYMENT LAW CENTER
9

10                                             William J. Smith
                                               Shelley G. Bryant

11                                             W.J. SMITH & ASSOCIATES

12                                             Marielena Hincapié

13                                             NATIONAL IMMIGRATION LAW CENTER

14

15                              By:    _____

16                                             CHRISTOPHER HO
                                               Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF SARA RIVERA'S**                                    **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**<u>VERIFICATION</u>**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October _O6_ , 2008.



_Sara L Rivera Appelala_
SARA RIVERA

**PLAINTIFF SARA RIVERA'S**                                                    **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

# EXHIBIT S
Declaration of Carole Vigne

Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY -
    EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107-1387
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone:  (559) 432-0986
Facsimile:  (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone:  (213) 639-3900
Facsimile:  (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG | No.  CIV F-99-6443 OWW SMS |
| | **PLAINTIFF MARIA RODRIGUEZ'S FURTHER SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147** |
| Plaintiffs, | |
| v. | |
| NIBCO, INC., an Indiana corporation | |
| Defendant. | |

**PROPOUNDING PARTY:**          Defendant NIBCO, INC.

**RESPONDING PARTY:**          Plaintiff MARIA RODRIGUEZ

### GENERAL OBJECTIONS

1.      Plaintiff objects to the extent that these interrogatories or the "preliminary statement" thereto seek to impose any requirements beyond those authorized by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Each specific response set forth below is subject to all objections, including but not limited to competence, relevance, materiality, or admissibility, that would require exclusion of any of the responses provided here from evidence at trial.  Such objections are hereby expressly reserved and may be interposed at trial or at other appropriate times in this action.  The fact that plaintiff responds to any interrogatory in whole or part is not an admission that the information provided thereby constitutes admissible evidence and is not to be construed as a waiver of any proper ground for objection which may be raised to any interrogatory or to the subject matter thereof, or to the use or admissibility of any answer thereto, at trial or at any time in this action.

3.      Plaintiff further objects to the extent that defendant's interrogatories seek information protected by the attorney-client privilege, the attorney work product doctrine, or federal or state rights to privacy.

4.      Plaintiff further objects to the extent that the interrogatories seek information which is already in the possession of defendant or is equally or readily available to defendant.

5.      Plaintiff  reserves the right to introduce into evidence in any proceeding before this Court, or at the trial of this action, any information that is not currently provided herein but has been provided to defendant previously, is information within defendant's possession, custody, or control, or was unknown to plaintiff at the time of this supplemental response, and which supports plaintiff's claims.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to the above general objections, and without waiving any of them, plaintiff further responds and objects as follows:

**Interrogatory No. 122:  Please set forth the name of each employer, its address and telephone number that YOU have been employed with since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 122:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were also addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**Interrogatory No. 123:  Please set forth in as much detail as YOU are able, each and every fact which shows YOUR efforts to find employment since YOU were terminated by NIBCO.**

**Further Supplemental Response to Interrogatory No. 123:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: *See* Further Supplemental Response to Interrogatory No. 147.

**PLAINTIFF MARIA RODRIGUEZ'S**                                    **PAGE 3**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

**Interrogatory No. 147:  Please IDENTIFY with precision every effort YOU have made to mitigate the harm YOU allege to have incurred giving rise to this action, including but not limited to YOUR attempts to secure employment and the employment YOU have secured since working for NIBCO, as well as YOUR earnings and benefits derived therefrom.**

Further **Supplemental Response to Interrogatory No. 147:**  Plaintiff incorporates by reference the previous objections and responses to this interrogatory.  Moreover, plaintiff was extensively questioned in her deposition concerning the information sought by this interrogatory, and defendant is accordingly referred thereto.  In addition, plaintiff responds that matters comprised within this interrogatory were addressed in the reports of plaintiffs' expert witnesses, which have been disclosed.

Subject to the foregoing, and aside from those matters that have already been produced by plaintiff or have been set out in the reports of plaintiffs' expert witnesses, plaintiff responds as follows: With respect to her job search efforts after being terminated by NIBCO, plaintiff spent a significant amount of time looking for work after she was terminated by NIBCO.  Among other things, she made inquiries about job possibilities at Pacific Choice, In Home Supportive Services, laundries, and other potential employers whose names she cannot currently recall.  Plaintiff additionally visited many potential employers to whom she had been referred by friends, and regularly checked newspaper advertisements.  After plaintiff was laid off in or about February 2004, she again applied for employment at several companies.  She learned of job opportunities during this time by searching the newspapers for job advertisements and by referrals from friends.  Due to health concerns, plaintiff has been unable to find employment that fits in with her frequent doctor's appointments, but she continues to search. She has heard of potential job openings from friends and

1  applied for various positions but has not heard back. Plaintiff is occasionally able to find paid work

2  by aiding family members in housecleaning and childcare.  With respect to her earnings from

3  employment subsequent to being terminated by NIBCO, plaintiff states as follows:  *See* documents

4  produced by plaintiff in response to defendant's Production Request No. 42.  Plaintiff reserves the

5  right to supplement any such response at trial, as appropriate.  In addition, plaintiff refers defendant

6  to the chart appended hereto as Supplemental Revised Exhibit A, which lists plaintiff's employment

7  subsequent to her termination from NIBCO and which contains plaintiff's best current calculations

8  of her post-termination income, as of the date of this response.

9

10        Plaintiff reserves the right to further supplement her responses hereto as appropriate, until

11  such time as the merits of this case are decided.

12

13  Dated:    October 2, 2008                Christopher Ho
14                                           Christina N. Chung
15                                           Carole Vigne
                                             The LEGAL AID SOCIETY –
16                                               EMPLOYMENT LAW CENTER

17                                           William J. Smith
18                                           Shelley G. Bryant
                                             W.J. SMITH & ASSOCIATES
19
                                             Marielena Hincapié
20                                           NATIONAL IMMIGRATION LAW CENTER

21

22                          By:    _____
                                   CHRISTOPHER HO
23                                 Attorney for Plaintiffs

24

25

26

27

28  **PLAINTIFF MARIA RODRIGUEZ'S**                                    **PAGE 5**
    **FURTHER SUPPLEMENTAL RESPONSES**
    **TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**

## **VERIFICATION**

I have had defendant's Interrogatories Nos. 122, 123, and 147, as well as the above responses thereto and this statement, explained to and/or translated for me in Spanish and I am aware of the contents thereof. I affirm that those responses are true and correct to the best of my knowledge, except as to any responses provided on the basis of information and belief, and as to those responses I affirm that I am informed and believe that they are true and correct to the best of my knowledge, and that this verification was executed in Fresno, California on October __6__, 2008.


_Maria Rodriguez_
MARIA RODRIGUEZ

**PLAINTIFF MARIA RODRIGUEZ'S**                                    **PAGE 6**
**FURTHER SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S INTERROGATORIES, NOS. 122, 123 & 147**