Christopher Ho, SBC No. 129845
Christina N. Chung, SBC No. 194630
Carole Vigne, SBC No. 251829
The LEGAL AID SOCIETY—
   EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

William J. Smith, SBC No. 056116
Shelley G. Bryant, SBC No. 222925
W.J. SMITH & ASSOCIATES
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone: (559) 432-0986
Facsimile: (559) 432-4871

Marielena Hincapié, SBC No. 188199
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, California 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG, and SEE YANG<br><br>Plaintiffs,<br><br>v.<br><br>NIBCO, INC., an Indiana corporation<br><br>Defendant. | No. CIV F-99-6443 OWW SMS<br><br>**DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**<br><br>[Hon. Oliver W. Wanger]<br><br>Trial Date: October 7, 2008 |

DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S BILL OF COSTS
Case No. CIV F-99-6443 OWW SMS

1

I, CHRISTOPHER HO, declare as follows:

1. I am one of the counsel for plaintiffs in this matter. I am personally familiar with the matters set forth herein, and would and could testify competently thereto if called as a witness.

2. I make this declaration in support of plaintiffs' objections to defendant Nibco's bill of costs.

3. Substantially prior to the trial of this case and in conjunction with attempts to arrive at a manageable joint exhibit list, plaintiffs' counsel proposed that the parties negotiate in an effort to reduce the number of exhibits to be used at trial. Among other things, plaintiffs' counsel proposed that the two sides meet and confer with the aim of drastically reducing the number of overall exhibits, since it was my judgment that only a minor fraction of the tens of thousands of pages of exhibits previously designated in the Pretrial Statement would actually be used at trial, as a practical matter. One of my concerns was that if all of the previously listed documents had to made available at trial, the resulting number of documents and binders would have made the retrieval of any particular document cumbersome and needlessly time-consuming.

4. In my opinion, plaintiffs' proposal was never seriously considered by counsel for Nibco. Among other things, it appeared to me that Nibco's counsel had actually assigned exhibit numbers to its voluminous quantity of documents so far ahead of time, and was sufficiently wedded to that numbering system, that plaintiffs' proposal to refine the number of exhibits to a manageable level was either ignored or rebuffed inasmuch as that would require Nibco to renumber its exhibits.

5. Since the inception of this case and its subsequent investigation by the U.S. Equal Employment Opportunity Commission ("EEOC"), this litigation has been followed by the EEOC, both at its Washington headquarters and in its San Francisco district office. Among other things, I was invited to make a presentation about the case before senior EEOC staff in Washington in 2005, and have been in contact on several occasions with EEOC staff members with respect to its utilization of protective orders to resist employers' use of immigration-related discovery in other cases around the country. Following the Ninth Circuit's decision on the protective order, the EEOC has

DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S BILL OF COSTS
Case No. CIV F-99-6443 OWW SMS

2

successfully cited to that decision in several reported district court decisions in which protective orders were granted against such discovery.

6. In addition, the San Francisco district office of the EEOC kept itself apprised of developments at trial by assigning one of its trial attorneys to sit in on a full day of trial in this Court.

7. Appended hereto as Exhibit A is a true and correct copy of an EEOC press release issued on September 1, 2000.

8. Appended hereto as Exhibit B is a true and correct copy of an EEOC press release issued on September 19, 2000.

9. Appended hereto as Exhibit C is a true and correct copy of an EEOC press release issued on April 20, 2001.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on December 22, 2008.

/Christopher Ho, Esq.
CHRISTOPHER HO

DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
Case No. CIV F-99-6443 OWW SMS

3

**DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

# EXHIBIT A

*The U.S. Equal Employment Opportunity Commission*

FOR IMMEDIATE RELEASE  
Friday, September 1, 2000

CONTACT: José J. Behar  
(312) 353-7722  
John C. Hendrickson  
(312) 353-8551  
TTY: (312) 353-2421

# EEOC REACHES LANDMARK 'ENGLISH-ONLY' SETTLEMENT; CHICAGO MANUFACTURER TO PAY OVER $190,000 TO HISPANIC WORKERS

*Employees Fired For Speaking Spanish On The Job, Saying 'Good Morning' in Native Language*

CHICAGO - The U.S. Equal Employment Opportunity Commission (EEOC) today announced the settlement of a lawsuit under Title VII of the Civil Rights Act of 1964 against Watlow Batavia, Inc., a subsidiary of Watlow Electric Manufacturing Co. of St. Louis, for discriminating against Hispanic workers on the basis of their national origin by firing them for refusing to speak only English on the job.

A Consent Decree was entered today by Federal District Court Judge Milton Shadur of the Northern District of Illinois, Eastern Division. Under the terms of the settlement, EEOC's largest ever for English-only violations, Watlow will pay $192,500 to eight Hispanic former employees in the Assembly Department of a plant in suburban Chicago that manufactures aluminum radiators and other products. The workers were discriminated against, unfairly disciplined, and terminated for speaking Spanish to co-workers and friends. One assembly-line worker, Marcelina Navar, was fired after greeting a co-worker by saying "good morning" in Spanish ("buenos dias").

"The Commission will continue to defend employees' civil rights when rules are implemented that arbitrarily penalize a single group based on their national origin," said EEOC Chairwoman Ida L. Castro. "It is imperative for employers to be aware that blanket English-only policies, those requiring workers to speak English at all times with no exceptions, may be unlawful if they are not clearly justified by business necessity."

In addition to the monetary payments, Watlow will provide comprehensive training to its management personnel, post a notice at its plant detailing the outcome of the litigation, and maintain certain employment records for EEOC's review. The agreement also requires that the company not discriminate against its workforce based on national origin nor implement any English-only rules.

"Cases involving language issues, accent discrimination, and restrictive language policies or practices are a strategic enforcement priority for the Commission," said EEOC General Counsel C. Gregory Stewart. "The Commission will aggressively prosecute such cases in order to remedy employment discrimination and protect the public interest."

Since EEOC started separately tracking English-only charges in 1996, there has been an increasing trend in charge filings alleging national origin discrimination based on such policies. Between Fiscal Years 1996 and 1999, the number of charge filings alleging English-only violations has tripled from 77 to 253 charges. In addition, the Commission has obtained several noteworthy settlements and favorable court rulings when litigating English-only cases.

"This settlement should send a strong message to employers in Illinois and across the country about the illegality of English-only rules," said John C. Hendrickson, Regional Attorney of EEOC's Chicago District Office, which filed the lawsuit. "This is an important step in our fight against discrimination on the basis of national origin. We expect that companies will think long and hard about whether to implement rules that discriminate against those who speak languages other than English when those rules aren't necessary to do the job."

EEOC's policy on English-only rules is set out in its Guidelines on Discrimination Because of National

Origin (Part 29, Code of Federal Regulations, Section 1606.1). It is the Commission's position that rules requiring employees to speak only English in the workplace have an adverse impact on individuals whose primary language is not English or who are limited in English proficiency. Such English-only rules, when applied at all times, may violate Title VII on the basis of national origin.

José J. Behar, the Supervisory Trial Attorney responsible for prosecuting the case, said: "We are pleased with this outcome. Companies are finally learning a lesson as to what they can and cannot do with respect to requiring workers to speak only English."

He added: "In this case, EEOC believed that Watlow's implementation of an English-only rule constituted disparate treatment of its Hispanic workers. While English-only rules may be justified for certain safety sensitive positions, there is no legitimate rationale for prohibiting employees from speaking their native language during lunch time, on breaks, or in casual conversation to friends and co-workers."

Jonathan A. Rothstein of Gessler, Hughes & Socol, Ltd., who represented seven of the eight affected employees, said: "My clients are happy with this settlement and believe that justice has been done. The outcome of this case should remind other employers that there is a high price to pay for violating the civil rights of workers through the implementation of English-only rules."

In addition to enforcing Title VII, which prohibits employment discrimination based on race, color, religion, sex or national origin, EEOC enforces the Age Discrimination in Employment Act; the Equal Pay Act; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against people with disabilities in the private sector and state and local governments; prohibitions against discrimination affecting individuals with disabilities in the federal government; and sections of the Civil Rights Act of 1991. Further information about the Commission, including its Guidelines on Discrimination Because of National Origin, is available on the agency's web site at www.eeoc.gov.

*This page was last modified on September 1, 2000.*

 Return to Home Page

DECLARATION OF CHRISTOPHER HO IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

# EXHIBIT B

*The U.S. Equal Employment Opportunity Commission*

---

FOR IMMEDIATE RELEASE  
Tuesday, September 19, 2000

CONTACT: Robert Canino  
(214) 655-3333  
Toby Costas  
(214) 655-3335  
TTY: (214) 655-3363

# COURT SPEAKS: ENGLISH ONLY RULE UNLAWFUL; AWARDS EEOC $700,000 FOR HISPANIC WORKERS

DALLAS - A speak-English-only policy implemented by Premier Operator Services, Inc., a former long distance operator service, constitutes national origin discrimination, Magistrate Judge Paul D. Stickney has ruled, awarding 13 Hispanic employees over $700,000 in damages. The decision by the U.S. District Court for the Northern District of Texas, Dallas Division, represents the largest monetary award ever obtained by the U.S. Equal Employment Opportunity Commission (EEOC) in a lawsuit for English-only violations.

The rule enforced by the company, banning the speaking of languages other than English at all times in the workplace including lunch and other breaks discriminated against mostly Mexican-American bilingual employees hired, ironically, for their ability to speak Spanish. The Court held that the policy resulted in discrimination against workers based on their national origin in violation of Title VII of the Civil Rights Act of 1964.

EEOC's lawsuit maintained that the Hispanic workers were first hired for their ability to speak Spanish as a benefit to the business, then told not to speak their native language at any time while on the premises except to non-English speaking customers. The workers, some of whom had previously received performance awards, were fired and retaliated against after refusing to sign the restrictive language policy and filing discrimination charges with EEOC.

"This significant ruling serves to remind us that language differences must not make employees the target of mean-spirited or even well-intended language policies when there is no real business necessity or justification for such policies," said EEOC Chairwoman Ida L. Castro. "The timing of this decision during our nation's celebration of Hispanic Heritage Month makes it even more noteworthy as we focus on the value of diversity in the workplace and all other areas of society."

The individual workers were awarded back pay for wages lost as a result of their discharge, totaling approximately $59,000, and an additional $50,000 each representing the maximum allowable recovery in this case under the Civil Rights Act of 1991 for compensatory and punitive damages.

In deciding the case, Judge Stickney relied on expert testimony from linguist Susan Berk-Seligson of the University of Pittsburgh, who testified that "code switching" an unconscious habit where persons who are bilingual switch from one language to another during casual conversation makes it extremely difficult to completely suppress one's primary language. The judge also rejected the idea that the policy and its enforcement promoted harmony, or was needed to improve communication, stating, "Quite the opposite...the policy served to create a disruption in the workplace and feelings of alienation and inadequacy by...proven performers."

The court noted in the 22-page decision that the company's language policy, posted on a sign at the entrance of the building where the employees reported to work each day, was accompanied by a warning that, "Absolutely no guns, knives or weapons of any kind" were allowed on the premises, thereby "implying a combined concern about the conduct of those persons who speak a language other than English" and "setting the scene for stigmatization."

EEOC General Counsel C. Gregory Stewart said, "Cases involving English-only rules, restrictive language policies, and language or accent discrimination are litigation priorities for the Commission. Employers must refrain from targeting workers for discrimination based on myths, fears, and stereotypes regarding their primary language and country of origin."

The ruling followed an abbreviated trial on July 28, 2000, at which the company did not appear. While Premier Operator Services had declared bankruptcy prior to the trial, the court noted evidence presented by EEOC that the President and CEO may have transferred assets from the company and that the judgment could be enforced against successor employers. The suit was filed in January 1998.

Robert Canino, Regional Attorney for EEOC's Dallas District Office, said, "With the rapid growth of the Latino population in Texas, California, Florida, New York, Illinois, and other large states, it should be obvious to employers that bilingual workers are an asset to business. Rather than implementing discriminatory workplace policies that alienate language minorities, companies should embrace and promote diversity because it makes good business sense."

EEOC has observed an increasing trend in English-only charge filings since the agency started separately tracking such charges in Fiscal Year 1996. Charges alleging national origin discrimination based on English-only rules have skyrocketed from 77 charge filings in FY 1996 to 365 charge filings thus far in FY 2000. Earlier this month, EEOC reached a $192,500 settlement in an English-only lawsuit against Illinois-based Watlow Batavia, a subsidiary of Watlow Electrical Manufacturing Co. of St. Louis, on behalf of eight Hispanic former workers in the assembly department of a plant in suburban Chicago. EEOC's policy on English-only rules is set out in its Guidelines on Discrimination Because of National Origin (Part 29, Code of Federal Regulations, Section 1606.1).

In addition to enforcing Title VII, which prohibits employment discrimination based on race, color, religion, sex or national origin, EEOC enforces the Age Discrimination in Employment Act; the Equal Pay Act; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against people with disabilities in the private sector and state and local governments; prohibitions against discrimination affecting individuals with disabilities in the federal government; and sections of the Civil Rights Act of 1991. Further information about the Commission, including its Guidelines on Discrimination Because of National Origin, is available on the agency's web site at www.eeoc.gov.

*This page was last modified on September 19, 2000.*

 Return to Home Page

DECLARATION OF CHRISTOPHER HO IN SUPPORT OF
PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF
COSTS

# EXHIBIT C

*The U.S. Equal Employment Opportunity Commission*

```
FOR IMMEDIATE RELEASE            CONTACT:  Robert B. Harwin
Friday, April 20, 2001                     (210) 281-7643
                                           Linda Gutierrez
                                           (210) 281-7637
                                           Judith G. Taylor
                                           (210) 281-7673
                                           Connie Liem
                                           (210) 281-7629
                                           Selena N. Solis
                                           (210) 281-7679
                                           Javier N. Maldonado
                                           (210) 281-7638
                                 TTY:      (210) 281-7610
```

# EEOC SETTLES ENGLISH-ONLY SUIT FOR $2.44 MILLION AGAINST UNIVERSITY OF INCARNATE WORD

SAN ANTONIO - The U.S. Equal Employment Opportunity Commission (EEOC) today announced a landmark $2.44 million settlement of a class action lawsuit against the University of Incarnate Word (UIW), a private university in San Antonio, Texas, on behalf of 18 Hispanic housekeepers who were subjected to an unlawful English-only rule and harassed due to their national origin in violation of Title VII of the Civil Rights Act of 1964.

The settlement, which stems from a lawsuit filed in the U.S. District Court for the Western District of Texas on September 30, 1999, is the largest known monetary resolution for a lawsuit concerning an English-only rule in the workplace.

"As employers face the challenge of a rapidly changing workforce, they will serve themselves well by creating work environments that are conducive to diversity and putting strategies in place to ease racial and ethnic tensions," said EEOC Chairwoman Ida L. Castro.

As part of the settlement, approved late yesterday as a consent decree by U.S. District Court Judge Orlando Garcia, UIW will pay $1 million to be distributed among a class of 18 Hispanic former employees. In addition, UIW agreed to provide 18 tuition waivers for use by the class members or a close relative. The tuition waivers, valued at $1.44 million, provide for eight full-time semesters of study at UIW for each recipient.

In addition to the monetary payments, the consent decree calls for a three-year injunction prohibiting UIW from implementing and enforcing an English-only rule in the workplace and from discriminating on the basis of national origin.

UIW also agreed to adopt a comprehensive anti-harassment workplace policy and complaint procedure in English and Spanish. In addition, UIW agreed to train its managers and supervisors regularly on national origin harassment and other unlawful discriminatory practices.

"For more than 15 years, the EEOC has taken the firm position that English-only rules run afoul of Title VII when applied at all times or when they cannot be justified by business necessity," said Robert B. Harwin, regional attorney of EEOC's San Antonio District Office, which filed the lawsuit. "In this case, UIW compounded its unlawful conduct by harassing the Hispanic employees who could not comply with the policy. This settlement should put other employers on notice that the EEOC is committed to rooting out discrimination against low-wage earners, language minorities, and other groups most vulnerable to civil rights abuses."

In its suit against UIW, EEOC alleged that a class of 18 Hispanic housekeepers were subjected to an unlawful English-only policy and severe and pervasive harassment for over 10 years on the basis of national origin. UIW's Director of Housekeeping prohibited the housekeepers from speaking Spanish and required that they speak only English in the workplace at all times, even while at lunch and during

employee breaks.

According to the suit, some of the UIW employees spoke little or no English, others testified that Spanish was their primary language even though they were born in the United States, while other employees were bilingual. The workers complained that they had difficulty complying with the rule because they did not speak English or unconsciously lapsed into Spanish when conversing with same language peers. Nevertheless, employees who failed to comply with the English-only policy were subjected to repeated verbal and physical abuse, as well as ethnic slurs.

EEOC has observed an increasing trend of charge filings alleging English-only violations since the Commission began separately tracking such charges in the mid-1990s. The number of English-only charges filed with EEOC and state and local Fair Employment Practices Agencies have increased by nearly 500% from 91 such charges in Fiscal Year 1996 to 443 charges in FY 2000. EEOC's policy on English-only rules is set out in its Guidelines on Discrimination Because of National Origin (29 Code of Federal Regulations, Part 1606) which, along with other information about the Commission, is available on the agency's web site at www.eeoc.gov.

In addition to enforcing Title VII, which prohibits employment discrimination based on race, color, religion, sex or national origin, EEOC enforces the Age Discrimination in Employment Act; the Equal Pay Act; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against people with disabilities in the private sector and state and local governments; prohibitions against discrimination affecting individuals with disabilities in the federal government; and sections of the Civil Rights Act of 1991.

*This page was last modified on April 20, 2001.*

 Return to Home Page