Christopher Ho, SBC No. 129845
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:  (415) 864-8848
Facsimile:  (415) 593-0096
Email:  cho@legalaidatwork.org

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA RIVERA, MAO HER, ALICIA ALVAREZ, EVA ARRIOLA, PEUANG BOUNNHONG, CHHOM CHAN, BEE LEE, PAULA MARTINEZ, MARIA MEDINA, MAI MEEMOUA, MARGARITA MENDOZA, BAO NHIA MOUA, ISIDRA MURILLO, MARIA NAVARRO, VATH RATTANATAY, OFELIA RIVERA, SARA RIVERA, MARIA RODRIGUEZ, MARIA RUIZ, MARIA VALDIVIA, SY VANG, YOUA XIONG and SEE YANG,

      Plaintiffs,

      v.

NIBCO, INC., an Indiana corporation,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 1:99-cv-06443-LJO-SMS

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Fed.R.Civ.P. 5.2(d); Local Rule 141(f)]

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that at a date, time and place to be determined by this Court,[1] the undersigned former counsel for the plaintiffs in this matter will move the Court for an administrative order unsealing certain designated documents that were filed by the parties in the course of their respective motions for summary judgment.

## MOTION

This Title VII and FEHA employment discrimination action has been closed for over a dozen years.  Plaintiffs' claims of national origin and language discrimination were fully resolved through settlement.  Defendant Nibco, Inc., the plaintiffs' former employer, no longer owns the micro-irrigation manufacturing plant in Fresno where the matters at issue in this case arose.  The facts and disputes the Court adjudicated are now in the distant past.

Consequently, in the well-established and overriding interest of the public's access to judicial documents, the undersigned moves the Court, in his personal capacity, to direct the Clerk of the Court that certain filings contained in the parties' cross-motions for summary judgment—which the Court ordered filed under seal more than 18 years ago upon stipulation of the parties—should now be unsealed, pursuant to Fed.R.Civ.P. 5.2(d) and Local Rule 141(f).

This administrative motion is based upon the following memorandum of points and authorities and the accompanying declarations of Professor Shirin Sinnar, Professor Stephen Lee, and Christopher Ho.  A proposed order is lodged herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

This action, a Title VII and FEHA challenge to Nibco's use of written examinations administered solely in English to select employees for layoff, was filed on October 1, 1999, more than 24 years ago.  Before the parties filed cross-motions for summary judgment in 2005, they

---

[1]    Due to the passage of time, none of the judges who were involved in the adjudication of this matter remain on the bench.

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

stipulated that all materials associated with those motions be filed under seal, and this Court issued a series of orders so providing for all matters filed in each of the three rounds of briefing.[2]  Eighteen months after the motions were argued, this Court denied plaintiffs' summary judgment motion, and granted in part and denied in part defendant's summary judgment motion.[3]  The case was subsequently tried to a jury, which returned a defense verdict on November 26, 2008.[4]  After the Ninth Circuit reversed and remanded for a new trial,[5] the matter was settled, and this Court entered a stipulated dismissal with prejudice on December 7, 2011.[6]

By the time this case was closed, the parties had vigorously litigated it at every juncture for over 12 years.  Nearly 800 entries are in its ECF docket.  Multiple rounds of written discovery were propounded, tens of thousands of documents were exchanged, well over three dozen percipient and expert witnesses were deposed, and countless motions were filed.  Its trial took 27 days.  Two appeals, one of them interlocutory, were taken to the Ninth Circuit.  Defendant Nibco sought certiorari from the Supreme Court as to both of them.  Thirteen published and unpublished orders and opinions from the case appear on Westlaw.

Because of this case's complex history and the novel legal and procedural issues it raised, it has been cited or discussed in more than 600 cases, over 150 law review articles, and numerous treatises and practice guides.[7]  One of the Ninth Circuit's two opinions in the case,[8] which

---

[2]    ECF Nos. 284, 328, 369.  The matters filed under seal were ECF Nos. 290-301, 304-16, 322, 337-66, 385-404, 407-08, 429-31, 433 and 436.

[3]    ECF No. 436.  The Court sealed its order on the cross-summary judgment motions without explanation.  *Id*. at 1.  This motion respectfully requests that its order be unsealed as well for the reasons set forth herein.

[4]    ECF No. 696.

[5]    ECF No. 763.

[6]    ECF No. 793.

[7]    Partial count based on Westlaw information for *Rivera v. NIBCO, Inc*., 204 F.R.D. 647 (E.D. Cal. 2001); *Rivera v. NIBCO, Inc*., 364 F.3d 1057 (9th Cir. 2004), *Rivera v. NIBCO, Inc*., No, CIV-

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

2

established influential legal precedent concerning the permissibility of discovery into a Title VII plaintiff's immigration status, has been excerpted or discussed in several casebooks.[9] The *Rivera* litigation is being used as a case study in civil procedure courses at California law schools.[10]

**ARGUMENT**

Local Rule 141(f) provides that "[u]pon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." (citations omitted).

For the reasons set out below, and consistent with the applicable law, this Court should direct the Clerk to unseal the following documents that were filed in connection with the cross-motions for summary judgment in this case:  1) the parties' opening, opposition and reply briefs; 2) selected filings related to the parties' separate statements of undisputed facts[11]; and 3) the Court's July 12, 2007 order on the cross-motions.[12]

---

F-99-6443 AWISMS, 2006 WL 845925 (E.D. Cal. March 31, 2006); *Rivera v. NIBCO*, 701 F.Supp.2d 1135 (E.D. Cal. 2010), and *Rivera v. Nibco, Inc.*, 372 Fed.Appx. 757 (9th Cir. 2010), current as of January 16, 2024.

[8]   *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004).

[9]   *See, e.g.*, R. Brooks, G. Carrasco & M. Selmi, THE LAW OF DISCRIMINATION: CASES AND PERSPECTIVES, Carolina Academic Press (1st ed. 2011); J. Friedman, THE LAW OF EMPLOYMENT DISCRIMINATION: CASES AND MATERIALS, West Academic (13th ed. 2020); B. Babcock, T. Massaro, N. Spaulding & M. Gilles, CIVIL PROCEDURE: CASES AND PROBLEMS, Aspen Casebook Series (7th ed. 2021).

[10]   *See* the declarations of Professors Shirin Sinnar ("Sinnar Decl.") and Stephen Lee ("Lee Decl."), filed herewith.

[11]   Specifically, the plaintiffs' separate statement in support of their motion for summary judgment; the plaintiffs' response to defendant's separate statement in opposition to plaintiffs' motion; and plaintiffs' objections to defendant's evidence in support of its motion and in opposition to plaintiffs' motion.

[12]   The Court's order disposing of the cross-motions is at ECF No. 436.  The ECF numbers of the other documents sought to be unsealed cannot be discerned from the ECF docket.

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.   A Robust Presumption Favors Public Access to Court Records.

The public enjoys a common law right of access to records in civil proceedings. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978) ("The common law right of access is 'a general right to inspect and copy public records and documents, including judicial records and documents.'").  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *U.S. v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008).

The robust presumption favoring public access "may be overcome only 'on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.'" *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citation omitted); *see also U.S. v. Morales*, No. 2:16-cr-00241-KJM, 2023 WL 6796467, at *1 (E.D. Cal. Oct. 13, 2023) (following *Hagestad*).  A party seeking to keep documents sealed must, at a minimum, make a "particularized showing of good cause with respect to any individual document" as to why it should remain sealed despite the strong presumption of access. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir. 1999); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11 CV-01846, 2013 WL 412864, at *1 (N.D. Cal. Feb. 1, 2013) (requiring a "particularized showing that harm will result" if the information is not sealed, and noting that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice), citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Conclusory allegations that unsealing "will injure [a business] in the industry and local community"[13], or expose a party to reputational harm[14], are

---

[13]   *Joy v. North*, 692 F.2d 880, 893-94 (2d Cir. 1982).

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

4

thus wholly inadequate to overcome the presumption of public access.

Importantly, where, as here, it is dispositive motion filings that are sought to be unsealed, a heightened "compelling reasons" standard—significantly more demanding than the "good cause" standard for keeping documents sealed in general—applies.[15]  This is because dispositive motions "adjudicate[] substantive rights and serve[] as a substitute for trial." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-37 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1179-80 ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'") (citations omitted).  Accordingly, in such cases, a party seeking to overcome the presumption of public access must additionally articulate "*compelling reasons supported by specific factual findings* that outweigh the general history of access and the public policies favoring disclosure" (emphasis added) (citations omitted).  *Id*.  "Compelling reasons" generally exist only when

> "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79, 1182 (rejecting city's "conclusory [and] stereotypical" assertions that unsealing police department records included in dispositive motion filings would hinder the department's

---

[14]    *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179, 1181 (6th Cir. 1983); *U.S. v. Kott*, 136 Fed. Appx. 69, 71 (9th Cir. 2005) (affirming unsealing of search warrant materials notwithstanding "reputational and privacy concerns" asserted by opponent of unsealing).

[15]    *Kamakana*, 447 F.3d at 1180 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.") (citations omitted).

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

5

future operations, cast its officers in a false light, and/or endanger informants' lives) (citations omitted).[16]  Plainly, such reasons are absent here.

Consequently, Rule 26(c)'s protections against simple "annoyance, embarrassment, [or] oppression" do not apply here.   *Nygren v. Hewlett-Packard Co.*, No. C07-05793 JW (HRL), 2010 WL 2107434, at *2 (N.D. Cal. May 25, 2010).   Instead, "[u]nder the 'compelling reasons' standard, the Court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ely v. Bd. of Trustees of Pace Indus. Union-Mgmt. Pension Fund*, No. 3:18-CV-00315-CWD, 2020 WL 6876197, at *3 (D. Idaho Nov. 23, 2020), citing *Pintos v. Pacific Creditors Assn*, 605 F.3d 665, 679 (9th Cir. 2010); *see also Nygren* at *2 ("When the 'compelling reasons' standard applies, the party is 'required to present articulable facts identifying the interests favoring continued secrecy ... *and* to show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process.'") (citing *Kamakana*, 447 F.3d at 1181).

Finally, and crucially, it is not "[t]he judge [who must] document compelling reasons to unseal [a court record]; rather the proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182.  Indeed, when it *unseals* records, the court is "simply effectuating the presumption of public access," and the same specificity is not required of it.  *Id*.  The district court's order is reviewed for abuse of discretion.  *Pintos*, 605 F.3d at 679 (citing *Foltz*).

## II.    There Are No "Compelling Reasons" to Keep the Summary Judgment Filings Under Seal.

Here, the parties stipulated to sealing their cross-motions for summary judgment,[17] and the

---

[16]    Nor do the filings sought to be unsealed here fall into the category of materials that "traditionally [have] been kept secret for important policy reasons", such as grand jury transcripts or warrant materials. *Pintos v. Pacific Creditors Assn*., 605 F.3d 665, 677 n.4 (9th Cir. 2010) (citing *Kamakana*).

[17]    To the best of the movant's recollection, the parties stipulated to the global filing under seal

Court made no findings as to the reasons for their sealing, let alone any that were "compelling."[18] The relevant stipulated orders only identified the filings the parties wished sealed, and stated generally that information contained therein was, variously, "confidential," "financial," "proprietary," "sensitive," or merely "personal."  Neither party provided facts or argument for the Court to consider in ruling on their sealing requests, and the Court's summary stipulated orders contained only customary "good cause appearing" language.[19]  Consequently, there is nothing in the record to support any imaginable claim that unstated "compelling reasons" relating to any specific document might overcome the powerful presumption in favor of judicial transparency.

Moreover, even assuming for the sake of argument that some unstated "compelling reasons" might hypothetically have supported sealing the summary judgment motion papers in 2005, it can hardly be asserted any such reasons would apply today.  Nibco no longer owns or operates the Fresno facility.  And because over a quarter of a century has gone by since the events at issue in this case took place, any argument (however implausible) that it would be harmed by unsealing any

---

of all summary judgment motion papers as less administratively cumbersome than identifying, and potentially addressing, each individual supporting document that one side or the other believed should be sealed.  The undersigned does not recall any particular documents that were discussed as being of concern.  Declaration of Christopher Ho In Support of Motion to Unseal Certain Filings, etc. ("Ho Decl."), filed herewith, ¶ 4.

[18]    *Cf. San Jose Mercury News,* 187 F.3d at 1103 (noting that "[blanket stipulated protective orders] are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document.") (citations omitted); *Foltz*, 331 F.3d at 1138 (citing *San Jose Mercury News* and observing that "[b]ecause State Farm obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever.").

[19]    ECF Nos. 284 at 5, 328 at 4, 369 at 4.  *See Kamakana v. City and County of Honolulu*, No. 00-CV-729, 2002 WL 32255355, *3 (D. Haw. Nov. 23, 2002) ("Here, because the parties stipulated to the protective order, it is clear that a 'good cause' showing under Rule 26(c) was never made to this Court", notwithstanding "boilerplate references to good cause in the order") (citing *San Jose Mercury News*, 187 F.3d at 1103, regarding need for particularized showing of good cause as to individual documents).

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

business documents from the period at issue in this case would be impossible to prove, let alone with the required particularity.  *See Dawson v. Merck & Co., Inc.,* 1:12-CV-1876 (BMC)(PK), 2021 WL 242148, at 8* (E.D.N.Y. Jan. 24, 2021) ("Stale business records cannot support the necessary finding of harm and therefore 'cannot overcome the public's strong interest in disclosure'").  *See also Perez v. Lantern Light Corp*., Case No. C12-1406RSM, 2017 WL 2172012, at 3*-5* (W.D. Wash. May 17, 2017) (rejecting claims by satellite television provider that unsealing of business data would place it at a competitive disadvantage, since the data was 3-8 years old); *Alcon Vision, LLC v. Lens.com*, 18-CV-0407 (NG), 2020 WL 3791865, at 8* (E.D.N.Y. July 7, 2020) (rejecting arguments that unsealing four-year old business documents sealed would reveal "business strategies and other competitive business information"); *Larry Pitt & Assocs. v. Lundy Law, LLP*, 346 F.Supp.3d 761, 767-68 (E.D. Pa. 2018) (noting that "[t]he purported need for protection is substantially diminished where the passage of time has made such documents stale," and unsealing information that was 2-3 years old).  *Cf. Zavala v. Wal-Mart Corp.,* Civil Action No. 03-5309 (JAG), 2007 WL 2688934, at *9 (D.N.J. Sept. 12, 2007) (denying motion to seal where materials were over three years old and relate to "a commercial practice which Wal-Mart has since abandoned.").

In addition, a review of the filings sought to be unsealed was conducted in anticipation of this motion.  None, in the opinion of the undersigned, contains material that should remain sealed under the foregoing authorities.  Nor do those filings include any matters requiring redaction pursuant to Fed.R.Civ.P. 5.2(a).  Ho Decl., ¶ 6.

To summarize, there are no "compelling reasons," let alone the requisite "specific factual findings" and "articulable facts" to support them, to overcome the powerful presumption in favor of making the designated filings accessible to the public.

### III.    This Request Is Carefully Tailored and Will Minimize Any Administrative Burden to the Court.

As noted, the request before the Court is not that each and every one of the approximately 83

ECF filings associated with the parties' summary judgment motions be unsealed. Rather, this motion requests only that the following documents be unsealed: 1) the parties' substantive briefs; 2) selected, illustrative evidentiary filings[20]; and 3) the Court's order disposing of the motions.

This is for three main reasons. First, these documents well serve to illuminate the judicial process of "adjudicat[ing] substantive rights," *Foltz*, 331 F.3d at 1135, by focusing on the parties' merits arguments, their marshalling of dueling evidence to support those arguments, and the Court's analysis and disposition of those arguments under the summary judgment standard. For those reasons, unsealing the selected filings will directly serve the public's interest in judicial transparency. Second, the limited scope of the requested unsealing will minimize the administrative burden upon the Court by obviating the potential need to redact information contained in other of the summary judgment filings, notably including individuals' home addresses, telephone numbers or Social Security numbers.[21] Third, as explained in the declarations of Professors Shirin Sinnar and Stephen Lee, filed herewith, those filings will have particular pedagogical value in the teaching of civil procedure.[22]

In anticipation of any administrative complexities that may arise, the proposed order directs the undersigned counsel to provide such assistance, if any, as the Clerk may require to identify the specific ECF events that correspond to the filings sought to be unsealed, and also to confirm that no matters are inappropriately unsealed. *See* Ho Decl., ¶¶ 6-10.

**CONCLUSION**

For the foregoing reasons, the Court should unseal the above-identified summary judgment filings in this action. A proposed order is lodged herewith.

---

[20] *See* supra n.11.

[21] *See, e.g., Kamakana*, 447 F.3d at 1182 (noting magistrate judge found personal information of various law enforcement officers, including their home addresses and Social Security numbers, met the "compelling reason" standard). Upon review by the undersigned counsel, none of the specific filings sought to be unsealed contain similar information requiring redaction. Ho Decl., ¶ 5.

[22] Sinnar Decl., ¶¶ 6-7; Lee Decl., ¶¶ 5-6.

NOTICE OF MOTION AND ADMINISTRATIVE MOTION OF CHRISTOPHER HO TO UNSEAL CERTAIN FILINGS AND ORDER RELATING TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Dated:  January 29, 2024                    Respectfully submitted,

                                            Christopher Ho
                                            LEGAL AID AT WORK


                                            By: /s/ Christopher Ho
                                            Christopher Ho