UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIVERA, et al.,, <br><br> Plaintiff, <br><br> v. <br><br> NIBCO INC, et al.,, <br><br> Defendant. | Case No. 1:99-cv-06443-JLT-HBK <br><br> ORDER GRANTING IN PART MOTION TO UNSEAL <br><br> (Doc. No. 794) |

On January 29, 2024, Christopher Ho, former counsel for Plaintiffs in this Title VII and Fair Employment and Housing Act ("FEHA") action ("Mr. Ho" or "Movant") filed a Motion to Unseal Records. (Doc. No. 794). Defendant Nibco filed a Response, seeking extensive redactions to the documents in question. (Doc. No. 802). Movant filed a Reply challenging the proposed redactions. (Doc. No. 807). The Court then directed Defendant to file a sur-reply, in which Nibco submitted a more limited set of proposed redactions. (Doc. Nos. 808, 809). On May 16, 2024, the Court heard oral argument on the Motion, and Defendant withdrew certain additional proposed redactions. (Doc. No. 811). For reasons set forth below, the Court grants in large part the Motion.

**BACKGROUND**

This Title VII and FEHA case was filed on October 1, 1999. Before the parties filed cross-motions for summary judgment in 2005, they stipulated that all materials associated with

1   those motions be filed under seal, and this Court issued a series of orders sealing certain records
2   filed in each of the three rounds of briefing. (Doc. Nos. 284, 328, 369). Eighteen months after
3   the motions were argued, this Court denied plaintiffs' summary judgment motion, and granted in
4   part and denied in part defendant's summary judgment motion. (Doc. No. 436). The case was
5   subsequently tried to a jury, which returned a defense verdict on November 26, 2008. (Doc. No.
6   696). After the Ninth Circuit reversed and remanded for a new trial, (Doc. No. 763), the matter
7   was settled, and the Court entered a stipulated dismissal with prejudice on December 7, 2011.
8   (Doc. No. 793).

9   Movant now seeks to unseal certain records pertaining to the dispositive motions in this
10  case under Local Rule 141(f). Specifically, Movant requests to unseal: 1) the parties' opening,
11  opposition and reply briefs; 2) selected filings related to the parties' separate statement of
12  undisputed facts; and 3) the Court's July 12, 2007 order on the cross-motions. (Doc. No. 794 at
13  4). Movant seeks to do so based on the presumption of public access, the lack of compelling
14  reasons for maintaining the documents under seal, and the limited scope of their request. (*Id*. at
15  5-9). Further, Movant points to the case's significant pedagogical and precedential value, for
16  which it has already been cited or discussed in more than 600 cases, more than 150 law review
17  articles, and numerous treatises and practice guides. (Doc. No. 794 at 3).

18  Movant attaches the declarations of two law professors who have used *Rivera v. Nibco* in
19  law school courses to illustrate procedural doctrines, pleading standards, the "different roles that
20  judges can play in managing disputes, including magistrate judges, district court judges, and
21  appellate judges," and to "illustrate the full sequence of a case in federal court." (Doc. No. 794-2
22  at 2 ¶ 4); (Doc. No. 794-3 at 2 ¶¶ 4-5). Both professors use the summary judgment briefing in
23  this case to illustrate "how parties claim that the standard for summary judgment is or is not
24  satisfied, how they marshal facts from the extensive discovery conducted in a case to support
25  their differing contentions, and how courts decide whether or not to grant such motions." (Doc.
26  No. 794-2 at 2-3 ¶ 6); (Doc. No. 794-3 at 3 ¶ 7).

27  ////
28  ////

# DISCUSSION

## A. Legal Standard

Under Local Rule 141, "[u]pon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." L.R. 141(e)(2)(iii) (E.D. Cal. 2023). There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id*. at 1178-79.

The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (Amodeo II), 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What

constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Oliner v. Kontrabecki*, 745 F.3d 1024, 2014 WL 1088254, at *1 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (amended opinion)). However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Id*. (citing *Pintos*, 605 F.3d at 678). Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Here, Nibco seeks redactions under the broad heading of either (1) Personnel Information, (2) Confidential Business Information, or (3) Confidential Information. (*See generally* Doc. No. 809). The Court discusses the relevant legal standards for each category below.

   1. Personnel Information

While courts routinely seal or redact personally identifiable information such as the names of third parties, phone numbers, home addresses, medical history, and social security numbers, the same protection is not automatically afforded to less sensitive information such as performance reviews, absent a compelling reason. See *Foltz,* 331 F.3d at 1137 ("[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties . . ."); s*ee also Kamakana*, 447 F.3d at 1182 (redacting social security numbers and home addresses); *United States v. DVH Hosp. All., LLC* (D. Nev. May 26, 2023) (redacting private medical information). "While employees may have a privacy interest in their personnel records" the suggestion that an individual's "career 'could' be harmed 'depending on the contents of the performance evaluations is not sufficient to show that any such harm rises above the speculative level." *DVH Hospital Alliance, LLC*, 2023 WL at *2

(D. Nev. May 26, 2023); *but see TriQuint Semiconductor, Inc. v. Avago Techs. Ltd*., 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011) (granting redaction of "a relatively small, specific portion of [the] personnel files of . . . third parties who have not chosen to have their personnel records placed in the public record."). Moreover, while "[f]ederal courts have recognized [a] privacy interest in [employees'] personnel files . . . a generalized assertion of a privacy interest is not sufficient to warrant barring disclosure of a judicial record." *Pryor v. City of Clearlake*, 2012 WL 2711032 (N.D. Cal. 2012) (citing *Kamakana*, 447 F.3d at 1184).

### 2. Confidential Business Information

Courts within the Ninth Circuit commonly grant sealing requests to protect confidential business information. *See, e.g., In re Electronic Arts*, 298 Fed.Appx.568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (finding compelling reasons to seal information about a party's sales strategies); *Barnes v. Hershey Co*., 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (finding compelling reasons to seal information about "business strategy and trade secrets, including internal operations information, account assignments and divisions, financial information regarding specific clients, and [the defendant's] organization structure and sales strategies"). However, "stale information that is too old to be presently confidential" does not meet the compelling reasons standard. *In re Qualcomm Litig*., 2019 WL 1598928, at *3 (S.D. Cal. Apr. 15, 2019).

### 3. Confidential Information

Defendant's briefing refers to a third category, "confidential information," citing for support to cases concerning personnel information, financial information, and confidential business information. (*See, e.g*. Doc. No. 809 at 15). Thus, Nibco appears to use "confidential information" as a catch-all category including various types of material typically deemed eligible for sealing under a protective order.

**B. Analysis**

Here, Movant seeks to unseal briefing related to cross-motions for summary judgment and a court order ruling on those cross-motions. As a general matter, Nibco's Surreply Brief,

1  containing its updated proposed redactions, does not set forth a showing of particularized harm to

2  support any of the redactions. Rather, it cites cases that purport to support the redaction of the

3  applicable category of information generally. (*See generally id*.). The Court addresses each

4  document at issue and Nibco's requested redactions in seriatim.[1]

### 1. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment[2]

Page 25, chart, Lines 5-16[3]: Nibco seeks to redact a chart that contains the names and shift information of Nibco employees, including both Plaintiffs and third parties not involved in this action. At the May 16, 2024 hearing, Nibco appeared to agree that the names and information pertaining to the Plaintiffs in this action should not be redacted but requested that the names of non-parties be redacted. The Court agrees. Because the names of third parties are typically redacted from court documents to protect their privacy interests, the Court will likewise order the name of non-parties redacted but otherwise unseal.

Page 27, Lines 19-24: Nibco seeks to redact the names of non-parties discussed in an anecdote regarding language-based conflict among employees. For the same reasons as stated above, the Court agrees and will order the redaction of the names of non-parties and otherwise unseal.

Page 38, Lines 16-18: Nibco seeks to redact performance evaluation information regarding Plaintiff Chhom Chan, including comments on her literacy. Nibco does not set forth any particularized showing of harm, nor explain how the record in question could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. As noted above, while "[f]ederal courts have recognized [a] privacy interest in [employees'] personnel files . . . a generalized assertion of a privacy interest is not sufficient to warrant barring disclosure of a judicial record." *Pryor v. City of Clearlake*, 2012 WL 2711032 (N.D. Cal. 2012) (citing *Kamakana*, 447 F.3d at 1184). Here, the Court finds

---

[1] During the May 16, 2024 hearing on the Motion, Nibco withdrew certain requested redactions, which the Court does not enumerate here.

[2] The Document Number (ECF number) for this document is not known currently.

[3] The Court references the page numbers in the CM/ECF headers rather than those in the document.

Nibco has not shown compelling reasons to bar Plaintiff Chan's performance evaluation and therefore denies Nibco's request.

<u>Page 47, Line 16 to Page 51, Line 12</u>: Nibco seeks to redact job descriptions of roles at its Fresno plant, which were last updated in 1998. According to information subsequently submitted by Movant, some of the job descriptions were for roles held by Plaintiffs, and others were not. At the May 15, 2024 hearing, Nibco asserted the information was confidential, but could not explain how job descriptions from 1998 concerning a plant no longer owned by Nibco[4] could be deemed confidential. While information concerning internal operations may be considered confidential business information, *Barnes*, 2015 WL 1814293, at *2, as noted above, "stale information that is too old to be presently confidential" does not meet the compelling reasons standard. *In re Qualcomm Litig.*, 2019 WL 1598928 at *3. Given that the information cited is 26 years old and appears to be long outdated, the Court finds there is no compelling reason to redact the cited information.

<u>Page 52, FN 23</u>: This footnote states that "some . . . associates," including Plaintiffs, took advantage of a Nibco program providing free English as a Second Language classes. No individuals are named. The Court finds there is no compelling reason to redact this information, which cannot plausibly be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

<u>Page 54, Lines 5-19, and Page 55, Lines 2-13</u>: The cited passage lists the names of Nibco employees who were laid off in two rounds and mentions the performance of a Plaintiff and non-Plaintiff on Nibco's Z-test. The Court agrees that the names of non-parties should be redacted but the passage should otherwise be unsealed.

<u>Page 73-74, FNs 34-35</u>: Education level information for Plaintiffs and non-Plaintiffs. The Court finds compelling reasons to order the redaction of the names only of the non-Plaintiffs, but their education levels may remain.

<u>Page 91, FN 41</u>: Personnel information concerning the literacy of one Plaintiff, same as

---

[4] *See* Doc. No. 794 at 2 (noting that Nibco "no longer owns the micro-irrigation plant in Fresno where the matters at issue in this case arose.")

7

that cited on Page 38. The Court finds no compelling reason to redact.

### 2. Plaintiffs' Memorandum of Points and Authorities in Support of their Motion for Summary Judgment (Doc. Nos. 304-1, 304-2)

**Doc. No. 304-1**

<u>Page 15, FN 5</u>: Nibco requests to redact the name of a customer involved in a defective product incident. Although the incident occurred more than 25 years ago, in an abundance of caution the Court finds compelling reasons to do so as the name of the company in question "is irrelevant but if publicly released could be damaging to reputation and privacy." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). Thus, the name of the customer will be ordered redacted.

**Doc. No. 304-2**

<u>Page 10, FN 22</u>: Same as above.

### 3. Separate Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 315)

<u>UF 17, Page 8</u>: This fact again references the defective product issue cited in Doc. No. 304. For the same reason cited above, the Court will order redaction of the name of the customer but otherwise unseal the document.

### 4. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 337)

<u>Page 58, FN 60</u>: This footnote cites the same product quality incident mentioned in Doc. Nos. 304 and 315. For the same reason cited above, the Court will order redaction of the name of the customer but otherwise unseal.

### 5. Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. Nos. 349, 349-1, 349-3)

**Doc. No. 349**

<u>Page 27, Lines 1-15</u>: Same chart as on Page 8 of Plaintiff's Memorandum of Points and Authorities in Support of its MSJ. For the same reasons discussed above, the Court will order redaction of the names of non-Plaintiffs but otherwise unseal.

1    <u>Page 29, Lines 12-17</u>: Same discussion as on Page 10 of Plaintiff's Memorandum of
2    Points and Authorities in Support of its MSJ. For the same reasons as stated above, the Court will
3    order redaction of the names of non-parties and otherwise unseal.

**Doc. No. 349-1**

5    <u>Page 8, Lines 5-11</u>: Same discussion of Plaintiff's Chhom Chan's literacy as in Plaintiff's
6    Memorandum of Points and Authorities in Support of its MSJ. For the same reasons as stated
7    above, the Court does not find compelling reasons to redact.

8    <u>Page 8, FN 17</u>: Name and financial information of a company bought by Nibco, including
9    its losses prior to being acquired by Nibco. The Court finds the name and financial losses of the
10   company are "irrelevant but if publicly released could be damaging to [its] reputation and
11   privacy," *Seattle Times Co.*, 467 U.S. 35, and therefore will order this information to be redacted.

12   <u>Page 17, Line 12 to Page 21, Line 28</u>: Largely the same discussion of job descriptions as
13   in the Memorandum of Points and Authorities in Support of Defendant's MSJ. For reasons stated
14   above, the Court will deny the proposed redactions, however the Court will order redaction of the
15   name of the non-party company discussed on line 9 of Page 21.

16   <u>Page 26, Line 16 to Page 27, Line 26</u>: Same information concerning layoff of various
17   Nibco employees as discussed in the Memorandum of Points and Authorities in Support of
18   Defendant's Motion for Summary Judgment. For reasons discussed above, the names of non-
19   parties should be redacted but the passage should otherwise be unsealed.

20   <u>Page 28, Lines 10-11</u>: Language proficiency, educational level, and date of layoff for one
21   Plaintiff. The Court finds no compelling reason to redact.

**Doc. No. 349-3**

23   <u>Pages 3-4, FN 53</u>: Same education level information for Plaintiffs and non-Plaintiffs as in
24   the Memorandum of Points and Authorities in Support of Defendant's MSJ. For the reasons
25   discussed above, the Court finds compelling reasons to order redaction of the names of non-
26   Plaintiffs only.

27   ////
     ////
28

9

**6. Corrected Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment** (Doc. No. 392)

<u>Page 16, FN 23</u>: Similar information as discussed on Page 8 of Doc. No. 349-1.  For reasons discussed above, the Court will order redaction of the name of the company and its financial information but otherwise unseal.

**7. Plaintiff's Response to Defendant's Response to Separate Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 394)**

<u>Undisputed Fact (UF) 1, Page 3</u>: This fact provides personnel information concerning the dates of hire and termination of two Plaintiffs.  While "[f]ederal courts have recognized [a] privacy interest in [employees'] personnel files . . . a generalized assertion of a privacy interest is not sufficient to warrant barring disclosure of a judicial record." *Pryor v. City of Clearlake*, 2012 WL 2711032 (N.D. Cal. 2012).  Nibco has not made a particularized showing of harm as to this information, nor is it apparent in what way the information could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179, and therefore the Court denies the requested redaction.

<u>UF 3, Pages 3-4</u>: Education level of a single Plaintiff.  Nibco did not make a particularized showing of harm and the Court finds there is no compelling reason to grant the redaction.

<u>UF 15, Pages 10-15</u>: Discussion of performance evaluations of several Plaintiffs, including their English language proficiency.  Information is highly relevant to the issues in the case and Nibco made no showing of particularized harm from unsealing it.  The Court therefore denies the proposed redaction.

<u>UF 17, Page 16</u>: The Court will order redaction of the name of the company that experienced product defect issues, for reasons discussed above.

<u>UF 38, Pages 24-25</u>: Discussion of the Z test and two non-Parties.  The Court will order redaction of the names of the non-parties.

<u>UF 92, Page 394 at 72-73</u>:  The Court will order redaction of the name of the company that experienced product defect issues, for reasons discussed above.

**8. July 12, 2007 Court Order on Cross Motions for Summary Judgment**

(Doc. No. 436)

<u>Page 73, FN 58, Lines 23-28</u>: Nibco seeks to redact a 1998 job description for a manual assembly position in its Fresno plant. For reasons discussed above, the Court denies the proposed redaction because the allegedly confidential information is too old to retain confidentiality absent a showing of particularized harm.

## CONCLUSION

For the reasons stated above, the Court orders the unsealing of the documents filed in conjunction with the summary judgment motions previously decided by this Court. Specifically, the following documents shall be unsealed following necessary redactions:

1. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment;[5]
2. Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment (Doc. Nos. 304-1, 304-2);
3. Separate Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 315);
4. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 337);
5. Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. Nos. 349, 349-1, 349-3);
6. Corrected Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment (Doc. No. 392);
7. Plaintiff's Response to Defendant's Response to Separate Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 394); and
8. July 12, 2007 Court Order on Cross Motions for Summary Judgment (Doc. No. 436).

////

---

[5] Movant previously submitted the pleading without reference to the Doc. No. (ECF No.). The Court has not been able to determine the number for this document in the Court's CM/ECF system.

ACCORDINGLY, it is **ORDERED:**

1. Movant's Motion to Unseal Records (Doc. No. 794) is GRANTED subject to the redactions set forth herein and Movant's submission of redacted documents to the Court.
2. Movant shall perform the identified redactions and submit the redacted documents to the Court electronically within 30 days at caeddb_orders-hbk@caed.uscourts.gov.
3. Upon review of the redacted documents, the Court will order the Clerk of Court to file them to the public docket.

Dated:     July 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE